UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**IN RE: ZOFRAN (ONDANSETRON)**     )
**PRODUCTS LIABILITY LITIGATION,**  )   MDL No. 1:15-md-2657-FDS
                                    )
**This Document Relates To:**       )
                                    )
    **All Cases**                )
                                    )
_____)

# MDL Order No. 3
### November 18, 2015

## ORDER APPOINTING LEAD COUNSEL
## AND DESIGNATING RESPONSIBILITIES OF COUNSEL

This order is intended to create a leadership structure for plaintiffs' counsel in order to organize, simplify, and streamline the handling of these matters on behalf of all plaintiffs, consistent with the fair administration of justice.

**1.    Lead Counsel**

The Court hereby appoints the following three individuals as Lead Counsel:

Kimberly D. Barone Baden
Motley Rice LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
(843) 216-9265
kbarone@motleyrice.com

Elizabeth Graham
Grant & Eisenhofer P.A.
123 S. Justison Street, 7th Floor
Wilmington, DE 19801
(302) 622-7099
egraham@gelaw.com

Tobias Millrood
Pogust Braslow & Millrood LLC
8 Tower Bridge, Suite 940
161 Washington Street
Conshohocken, PA 19428
(610) 941-4204
tmillrood@pbmattorneys.com

The responsibilities of Lead Counsel are set forth in section 6 of this order.

2. **Liaison Counsel**

The Court hereby appoints the following individuals as Liaison Counsel:

Robert K. Jenner and Kimberly A. Dougherty
Janet, Jenner & Suggs, LLC
31 St. James Avenue, Suite 365
Boston, MA 02116
(617) 933-1265
RJenner@myadvocates.com
KDougherty@myadvocates.com

The responsibilities of Liaison Counsel are set forth in section 7 of this order.

3. **Plaintiffs' Steering Committee**

The Court will appoint individuals to the Plaintiffs' Steering Committee ("PSC") in a future order.

The responsibilities of the PSC are set forth in section 8 of this order.

4. **Changes in Membership**

These appointments are personal in nature, and may not be changed without court order.

5. **Designated Counsel**

The PSC may appoint other qualified counsel to perform legal services for the common benefit of plaintiffs ("Designated Counsel").

6. **Responsibilities of Lead Counsel**

Lead Counsel shall have the following responsibilities:

1. to chair the PSC, which shall be generally responsible for coordinating the activities of plaintiffs' counsel during pretrial proceedings;

2. to present, after consultation with the PSC and other counsel as may be appropriate, personally or by a designee, the position of the plaintiffs on any matter arising during pretrial proceedings;

3. to delegate specific tasks to other counsel to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically, including the creation of subject matter-specific or other working groups;

4. to prepare and distribute to the parties periodic status reports, as appropriate;

5. to prepare and to ensure the preparation by others of adequate and reasonable time and disbursement records where appropriate;

6. to coordinate and lead discussions with the Court, other plaintiffs' counsel, defense counsel, and non-parties to ensure that court orders are followed, schedules are met, discovery is conducted and provided consistent with the requirements of Fed. R. Civ. P. 26, unnecessary expenditures of time and funds are avoided, and any negotiations are reasonably efficient and productive;

7. to coordinate, with the assistance of the Liaison Counsel, with counsel in related state-court litigation, in order to avoid duplicative discovery, including minimizing the number of depositions taken of each witness, minimizing the number of lawyers who question witnesses at depositions,

and reducing duplicative questioning;

8. to maintain an up-to-date comprehensive service list of plaintiffs' counsel in this MDL proceeding and promptly advise the Court of any changes;

9. to receive and distribute to plaintiffs' counsel, as appropriate, orders, notices, and correspondence from the Court;

10. to maintain and make available to other plaintiffs' counsel, on reasonable notice and at reasonable times, a complete set of all pleadings and orders filed and/or served in this MDL proceeding;

11. to establish and maintain, in conjunction with the PSC and to the extent deemed desirable by the PSC, a physical or virtual depository of documents located within the Court's jurisdiction, or otherwise accessible to all plaintiffs' counsel; and

12. to participate in any class or group settlement discussions.

**7. Responsibilities of Liaison Counsel**

Liaison Counsel shall have the following responsibilities:

1. where practicable, to communicate with attorneys prosecuting related state-court actions in order to ascertain their status;

2. to provide information about related state-court proceedings to the Court and counsel;

3. to help coordinate discovery and litigation efforts between state and federal proceedings to avoid, where possible, duplicative or conflicting efforts;

4. to assist in providing access to participating state-court counsel to any

common-benefit document depository and common-benefit work-product, in accordance with the terms of any common-benefit orders entered by the Court; and

5. to assist lead counsel in coordinating the efforts of all counsel in all pending cases, whether part of this MDL proceeding or not.

**8. Responsibilities of PSC**

The PSC shall have the following responsibilities:

**A. Discovery**

1. to initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions subject to this order;

2. to develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs;

3. to cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas concerning any witnesses and documents needed to prepare for the trial of this litigation (similar requests, motions, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him or her in the preparation of the pretrial stages of his or her client's particular claims); and

4. to conduct all discovery, by members or their designees approved by Lead Counsel, in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs.

**B. Hearings and Meetings**

1. to call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court;

2. to initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matters concerning pretrial proceedings;

3. to examine witnesses and introduce evidence at hearings on behalf of plaintiffs; and

4. to speak for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

**C. Trial**

1. to coordinate the selection, management, and presentation of any common issue, "bellwether," and/or "test" case trials.

**D. Settlement and Miscellaneous**

1. to negotiate and propose settlement of cases on behalf of plaintiffs or plaintiff groups, including exploring and, where appropriate, pursuing all settlement options concerning any claim or portion of any case filed in this litigation;

2. to litigate any motions presented to the Court that involve matters within the responsibilities of the PSC;

3. to negotiate and enter into stipulations with defendants concerning this litigation, subject where appropriate to the objections of individual counsel

            and/or the approval of the Court;

4. to maintain adequate files of all discovery and pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available, under reasonable terms and conditions, for examination by all plaintiffs' counsel;

5. to perform any task necessary and proper for the PSC to accomplish its responsibilities, including organizing subcommittees or workgroups comprised of plaintiffs' attorneys not on the PSC and assigning them tasks consistent with the duties of the PSC; and

6. to perform such other functions as may be expressly authorized by further orders of this Court.

**9. Privileged Communications**

Because cooperation among counsel and the parties is essential for the orderly and expeditious resolution of the litigation, the communication, transmission, or dissemination of information among plaintiffs' counsel shall be subject to the joint attorney-client privilege and the protections afforded by the attorney work-product doctrine; provided, however, that the conditions necessary to create such a privilege or protection have been satisfied and the privilege or protection has not been waived.

**So Ordered.**

Dated: November 18, 2015

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge