UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
IN RE: ZOFRAN (ONDANSETRON)    )
PRODUCTS LIABILITY LITIGATION, )     MDL No. 1:15-md-2657-FDS
)
This Document Relates To:      )
)
    All Cases                  )
)

# MDL Order No. 6
## December 17, 2015

## ORDER CONCERNING DIRECT FILING OF CASES

**SAYLOR, J.**

    1.    In order to avoid delays associated with transfer to this Court of cases filed in or removed to other federal district courts, and to promote judicial efficiency, any plaintiff whose case would be subject to transfer to this MDL proceeding may file his or her case directly in the United States District Court for the District of Massachusetts in accordance with the procedures set forth in this order.

    2.    Any complaint filed directly in this MDL proceeding must (a) comport with the Federal Rules of Civil Procedure and any MDL Orders in this proceeding, (b) specifically allege the district court in which the plaintiff would have otherwise filed the case, absent this order, and (c) specifically allege the jurisdictional and venue basis for filing in that other court.  If any complaint fails to comply with this provision, the plaintiff will have 30 days after notification by any defendant to file an amended complaint to cure the defect.  Failure to file an amended complaint that complies with this provision may result in the dismissal of the complaint without prejudice.

3.  No defendant may challenge the venue of any action filed directly in this MDL proceeding pursuant to this order until pretrial proceedings have concluded.  The inclusion of any action in this MDL proceeding, whether such action was or will be filed originally or directly in this district, shall not constitute a determination by this Court that venue is proper in this District.

4.  Except as proved in this order, no direct filing shall operate to waive or otherwise limit any defendant's rights with respect to file motions to dismiss or to transfer based on improper venue, *forum non conveniens*, lack of personal jurisdiction, or the requirements of 28 U.S.C. § 1407(a) and *Lexecon, Inc. v. Milberg Weiss*, 523 U.S. 26 (1998).

5.  At the conclusion of pretrial proceedings, should the parties agree (1) that a case filed directly in this MDL proceeding should be transferred and (2) that the case should be transferred to a particular district, the parties will jointly advise the Court of the district to which the case should be transferred.  Absent agreement by the parties, this Court shall transfer direct-filed cases to the district court where the plaintiff would have otherwise filed absent this order, as specified in Paragraph 2.  For purposes of choice-of-law analysis, the specified district court shall be treated as if it were a transferor court.

6.  The fact that a case was filed directly in this MDL proceeding shall have no impact on the choice-of-law analysis and shall have no impact on the statute of limitations that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

7.  The filing of a complaint directly in this MDL proceeding pursuant to this order shall toll the running of any limitations period as if the complaint had been filed in another district court.

8. Counsel in any individual case filed directly in this MDL proceeding pursuant to this order must file an appearance in the master docket in order to ensure that the Court can maintain an accurate master list of counsel.

9. Counsel in any individual case filed directly in this MDL proceeding and who is duly admitted to practice before any United States District Court may appear in this matter without the filing and allowance of a motion to appear *pro hac vice*.

10. No parties in any individual case filed directly in this MDL proceeding shall be required to obtain local counsel in this District.

11. Any attorney who appears in this matter in accordance with this order shall be subject to the Local Rules of this Court, including its attorney disciplinary rules.

**So Ordered.**

Dated:  December 17, 2015

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge