UNITED STATES DISTRICT COURT<br>
DISTRICT OF MASSACHUSETTS

```
_____
                                      )
IN RE: ZOFRAN (ONDANSETRON)           )
PRODUCTS LIABILITY LITIGATION,        )    MDL No. 1:15-md-2657-FDS
                                      )
This Document Relates To:             )
                                      )
     All Cases                        )
_____)
```

<u>MDL Order No. 7</u><br>
December 17, 2015

<b>ORDER CONCERNING WAIVER OF FORMAL SERVICE OF PROCESS<br>
AS TO DEFENDANT GLAXOSMITHKLINE, LLC</b>

**SAYLOR, J.**

In an effort to simplify the procedure for serving process in this litigation, plaintiffs and defendant GlaxoSmithKline LLC ("GSK"), have agreed, and the Court hereby orders, as follows:

1. GSK will waive formal service of process of all summons and complaints filed in or transferred to this MDL in accordance with the procedures set forth in this order.

2. GSK specifically does not agree to waiver of formal service of process for any direct or indirect parent, subsidiary, or division of GSK.

3. For each case, counsel for a plaintiff may request a waiver of formal service of process from GSK after the filing of a complaint by e-mailing a file-stamped copy of the complaint and a request for waiver of service pursuant to Fed. R. Civ. P. 4 within 30 business days of the date of filing. Counsel for plaintiff shall send those materials to the following e-mail address: zofranwaivers@shb.com.

4.		Counsel for GSK shall return the signed waiver request to counsel for the requesting plaintiff within the time permitted by Fed. R. Civ. P. 4.

5.		Any plaintiff submitting a request for waiver shall not seek to hold GSK in default for failure to timely answer a complaint or to enter an appearance in a case in which service has been accomplished pursuant to the terms of this order without first giving GSK written notice of the alleged default and ten business days in which to cure any alleged defect.

6.		Except for good cause shown or by prior agreement by the parties, all responsive pleading obligations on behalf of any direct or indirect parent, subsidiary, or division of GSK shall be stayed pending further order of this Court.

7.		These procedures are for purposes of efficiency in serving process in this MDL proceeding only.  They do not constitute a waiver of defenses for lack of personal jurisdiction, improper venue, or any other defense a defendant may raise in its answer or by subsequent motion.

8.		The parties have agreed that by complying with the procedures set forth in this order, a plaintiff has fulfilled his or her obligations under Rule 4 of the Federal Rules of Civil Procedure.

**So Ordered.**

Dated:  December 17, 2015

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge