UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: ZOFRAN (ONDANSETRON) PRODUCTS LIABILITY LITIGATION, <br><br>This Document Relates To: <br><br>All Cases | ) <br> ) <br> )   MDL No. 1:15-md-2657-FDS <br> ) <br> ) <br> ) <br> ) <br> ) |

**MDL Order No. 8**
**December 17, 2015**

**ORDER APPOINTING PLAINTIFFS' STEERING COMMITTEE**

**SAYLOR, J.**

This order is intended to create a committee structure for plaintiffs' counsel in order to organize, simplify, and streamline the handling of this litigation on behalf of all plaintiffs, consistent with the fair administration of justice.  This order follows MDL Order No. 3, in which the Court appointed both Lead and Liaison Counsel.

1. **Plaintiffs' Steering Committee**

The Court hereby appoints the following individuals to the Plaintiffs' Steering Committee ("PSC"):

| | |
|---|---|
| Edward Blizzard, Esquire <br> Blizzard & Nabers <br> 440 Louisiana, #1710 <br> Houston, TX 77002 <br> Business Phone:  713-844-3750 <br> E-Mail:  eblizzard@blizzardlaw.com | Kate Jaycox, Esquire <br> Robins Kaplan, LLP <br> 2800 LaSalle Plaza <br> Minneapolis, MN 55402 <br> Business Phone:  612-349-8452 <br> E-Mail:  kjaycox@robinskaplan.com |
| Russell Budd, Esquire <br> Baron and Budd P.C. <br> 3102 Oak Lawn Avenue, Suite 1100 <br> Dallas, TX 75219 <br> Business Phone:  214-521-3605 <br> E-Mail:  rbudd@baronbudd.com | Walter Kelley, Esquire <br> Kelley Bernheim Dolinsky, LLC <br> Four Court Street <br> Plymouth, MA 02360 <br> Business Phone:  508-747-8854 <br> E-Mail:  walterkelley@duejustice.comm |

| | |
|---|---|
| Amy Eskin, Esquire<br>Levin Simes<br>44 Montgomery Street, Floor 32<br>San Francisco, CA 94104<br>Business Phone:  415-426-3000<br>E-Mail:  aeskin@levinsimes.com | James Klick, Esquire<br>Herman, Herman & Katz<br>820 O'Keefe Avenue<br>New Orleans, LA 70113<br>Phone: 504-581-4892<br>Email: jklick@hhklawfirm.comm |
| Wendy Fleishman, Esquire<br>Lieff, Cabraser, Heimann & Bernstein,LLP<br>780 Third Avenue, 48th Floor<br>New York, NY 10017<br>Business Phone:  212-355-9500<br>Fax:  212-355-9592<br>E-Mail:  wfleishman@lchb.comm | Arthur Murray, Esquire<br>Murray Law Firm<br>650 Poydras Street, Suite 2150<br>New Orleans, LA 70130<br>Business Phone: 504-525-8100<br>E-Mail: amurray@murray-lawfirm.comm |
| Jeffrey Gibson, Esquire<br>Cohen & Malad, LLP<br>One Indiana Square, Suite 1400<br>Indianapolis, IN 46204<br>Business Phone:  317-636-6481<br>E-Mail:  jgibson@cohenandmalad.com | Steven Rotman, Esquire<br>HAUSFELD<br>7 Stone Bridge Lane<br>Milton, MA 02186<br>Business Phone:  617-333-0426<br>E-Mail:  stevenrotman@comcast.nett |
| Melissa Hague, Esquire<br>Anapol Weiss<br>130 North 18th Street, Suite 1600<br>Philadelphia, PA 19103<br>Business Phone:  215-735-1130<br>E-Mail:  mhague@anapolweiss.comm | Christopher Schnieders, Esquire<br>Wagstaff & Cartmell<br>4740 Grand Avenue, Suite 300<br>Kansas City, MO 64112<br>Business Phone: 816-701-1145<br>E-Mail: cschnieders@wcllp.comm |
| Stephen Hunt Jr., Esquire<br>Cory Watson, P.C.<br>2131 Magnolia Avenue South<br>Birmingham, AL 35205<br>Business Phone: 205-271-7170<br>E-Mail: shunt@CoryWatson.comm | Anthony Tarricone, Esquire<br>Kreindler & Kreindler LLP<br>855 Boylston Street<br>Boston, MA 02116<br>Business Phone:  617-424-9100<br>E-Mail:  atarricone@kreindler.com |

**2.** **Changes in Membership**

These appointments are personal in nature, and may not be changed without Court order.

**3.** **Responsibilities of PSC**

The PSC shall have the following responsibilities:

A.  **Discovery**

   1. to initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions subject to this order;

   2. to develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs;

   3. to cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas concerning any witnesses and documents needed to prepare for the trial of this litigation (similar requests, motions, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him or her in the preparation of the pretrial stages of those particular claims supported by the PSC); and

   4. to conduct all discovery, by members or their designees approved by Lead Counsel, in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs.

B.  **Additional Duties**

   1. to fund this litigation for the benefit of all plaintiffs, voluntarily and without further order of this Court.  Should any PSC member fail to perform this duty timely, he or she agrees that he or she shall be dismissed from the PSC without further order of this Court.

   2. In addition to the aforementioned duties, the Court recognizes that the following PSC members have been designated by Lead Counsel as members of a *de facto* Executive Committee, responsible for assisting Lead Counsel in guiding the litigation:  attorneys Edward Blizzard,

Russell Budd, Wendy Fleishman, and Walter Kelley. This group of counsel will assist Lead and Liaison Counsel in making strategic and policy decisions and will help fund this litigation with a higher level of financial commitment and participate in a greater share of the workload, at the direction of Lead and Liaison Counsel and by order of the Court.

C. **Hearings and Meetings**

    1. to call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court;

    2. to initiate proposals, suggestions, schedules, and/or joint briefs, and any other appropriate matters concerning pretrial proceedings;

    3. to examine witnesses and introduce evidence at hearings on behalf of plaintiffs; and

    4. to speak for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

D. **Trial**

    1. to coordinate the selection, management, and presentation of any common issue, "bellwether" and/or "test case" trials.

E. **Settlement and Miscellaneous**

    1. to negotiate and propose settlement of cases on behalf of plaintiffs or plaintiff groups, including exploring and, where appropriate, pursuing settlement options concerning any claim or portion thereof of any case filed in this litigation;

2. to litigate any motions presented to the Court that involve matters within the sphere of the responsibilities of the PSC;

3. to negotiate and enter into stipulations with defendants concerning this litigation; provided, however, that all stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation, and that any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within five days after he/she knows or should have reasonably become aware of the stipulation, and that failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party;

4. to maintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available, under reasonable terms and conditions, for examination by all plaintiffs' counsel;

5. to perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders, including organizing subcommittees or workgroups comprised of plaintiffs' attorneys not on the PSC and assigning them tasks consistent with the duties of the PSC; and

6. to perform such other functions as may be expressly authorized by further orders of this Court.

**4.** **Privileged Communications**

Because cooperation among counsel and the parties is essential for the orderly and

expeditious resolution of the litigation, the communication, transmission, or dissemination of information among plaintiffs' counsel shall be subject to the joint attorney-client privilege and the protections afforded by the attorney work-product doctrine; provided, however, that the conditions necessary to create such a privilege or protection have been satisfied and the privilege or protection has not been waived.

**So Ordered.**

Dated:  December 17, 2015

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge