UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
IN RE:  ZOFRAN (ONDANSETRON)       )
PRODUCTS LIABILITY LITIGATION      )     MDL No. 1:15-md-2657-FDS
                                   )
This Document Relates to:          )
                                   )
THOMAS BROWN, et al., v.           )
GLAXOSMITHKLINE LLC,               )
1:16-cv-10215-FDS                  )
_____)

**MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO REMAND**

**SAYLOR, J.**

This case is one of many consolidated in a multi-district litigation proceeding arising out of claims that the use of the drug Zofran (ondansetron) by pregnant women caused birth defects. Plaintiffs Thomas Brown and Maria Del Carmen Espindola Gomez originally filed suit in Oregon state court against defendants GlaxoSmithKline, LLC ("GSK") and Providence Health System-Oregon d/b/a Providence Newberg Medical Center f/k/a Providence Newberg Hospital ("Providence") alleging that Espindola Gomez's use of Zofran during pregnancy caused congenital heart defects in her child. GSK removed the action to the United States District Court for the District of Oregon. Plaintiffs moved to remand the case for lack of subject-matter jurisdiction due to a lack of complete diversity of citizenship among the parties. The court stayed the case pending its transfer to this district by the Judicial Panel for Multidistrict Litigation for consolidation pursuant to 28 U.S.C. § 1407.

Plaintiffs have now renewed their motion to remand. GSK opposes remand on the ground that complete diversity exists based on the doctrine of fraudulent joinder. For the following reasons, plaintiffs' motion to remand will be granted.

I.  **Background**

Defendant GlaxoSmithKline, LLC manufactures the drug ondansetron under the brand name Zofran. Zofran was first approved in 1991 for the prevention of post-operative nausea and vomiting associated with anesthesia and for nausea and vomiting caused by radiotherapy and chemotherapy. In addition to those approved uses, GSK is alleged to have marketed Zofran "off-label" for pregnancy-related nausea and vomiting, commonly known as "morning sickness."

Plaintiffs in this multidistrict litigation allege that Zofran was in fact unsafe for use in pregnant women, and that *in utero* exposure to Zofran caused birth defects in children born to mothers who took the drug. This particular action involves the claims of two plaintiffs: Thomas Brown and Maria Del Carmen Espindola Gomez, who are the parents of M.B. Plaintiffs have sued both GSK, the manufacturer of Zofran, and Providence, a hospital located in Oregon that allegedly dispensed Zofran to Espindola Gomez.

Plaintiffs' original complaint was filed in state court in Oregon, removed to federal court, and then transferred to this MDL proceeding. Plaintiffs bring seven counts against defendants GSK and Providence arising out of congenital heart defects suffered by M.B. and allegedly caused by Espindola Gomez's use of name-brand Zofran during pregnancy.

II.  **Analysis**

By statute, federal district courts have original jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "This statutory grant requires *complete* diversity between the plaintiffs and defendants in an action." *Picciotto v. Continental Cas. Co.*, 512 F.3d 9, 17 (1st Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Halleran v. Hoffman*, 966 F.2d 45, 47 (1st Cir. 1992)).

Plaintiffs contend that the case should be remanded to state court because the presence of Oregon plaintiffs (both Brown and Espindola Gomez) and an Oregon defendant (Providence)

means that there is not complete diversity between the parties.  GSK contends that plaintiffs have fraudulently joined Providence in order to destroy complete diversity and defeat removal.

"[U]nder the doctrine of fraudulent joinder, removal is not defeated by the joinder of a non-diverse defendant where there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against the non-diverse defendant."  *Universal Truck & Equip. Co. v. Southworth-Milton, Inc.*, 765 F.3d 103, 108 (1st Cir. 2014).[1]

Count Three of the complaint asserts a claim for strict liability against Providence as a "seller" of the Zofran taken by Espindola Gomez.[2]  GSK contends that Providence has been fraudulently joined in the action because Oregon does not recognize a cause of action against healthcare providers for strict liability.

Under Oregon law,

> One who sells or leases any product in a defective condition unreasonably dangerous to the user or consumer or to the property of the user or consumer is subject to liability for physical harm or damage to property caused by that condition, if:
>
> > (a) The seller or lessor is engaged in the business of selling or leasing such a product; and
>
> > (b) The product is expected to and does reach the user or consumer without substantial change in the condition in which it is sold or leased.

Or. Rev. Stat. Ann. § 30.920(1).  The Oregon Supreme Court has not decided the issue of whether a healthcare provider such as a hospital may be held liable on a strict liability claim as a

---

[1] Fraudulent joinder may also be established by a showing "that there has been outright fraud committed in the plaintiff's pleadings."  *In re Fresenius Granuflo/Naturalyte Dialysate Products Liab. Litig.*, 111 F. Supp. 3d 79, 83 n.4 (D. Mass. 2015) (quoting *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001)).  GSK does not contend that plaintiffs have committed such a fraud here.

[2] Plaintiffs bring three claims against Providence:  (1) strict liability (Count Three); (2) negligent misrepresentation (Count Five); and (3) loss of consortium (Count Seven).

"seller" of a prescription drug. However, at least two federal courts in the District of Oregon have held that "a products liability claim against a healthcare provider . . . may, in fact, be viable under Oregon law." *See Ryles v. I-Flow Corp.*, 2011 WL 669124, at *2 (D. Or. Feb. 17, 2011) (quoting *Snyder v. Davol, Inc.*, 2008 WL 113902, at *1 (D. Or. Jan. 7, 2008) (citing *Docken v. Ciba–Geigy*, 86 Or. App. 277, 282, 739 P.2d 591 (1987))).

When faced with removal of an action on the basis of alleged fraudulent joinder, courts have an "obligation to 'resolv[e] . . . legal ambiguities in the controlling state law in favor of the non-removing party." *Rosbeck v. Corin Group, PLC*, 140 F. Supp. 3d 197, 203 (D. Mass. 2015) (quoting *Bruden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995)). Thus, in the absence of any controlling Oregon authority, the Court concludes that there is a reasonable possibility that the Oregon Supreme Court would recognize a strict liability claim against a healthcare provider that dispensed a pharmaceutical product.

In the alternative, GSK contends that, even assuming a strict liability action against Providence is viable under Oregon law, plaintiffs' factual allegations fall short of establishing that Providence is in the "business of selling" Zofran as required by Or. Rev. Stat. Ann. § 30.920(1)(a). The complaint alleges that Espindola Gomez was administered Zofran while being treated at Providence's emergency room, and that Providence sold Zofran to Espindola Gomez while she was pregnant with M.B. Compl. ¶¶ 27, 56. Under the circumstances, those allegations, although sparse, appear to be sufficient to meet the statutory standard.

### III. Conclusion

Because there is a reasonable possibility that the Oregon Supreme Court would find that the complaint states a cause of action upon which relief can be granted against Providence, plaintiffs' motion to remand is GRANTED.

**So Ordered.**

                                                    /s/ F. Dennis Saylor  
                                                    F. Dennis Saylor IV  
Dated:  June 16, 2016                       United States District Judge