# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **IN RE: ZOFRAN® (ONDANSETRON) PRODUCTS LIABILITY LITIGATION** | MDL No. 1:15-md-2657-FDS<br><br>This document relates to:<br><br>All Actions |

**[PLAINTIFFS' PROPOSED] MDL Order No. XX**
**(Initial Targeted Discovery Plan)**
**[Date]**

### I. INTRODUCTION

In an effort to expedite discovery and minimize discovery-related disputes, the Court hereby enters this Initial Discovery Plan. This plan is meant to serve as a guidepost for conducting pretrial discovery in MDL 2657, and may be supplemented or amended as discovery progresses.

### II. GENERAL MATTERS

#### A. Scope and Applicability

1. The following protocols in this Order shall apply to all cases in MDL 2657.

2. Scheduling of discovery and discovery in MDL 2657 shall be governed only by this and other orders entered in these MDL proceedings. This provision is not intended to affect prior orders entered in these MDL proceedings.

3. In the interests of efficiency and conservation of resources, the parties will endeavor to coordinate discovery with any related state court litigation to the extent possible and without superseding the supervision of discovery by any state court judge.

1

4. All discovery of Defendants shall be taken and served by Plaintiffs' Lead Counsel, as set forth in MDL Order No. 3, or their designee, on behalf of all Plaintiffs in the MDL. Until such time as this Court enters any individual case trial plan, an individual Plaintiff's counsel may suggest discovery to Plaintiffs' Lead Counsel, but may not conduct discovery independently.

### B. Protective Order

The protection of confidential documents and information and the inadvertent production of confidential and/or privilege information shall be subject to the terms of the Protective Order Governing Confidential and Privileged Materials (MDL Order No. 13).

### C. Privilege Logs

The protocol as it relates to privilege logs is pursuant to the terms of MDL Order No. 13, paragraph 12.  As supplement to the Privilege Log protocol, within thirty (30) days of completing any production, GSK shall produce a Privilege Log in the form and manner as described by MDL Order No. 13, paragraph 12. The parties are encouraged to bring privilege log disputes to the Court as often as practical to avoid large accumulations of multiple disputes.

## III. DISCOVERY

### A. Initial Disclosure Obligations

For all cases in the MDL, the parties are relieved from complying with the requirements of Fed. R. Civ. P. 26(a)(1).

### B. Discovery on Plaintiffs (by Defendants)

1. In accordance with CMO 10, each individual Plaintiff shall serve a Product Identification Fact Sheet within the time prescribed.

2

2. In accordance with CMO 11, a Plaintiff Fact Sheet (PFS) shall be utilized to obtain discovery from Plaintiffs in lieu of Interrogatories and Requests for Production under Fed. R. Civ. P. 33 and 34, respectively.

3. In accordance with CMO 11, for each PFS, Plaintiffs shall complete the appropriate authorizations.

4. Until such time as this Court enters any individual case discovery and/or trial plan, Defendants may not conduct discovery in an individual case.

5. For records collection, GSK has designated RecordTrak as its records collection vendor. If economically feasible, Plaintiffs are encouraged to also obtain records through RecordTrak to increase efficiency and reduce costs. Should the parties not agree on uniform records collection vendor, each party must provide separate copies of the medical and/or other records received to the opposing party.

   **C. Discovery on GSK (By Plaintiffs)**

      **1. 30(b)(6) Depositions of GSK Defendants**

         a. With the goal of narrowing the issues to identify targeted discovery needs, Plaintiffs are entitled to proceed with 30(b)(6) depositions of the GSK Defendants.

         b. Plaintiffs have already served deposition notices for a 30(b)(6) in the areas of Corporate Organization and Electronically Stored Information (ESI). Within forty-five (45) days of entry of this Order, GSK will tender a 30(b)(6) witness for each of these requested deposition topics.

         c. Plaintiffs are entitled to other 30(b)(6) witnesses relative to the claims in Plaintiffs' Master Brand and Plaintiffs' Master Generic

