UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ZOFRAN® (ONDANSETRON) PRODUCTS LIABILITY LITIGATION | MDL No. 1:15-md-2657-FDS<br><br>This document relates to:<br><br>*All cases* |

**PLAINTIFFS' RESPONSE TO GLAXOSMITHKLINE LLC'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

GSK directs the Court's attention to a non-precedential opinion which is factually dissimilar to the Zofran MDL. The most obvious distinction to be made between *Giglio v. Monsanto Company*, No. 15-cv-2279-BTM (WVG) (S.D. Cal. August 2, 2016), and Zofran is the subject matter: *Giglio* involves one man's injuries as a result of exposure to Roundup, an agricultural product regulated by the Environmental Protective Agency, invoking a regulatory framework and body of law which necessitate different proofs from that which are required in pharmaceutical mass torts.

Another significant difference is the lack of a negligent misrepresentation claim in *Giglio*. The court dismissed *Giglio* plaintiff's negligent misrepresentation claim on April 29, 2016, thereby precluding any need for that court to address the same integral question raised by Plaintiffs in our Opposition brief: how is efficiency served by a discovery proposal that deliberately circumvents the disclosure of materials necessary for Plaintiffs to prove their chief legal theory and obtain *all* the relevant scientific data? In the Zofran litigation, GSK's off-label promotion of the drug for unindicated populations ensures that significant scientific evidence

1

will not be found in the normal repositories; this is a scenario not at issue in the Roundup case because the product was being used for its intended purpose.

Finally, bifurcation is not unanimously accepted as the proper way to approach a Roundup case. A Missouri court handling another Roundup-induced non-Hodgkin's Lymphoma case rejected Monsanto's request for bifurcation on June 27, 2016. *See Kennedy v. Monsanto Company,* No. 16CM-CC00001 (Mo. Cir. June 27, 2016), attached hereto as "Exhibit 1" (similarly presented as Supplemental Notice by *Giglio* plaintiff).

Therefore, Plaintiffs renew their requests made via briefing and oral argument that the Court deny GSK's attempt at reverse bifurcation and instead enact a discovery plan that will permit the parties to take targeted discovery proportional to the claims at issue in this litigation.

Dated: August 5, 2016

Respectfully submitted,

/s/ Tobias L. Millrood
Tobias L. Millrood
POGUST, BRASLOW & MILLROOD LLC
8 Tower Bridge, Suite 1520
Conshohocken, PA 19428
610-941-4204
tmillrood@pbmattorneys.com

Kimberly D. Barone Baden
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
843-216-9265
kbarone@motleyrice.com

M. Elizabeth Graham
GRANT & EISENHOFER P.A.
123 Justison Street
Wilmington, DE  19801
302-662-7063
egraham@gelaw.com

Robert K. Jenner
Kimberly Dougherty (MA Bar No. 658014)
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
410-653-3200
rjenner@madvocates.com
kdougherty@myadvocates.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing Plaintiffs' Response to GlaxoSmithKline LLC's Notice of Supplemental Authority, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent via first class mail to those identified as non-registered participants.

             /s/ *Tobias L. Millrood*
             Tobias L. Millrood