# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: ZOFRAN (ONDANSETRON) PRODUCTS LIABILITY LITIGATION ) ) ) ) | ) MDL No. 1:15-md-2657-FDS ) ) HON. F. DENNIS SAYLOR, IV |
| THIS DOCUMENT RELATES TO: ALL CASES | ) ) ) ) ) |

## PLAINTIFFS' RESPONSE TO GSK'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION FOR SEQUENCED DISCOVERY

GSK offers "Supplemental Authority" (doc. no. 392) that weighs against its proposal to reverse bifurcate discovery and supports Plaintiffs' proposal allowing discovery concerning what GSK knew as it marketed its drug to pregnant women.  In furtherance of its argument to evade liability discovery and limit discovery exclusively to regulatory and science topics, GSK attaches an updated label produced by the new label holder for the drug, Novartis.[1]  Ironically, the 2016 Novartis Zofran label change represents the very first time that a Zofran label ever has disclosed that studies of Zofran in pregnancy have reported an increased association (indeed, a doubling of the risk) between Zofran exposure and cardiovascular birth defects, as well as cleft palate birth defects.[2]  GSK never disclosed this risk, and until now, neither did Novartis.

Tellingly, the 2016 Novartis Zofran label shows that, contrary to GSK's representations in this litigation to date, it was in fact possible for GSK (and Novartis) to provide additional

---

[1] Until March 23, 2015, GSK was the sponsor of Zofran and responsible for its testing, marketing, labeling and post-market pharmacovigilance.  Effective March 23, 2015, Novartis Pharmaceuticals became the NDA holder for Zofran after its parent, Novartis AG, acquired GSK's oncology business, including the rights to sell Zofran.  See Plaintiffs' Master Compl., Doc. 255, §§ 6-7.

[2] The 2016 Novartis label update follows a recent requirement that all pregnancy information in drugs be updated to replace the obsolete and unconstructive pregnancy "categorizations".

warning information on its prior label beyond that previously approved by the FDA.[3] Moreover, GSK's filing blatantly sidesteps the actual risk information in the 2016 Novartis label. Conspicuously absent from the GSK summary are the two facts identified in the label acknowledging that a doubling of the risk for cardiac septal defects and cleft palate defects was revealed in separate studies.

Thus, what the updated 2016 Novartis Zofran label really underscores is the need for liability discovery, not the refusal of it as GSK suggests. Plaintiffs need to discover what GSK knew and when it knew it. What kind of representations was GSK actually making to doctors and women while this risk information was knowable? What systemic efforts were being made within GSK to push Zofran to pregnant women, despite the fact that the FDA never approved its use for pregnant women? And, if the drug was so safe, why not seek FDA approval for its use for morning sickness and create a legitimate market for it? Nothing about the 2016 Novartis Zofran label changes its indication: Zofran has never been and still is not approved for use in pregnancy.

Plaintiffs are entitled to this discovery to prove their case. To be sure, the new 2016 Novartis Zofran label remains inadequate under state law, as Plaintiffs will prove. Similarly, Plaintiffs will show that GSK's mischaracterizations about the label do not represent the consensus of the scientific community. Indeed, a standard treatise, *A Reference Guide to Fetal and Neonatal Risk, Drugs In Pregnancy and Lactation*, now in its Tenth Edition, warns against Zofran use in the first trimester of pregnancy, *see* Exhibit 1. In Canada and Europe, GSK warns against use of Zofran in pregnancy. (Master Compl. Doc. No. 255, at p. 15, ¶ 52.) The facts

---

[3] The "changes being effected" (CBE) regulation provides that if a manufacturer is changing a label to "add or strengthen a contraindication, warning, precaution, or adverse reaction" or to "add or strengthen an instruction about dosage and administration that is intended to increase the safe use of the drug product," it may make the labeling change upon filing its supplemental application with the FDA; it need not wait for FDA approval. 21 C.F.R. §§ 314.70(c)(6)(iii)(A), (C), *see also id.* §§ 314.80, 314.81, 314.98 (2012).

surrounding GSK's decision not to warn Plaintiffs of risks based upon its subjective view of the science are clearly discoverable.

Further, the propriety of GSK's warnings, old and new, must be measured in light of a critical aspect of this case that GSK chooses to ignore: GSK undertook an illegal, false and misleading off-label scheme to market Zofran for experimental use in pregnant women in the United States. It never sought approval for the drug for use in pregnancy. That scheme, in turn, is directly relevant to the reasonableness or unreasonableness of GSK's efforts to test and evaluate Zofran's safety in pregnancy. Those efforts are directly relevant to the question of what did GSK know about the risks of Zofran use in pregnancy and when did it know. GSK's reverse bifurcation proposal is inappropriate precisely because these issues of duty, breach, cause and damages are all inextricably intertwined. *See*, *e.g.*, *Smith v. Pfizer Inc.*, 714 F. Supp. 2d 845, 854 (M.D. Tenn. 2010) ("[A] coordinated marketing campaign endorsing off-label use obviously bears on the foreseeability of off-label use"—it makes such use more likely. Second, the relevance of the evidence is not negated by the fact that the defendants concede that off-label use was, to some degree, foreseeable. Finally, as explained above, a marketing campaign is relevant to whether the defendants' efforts to test Neurontin's safety for off-label uses were reasonable.").

In short, the new label weighs against GSK's reverse bifurcation proposal. The GSK Notice is an improper effort to debate the merits of its warnings before any discovery of relevant information that is currently in its exclusive control. Plaintiffs look forward to discussing discovery status and their proposal at the October MDL status conference.

Dated: October 6, 2016                      Respectfully submitted,

*/s/ Robert K. Jenner*
Robert K. Jenner (MD, DC)
Kimberly Dougherty (MA Bar No. 658014)
JANET, JENNER & SUGGS, LLC
31 St. James Avenue, Suite 365
Boston, MA  02116
410-653-3200
rjenner@madvocates.com
kdougherty@myadvocates.com

Kimberly D. Barone Baden
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC  29464
843-216-9265
kbarone@motleyrice.com

M. Elizabeth Graham
GRANT & EISENHOFER P.A.
123 Justison Street
Wilmington, DE  19801
302-662-7063
egraham@gelaw.com

Tobias L. Millrood
POGUST, BRASLOW & MILLROOD LLC
8 Tower Bridge, Suite 1520
Conshohocken, PA  19428
610-941-4204
tmillrood@pbmattorneys.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Response to GSK's Notice of Supplemental Authority, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via first class mail to those identified as non-registered participants.

/s/ **Robert K. Jenner**
Robert K. Jenner