UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: ZOFRAN (ONDANSETRON) <br> PRODUCTS LIABILITY LITIGATION, <br><br> This Document Relates To: <br><br> All Cases | MDL No. 1:15-md-2657-FDS |

**MDL Order No. 19**
**November 10, 2016**

**ORDER CONCERNING PHASING OF DISCOVERY**

SAYLOR, J.

This order is intended to address the phasing of the discovery process in order to facilitate the reasonably efficient taking of discovery in this MDL proceeding. The order shall apply to all cases in this MDL proceeding, and may be revised or supplemented from time to time. This order is intended to be interpreted with such reasonable degree of flexibility and common sense as may be necessary to avoid undue inconvenience and expense.

1. **Phase 1 Discovery – Fact Sheets and Related Information.** The first phase of discovery shall consist of the production of Product Identification Fact Sheets, Plaintiff Fact Sheets, and Defendant Fact Sheets for GlaxoSmithKline LLC ("GSK"), and the related requests for production of documents and collection of records pursuant to authorizations and releases provided by plaintiffs, as required by MDL Orders 10, 11, and 12, dated May 26, 2016. The time requirements in those orders shall remain in full force and effect.

2. **Phase 2 Discovery – Electronically Stored Information; Corporate Organization; General Causation; and Federal Preemption.**

    a. *General Scope.* The second phase of discovery shall consist of (1) discovery directed to defendant as to the manner in which it stored and organized electronically stored information during the relevant time period; (2) discovery directed to defendant as to the organization of its relevant business units and personnel during the relevant time period; (3) discovery as to the question of whether, as a general matter, Zofran or ondansetron causes the specific types of birth defects and injuries alleged in these proceedings; and (4) discovery as to the potential federal preemption issues identified by the Court in its Memorandum and Order on Defendant's Motion to Dismiss All Claims on Preemption Grounds, MDL Order No. 9, dated January 22, 2016, at pages 4 to 6. The Court anticipates that Phase 2 discovery is likely to require expert as well as fact discovery.

    b. *Meet and Confer as to Disputes.* The parties are directed to meet and confer as to any disputes concerning the specific limitations of Phase 2 discovery, as well as any disputes concerning specific discovery requests. If necessary or appropriate, the parties may propose an order for the Court's consideration concerning any such issue.

    c. *Timing of Phase 2 Discovery.* Phase 2 discovery has begun and may continue until completed.

3. **Phase 3 Discovery – General Causation and Preemption Issues.**

    a. *General Scope.* The third phase of discovery shall consist of discovery

        concerning general causation issues (that is, whether Zofran causes the types of injuries alleged as a general matter) and preemption issues (that is, whether any FDA approval or other action preempts any or all of plaintiffs' claims).

    **b.**   *Meet and Confer as to Disputes.*  The parties are directed to meet and confer as to any disputes concerning the specific limitations of Phase 3 discovery, as well as any disputes concerning specific discovery requests. If necessary or appropriate, the parties may propose an order for the Court's consideration concerning any such issue.

    **c.**   *Timing of Phase 3 Discovery.*  Phase 3 discovery may begin immediately.

**4.**   **Phase 4 Discovery – Other General Liability Issues.**

    **d.**   *General Scope.*  The fourth phase of discovery shall consist of discovery concerning other potential issues generally relevant to liability, but not including issues relevant only to specific individual cases (such as, for example, individual causation, product identification, or damages).

    **e.**   *Meet and Confer as to Disputes.*  The parties are directed to meet and confer as to any disputes concerning the specific limitations of Phase 4 discovery, as well as any disputes concerning specific discovery requests. If necessary or appropriate, the parties may propose an order for the Court's consideration concerning any such issue.

    **f.**   *Timing of Phase 4 Discovery.*  Phase 4 discovery may begin on or after February 1, 2017.

5. **Phase 5 Discovery – Individual Issues.**

   a. *General Scope.* The fifth phase of discovery shall consist of discovery concerning any remaining potentially relevant issues (such as, for example, individual causation, product identification, or damages).

   b. *Timing of Phase 5 Discovery.* Phase 5 discovery shall begin at a time to be determined by the Court in a subsequent order.

6. **Overlapping of Phases.** The Court expects, and intends, that there will be overlap of the different phases of discovery, such that multiple phases may be occurring simultaneously at different periods.

7. **Discovery Cut-Off.** The Court will issue subsequent orders setting deadlines for the completion of various phases of discovery, and for discovery as a whole.

8. **Emergency Discovery.** By agreement of the parties, or by order of the Court as may be appropriate, any party may take discovery on an emergency or expedited basis (such as, for example, a deposition to preserve the testimony of a witness who is *in extremis* or about to leave the United States for an extended period of time).

9. **So Ordered.**

                                          /s/ F. Dennis Saylor IV
                                          F. Dennis Saylor IV
Dated: November 10, 2016              United States District Judge