      Complaints. The parties shall meet and confer to address what other 30(b)(6) witnesses will help to narrow the issues.

   d. No fewer than five (5) business days before any noticed Rule 30(b)(6) deposition, GSK will produce the deponent's curriculum vita or resume, if one exists. In the event that the deponent does not have a curriculum vita or resume, GSK will produce the following: a) the deponent's name; b) the dates the deponent was employed by GSK; and c) the deponent's job title(s) and job description(s) while employed at GSK, or for the past ten (10) years, whichever is greater.

2. **Written Discovery on GSK Defendants**

   a. Within 30 days of the completion of the 30(b)(6) depositions on Corporate Organization and ESI, Plaintiffs shall serve initial Requests for Production of Documents and Interrogatories on GSK. Plaintiffs are encouraged to tailor the requests and interrogatories to achieve targeted discovery relative to the claims in Plaintiffs' Master Brand and Plaintiffs' Master Generic Complaints.

   b. Plaintiffs are permitted to serve additional requests following Defendants' substantial compliance with production in response to the initial discovery requests. The parties are expected to meet and confer in an effort to arrive at targeted discovery requests not contained within the initial Requests for Production of Documents. No limitations will be placed on written discovery

Case 1:15-md-02657-FDS   Document 285-1   Filed 06/24/16   Page 6 of 8

  unless and until there is some showing of abuse or that Plaintiffs' discovery efforts are unrelated to proving the claims in Plaintiffs' Master Brand and Plaintiffs' Master Generic Complaints.

 c. GSK Document Production. GSK shall produce documents responsive to Plaintiffs' document requests either by: 1) documents specifically responsive to each request; or 2) documents as kept in the ordinary course of business. If GSK produces Custodial Files and documents as responsive, the production of Custodial Files will include a collection of documents from all individual work spaces, personal computers, lap-tops, telephones and any other methods the custodians used to complete work related tasks, as further outlined by the parties' protocol Governing Production Format of Document and Electronically Stored Information.

 d. With the goal of narrowing the issues to identify target discovery needs, GSK will produce documents on a rolling basis, and will to the extent possible, begin production with those custodians who have the most significant involvement with Zofran and the claims in Plaintiffs' Master Brand and Plaintiffs' Master Generic Complaints.

 e. The Court directs GSK to estimate and report to Plaintiffs, the number of documents and/or pages responsive to Plaintiffs' initial Request for Production of Documents.

5

    f. Once document production begins, the parties are required to report to the Court at each status conference on the progress of discovery. GSK will report to the Court on the relevant number of documents to be produced and the progress in production. Plaintiffs will report to the Court on the progress of document review.

    g. Once the Court understands the pace of production, the Court will, in a future order, provide the estimated date for completion of rolling document production.

    h. For each custodial file produced, Counsel for GSK shall certify that the production is substantially complete.

    i. In accordance with CMO 12, a Defense Fact Sheet (DFS) shall be completed and served in each individual case.

**3. Deposition Discovery of GSK Witnesses**

    a. Within forty-five (45) days of receiving a complete Custodial File, Plaintiffs may take the deposition of the Custodian.

    b. The number of GSK employees noticed for deposition will be made in good faith.

    c. The Court will not set limits on the number of custodial witnesses to be noticed for deposition at this stage. This Initial Discovery Plan is without prejudice to the right of any party to petition the Court for expansion or limitation of the deposition of custodial witnesses.

**IV. FUTURE DISCOVERY/EXPERT ORDERS**

Plans and protocols which shall address parameters for case specific discovery of individual plaintiffs, case specific discovery of individual GSK sales representatives and directors, expert discovery, summary judgment motions, *Daubert* and trial dates will be the subject of future orders by this Court.

**So Ordered this \_\_\_ day of _____ 2016.**

_____
F. Dennis Saylor, IV
United States District Judge