# Exhibit L

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: ZOFRAN (ONDANESTRON) PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br>All Actions | MDL No. 2657 |

**SECOND AMENDED NOTICE OF**
**ORAL AND VIDEO DEPOSITION OF DEFENDANT**
**GLAXOSMITHKLINE, LLC PURSUANT TO FED. R. CIV. P., RULE 30(b)(6)**
(Electronically Stored Information)

TO:    Defendant GlaxoSmithKline, LLC

PLEASE TAKE NOTICE that pursuant to Rule 26, Rule 34, and Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned attorneys, the Plaintiffs' Lead Counsel in the above-captioned Multidistrict Litigation, will take the deposition of Defendant GlaxoSmithKline, LLC (hereinafter "Defendant" or "GSK") on December 20, 2016 at 9:00 a.m., or such other time as is agreed upon by the parties, at _____, or at another location mutually agreed upon by the parties.

The deposition shall be recorded by stenographic and audiovisual means and taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed. Pursuant to the provisions of Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant is hereby directed to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf about information known or reasonably available to Defendant regarding the following matters:

**DEFINITIONS AND INSTRUCTIONS**

1. Unless otherwise indicated, the "relevant time period" for the information sought is January 1, 1983, to the present.

2. You are to produce all responsive documents to the undersigned counsel no later than twenty-one days before the deposition.

3. "GlaxoSmithKline" means GlaxoSmithKline, LLC, a Delaware Limited Liability Company, and all of its related business entities including, but not limited to, parent companies, merged and acquired predecessor entities, subsidiary entities, joint ventures, holding companies, alter egos, and all other legal entities, foreign and domestic, of any form that share common ownership and control with GlaxoSmithKline, LLC (*hereinafter also*, the "Enterprise.")

4. "Defendants," "you," and "your" shall mean and include GlaxoSmithKline and any person or entity acting or purporting to act on Defendant's behalf, or with Defendant's authority, and includes all agents, parent companies, subsidiaries, alter egos, or merged and acquired predecessors; present and former directors, officers, partners, employees, accountants, attorneys or other agents; present and former independent contractors over which Defendant has control; joint ventures; and any other person acting on Defendant's behalf or with Defendant's authority.

5. "Zofran" means GlaxoSmithKline's proprietary or trade name for Ondansetron or Ondansetron Hydrochloride.

6. "Ondansetron" marketed under the brand name Zofran is a 5-HT3 receptor antagonist indicated to treat nausea and vomiting in chemotherapy and post-operative patient populations.

7. "Documents" as used in this Request is coextensive with the meaning of the terms "documents" and "tangible things" in Rule 34 of the Federal Rules of Civil Procedure, and shall have the broadest possible meaning and interpretation ascribed to the terms "documents" and "tangible things" under Rule 34, regardless of the document's form or image format or the media in which it exists. It includes the original (or identical duplicate when the original is not

available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, thermal, optical, facsimile, laser or other means. It includes documents whose images are rendered from Electronically Stored Information.

8. "Electronically Stored Information" (hereinafter, "ESI") as used in this Request is coextensive with the meaning of the term "Electronically Stored Information" in Rule 34 of the Federal Rules of Civil Procedure. It shall have the broadest possible meaning and interpretation ascribed to the term "Electronically Stored Information" under Rule 34 regardless of whether the information exists in an active file, deleted file, or file fragment.

9. "Electronic Media" means any device or material used to maintain Electronically Stored Information.

10. "Computer" means any type of electronic device capable of performing logical or arithmetic functions to create, process, analyze, communicate, transmit, record, or store digital data. The definition contemplates the inclusion of any such electronic device regardless of its capacity or function, and includes, but is not limited to: all enterprise-level devices and related sub-components whether networked or not, workstations, personal computers, portable computers, handheld computers, smartphones, cellular phones, and computers that control work done by other machines.

11. "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

12. "Network" means any combination of two or more computers that are capable of sharing or transferring Electronically Stored Information.

13. "Person" means natural person, as well as corporate and/or governmental entity.

14. "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing,

3

embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

15. "Or" and "and" will be used interchangeably.

16. "Native electronic format" shall mean and refer the state of an electronic file as it presently exists on any and all computers, electronic media devices and networks or any other location where data may be stored (including back-up servers, deleted folders, hidden folders, etc.), with all of the file's original metadata intact, meaning that the metadata fields have not been altered, deleted, updated or modified in any way.

17. "Retrieve" or "retrieval" means the ability to extract and export identified ESI through a process by which data is removed from an information source and placed elsewhere.

## MATTERS FOR EXAMINATION

1.  GlaxoSmithKline's Information Governance System, and the development and evolution of the below listed components of its Information Governance System over the course of the relevant time period. The purpose of this matter topic is to understand GlaxoSmithKline's ability to be aware of its own information over the course of the relevant time period, and to manage, preserve, search, and retrieve its own information over the course of the relevant time period.

    a.  The organizational structure of GlaxoSmithKline's Information Governance and data management system over the course of the relevant time period;

    b.  The policies and procedures of GlaxoSmithKline's Information Governance and records management system, including policies and procedures relating to information retention and destruction, information life-cycle management, and access of enterprise information by employees' personal electronic devices;

    c.  The enterprise-wide architecture of GlaxoSmithKline's information technology assets over the course of the relevant time period;

    d.  The identity and use of any Records Management or Enterprise Content Management software applications used by GlaxoSmithKline to perform information governance or data management functions;

    e.  The policies and procedures for the preservation and maintenance of GlaxoSmithKline's legacy information that was not originally created or stored in electronic media.

2.  The technologies used by GlaxoSmithKline over the relevant time period for internal or external communications and collaborative workflow environments, including, by way of example only, electronic mail, voice mail, video-conferencing, messaging applications, collaborative workflow communications, or collaborative workflow software, such as eRoom or SharePoint or other similar collaborative workflow platforms. For any such technology:

    a.  The architecture of the technology throughout the Defendant's enterprise;

    b.  Software applications supporting the technology which were not previously described in Defendant's Interrogatory responses served October 14, 2016;

    c.  Policies, procedures, and capabilities relating to the management, preservation, search, and retrieval of ESI created or stored by the technology;

    d.  Documentation relating to the technology.

3. The technologies used by GlaxoSmithKline over the relevant time period for personal productivity or to create information content by custodians, including, by way of example only, word processing, calendaring, notes, spreadsheets, or office productivity bundles. For any such technology:

    a. The architecture of the technology throughout the Defendant's enterprise;

    b. Software applications supporting the technology which were not previously described in Defendant's Interrogatory responses served October 14, 2016;

    c. Policies, procedures, and capabilities relating to the management, preservation, search, and retrieval of ESI created or stored by the technology;

    d. Documentation relating to the technology.

4. The technologies used by GlaxoSmithKline over the relevant time period to manage structured information in any of its databases. For any such technology:

    a. The architecture of the technology throughout the Defendant's enterprise;

    b. Software applications supporting the technology which were not previously described in Defendant's Interrogatory responses served October 14, 2016 ;

    c. Policies, procedures, and capabilities relating to the management, preservation, search, and retrieval of ESI created or stored by the technology;

    d. Documentation relating to the technology.

5. The technologies used by GlaxoSmithKline over the relevant time period to establish an internal intranet. For any such technology:

    a. The architecture of the technology throughout the Defendant's enterprise;

    b. Software applications supporting the technology which were not previously described in Defendant's Interrogatory responses served October 14, 2016;

    c. Policies, procedures, and capabilities relating to the management, preservation, search, and retrieval of ESI created or stored by the technology;

    d. Documentation relating to the technology;

    e. The purpose(s) of the intranet(s).

6. The technologies or methods used by GlaxoSmithKline over the relevant time period to maintain and preserve documents and communications sent to or from any government regulatory agency which has had regulatory oversight of GlaxoSmithKline's pharmaceutical business activities. For any such technology:

   a. The architecture of the technology throughout the Defendant's enterprise;
   b. Software applications supporting the technology which were not previously described in Defendant's Interrogatory responses served October 14, 2016;
   c. Policies, procedures, and capabilities relating to the management, preservation, search, and retrieval of ESI created or stored by the technology;
   d. Documentation relating to the technology.

7. The technologies or methods used by GlaxoSmithKline over the relevant time period to maintain and preserve documents or data containing scientific or medical information, scientific or medical reference material, scientific or medical journals, scientific or medical research, epidemiology, data from clinical trials, or other content related to scientific or medical information. For any such technology:

   a. The architecture of the technology throughout the Defendant's enterprise;
   b. Software applications supporting the technology which were not previously described in Defendant's Interrogatory responses served October 14, 2016;
   c. Policies, procedures, and capabilities relating to the management, preservation, search, and retrieval of ESI created or stored by the technology;
   d. Documentation relating to the technology.

8.     The technologies or methods used by GlaxoSmithKline over the relevant time period to maintain and preserve documents or data containing quality assurance information about its products, including adverse incident reports, root cause analyses, data analytics for quality assurance, or other content related to quality assurance information. For any such technology:

      a.      The architecture of the technology throughout the Defendant's enterprise;

      b.      Software applications supporting the technology which were not previously described in Defendant's Interrogatory responses served October 14, 2016;

      c.      Policies, procedures, and capabilities relating to the management, preservation, search, and retrieval of ESI created or stored by the technology;

      d.      Documentation relating to the technology.

9.     Any technologies used by GlaxoSmithKline over the relevant time period to establish an intranet or internet for the purpose of distributing or soliciting information about Zofran from physicians, health care providers, end users, consumers, pharmacies, your employees, your agents, your sub-contractors, Medicare, Medicaid, or other third party payers. For any such technology:

      a.      The architecture of the technology throughout the Defendant's enterprise;

      b.      Software applications supporting the technology which were not previously described in Defendant's Interrogatory responses served October 14, 2016;

      c.      Policies, procedures, and capabilities relating to the management, preservation, search, and retrieval of ESI created or stored by the technology;

      d.      The type of information maintained in the intranet or internet;

      e.      Documentation relating to the technology.

10. Any technologies or methods used by GlaxoSmithKline over the relevant time period to manage information related to any of the following activities: the design, development, clinical trials, licensing, regulatory approval, management, manufacture, marketing, sales, safety review, safety surveillance, adverse event/post-market surveillance, and/or financial monitoring of Zofran. For any such technology:

> a. The architecture of the technology throughout the Defendant's enterprise;
>
> b. Software applications supporting the technology which were not previously described in Defendant's Interrogatory responses served October 14, 2016;
>
> c. Policies, procedures, and capabilities relating to the management, preservation, search, and retrieval of ESI created or stored by the technology;
>
> d. Documentation relating to the technology.

11. The existence of any collection of documents or ESI previously identified or preserved because of an administrative enforcement proceeding with the United States of America related to Zofran. The existence of any documents that are lists of such documents or ESI. The identity of the custodian(s) of the documents or ESI.

12. The existence of any collection of documents or ESI previously identified or preserved because of a criminal enforcement proceeding with the United States of America related to Zofran. The existence of any documents that are lists of such documents or ESI. The identity of the custodian(s) of the documents or ESI.

13. The existence of any collection of documents or ESI previously identified or preserved because of *Qui Tam* or whistle-blower civil litigation with the United States of America related to Zofran. The existence of any documents that are lists of such documents or ESI. The identity of the custodian(s) of the documents or ESI.

14. The existence of any collection of documents or ESI previously identified or preserved because of any prior litigation (litigation not subsumed in MDL 2657) related to Zofran. The existence of any documents that are lists of such documents or ESI. The identity of the custodian(s) of the documents or ESI.

15. The existence of any collection of documents or ESI previously identified or preserved because of any prior administrative or criminal enforcement action undertaken by any governmental regulatory authority. The existence of any documents that are lists of such documents or ESI. The identity of the custodian(s) of the documents or ESI.

Dated:   November 8th, 2016

By:  *Tobias L. Millrood*

*Lead Counsel for Plaintiffs:*

Tobias L. Millrood
POGUST BRASLOW & MILLROOD, LLC
8 Tower Bridge, Suite 940
161 Washington Street
Conshohocken, PA 19428
610-941-4204
tmillrood@pbmattorneys.com

Kimberly D. Barone Baden
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
843-216-9265
kbarone@motleyrice.com

M. Elizabeth Graham
GRANT & EISENHOFER P.A.
123 Justison Street
Wilmington, DE  19801
302-662-7063
egraham@gelaw.com

## EXHIBIT A

## DOCUMENTS or ESI TO BE PRODUCED

1. The current curriculum vitae of all persons designated to speak on behalf of the Defendant pursuant to this Notice.

2. Documents or ESI relating to the following subject matter over the course of the relevant time period:

    a. The **organizational structure** of GlaxoSmithKline's Information Governance, data management and records management systems;

    b. The **policies and procedures** of GlaxoSmithKline's Information Governance, data management, and records management systems, including policies and procedures relating to the access of enterprise information by employees' personal electronic devices, information retention and destruction, and information life-cycle management;

    c. The **enterprise-wide architecture** of GlaxoSmithKline's information technology assets over the course of the relevant time period;

    d. The **identity and use** of any Records Management or Enterprise Content Management software applications used by GlaxoSmithKline to perform information governance functions;

    e. The **policies and procedures** for the preservation and maintenance of GlaxoSmithKline's legacy information that was not originally created or stored in electronic media

3. Documents or ESI relating to the technologies used by GlaxoSmithKline over the relevant time period for internal or external communications, including, by way of example only, electronic mail, voice mail, video-conferencing, messaging applications, collaborative workflow communications, or SharePoint platforms. For any such technology:

    a. The architecture of the technology throughout the Defendant's enterprise;

    b. Documentation relating to the architecture of the technology;

    c. Policies, procedures, and capabilities relating to the management, preservation, search, and retrieval of ESI created or stored by the technology.

4. Documents or ESI relating to the technologies used by GlaxoSmithKline over the relevant time period for personal productivity or to create information content by custodians, including, by way of example only, word processing, calendaring, notes, spreadsheets, or office productivity bundles. For any such technology:

    a. The architecture of the technology throughout the Defendant's enterprise;

    b. Documentation relating to the architecture of the technology;

    c. Policies, procedures, and capabilities relating to the management, preservation, search, and retrieval of ESI created or stored by the technology.

5. Documents or ESI relating to the technologies used by GlaxoSmithKline over the relevant time period to manage structured information in any database. For any such technology:

    a. The architecture of the technology throughout the Defendant's enterprise;

    b. Documentation relating to the architecture of the technology;

    c. Policies, procedures, and capabilities relating to the management, preservation, search, and retrieval of ESI created or stored by the technology.

6. Documents or ESI relating to the technologies used by GlaxoSmithKline over the relevant time period to establish an internal intranet. For any such technology:

    a. The architecture of the technology throughout the Defendant's enterprise;

    b. Documentation relating to the architecture of the technology;

    c. Policies, procedures, and capabilities relating to the management, preservation, search, and retrieval of ESI created or stored by the technology.

7. Documents or ESI relating to the technologies or methods used by GlaxoSmithKline over the relevant time period to maintain and preserve documents and communications sent to or from any government regulatory agency which has had regulatory oversight of GlaxoSmithKline's pharmaceutical business activities. For any such technology:

    a. The architecture of the technology throughout the Defendant's enterprise;

    b. Documentation relating to the architecture of the technology;

    c. Policies, procedures, and capabilities relating to the management, preservation, search, and retrieval of ESI created or stored by the technology.

8. Documents or ESI relating to the technologies or methods used by GlaxoSmithKline over the relevant time period to maintain and preserve documents or data containing medical information, medical reference material, medical journals, medical research, epidemiology, data from clinical trials, or other content related to medical information. For any such technology:

    a. The architecture of the technology throughout the Defendant's enterprise;

    b. Documentation relating to the architecture of the technology;

    c. Policies, procedures, and capabilities relating to the management, preservation, search, and retrieval of ESI created or stored by the technology.

9. Documents or ESI relating to the technologies or methods used by GlaxoSmithKline over the relevant time period to maintain and preserve documents or data containing quality assurance information about its products, including adverse incident reports, root cause analyses, data analytics for quality assurance, or other content related to quality assurance information. For any such technology:

    a. The architecture of the technology throughout the Defendant's enterprise;

    b. Documentation relating to the architecture of the technology;

    c. Policies, procedures, and capabilities relating to the management, preservation, search, and retrieval of ESI created or stored by the technology.

10. Documents or ESI relating to any technologies used by GlaxoSmithKline over the relevant time period to establish an intranet or internet for the purpose of distributing or soliciting information about Zofran from physicians, health care providers, end users, consumers, pharmacies, your employees, your agents, your sub-contractors, Medicare, Medicaid, or other third party payers. For any such technology:

    a. The architecture of the technology throughout the Defendant's enterprise;

    b. Documentation relating to the architecture of the technology;

    c. Policies, procedures, and capabilities relating to the management, preservation, search, and retrieval of ESI created or stored by the technology.

11. Documents or ESI relating to any technologies or methods used by GlaxoSmithKline over the relevant time period to manage information related to any of the following activities: the design, development, clinical trials, licensing, regulatory approval, management, manufacture, marketing, sales, safety review, safety surveillance, adverse event/post-market surveillance, and/or financial monitoring of Zofran. For any such technology:

    a. The architecture of the technology throughout the Defendant's enterprise;

    b. Documentation relating to the architecture of the technology;

    c. Policies, procedures, and capabilities relating to the management, preservation, search, and retrieval of ESI created or stored by the technology.

12. Documents or ESI relating to the existence of any collection of documents or ESI previously identified or preserved because of an administrative enforcement proceeding with the United States of America related to Zofran. The existence of any documents that are lists of such documents or ESI. The identity of the custodian(s) of the documents or ESI.

13. Documents or ESI relating to the existence of any collection of documents or ESI previously identified or preserved because of a criminal enforcement proceeding with the United States of America related to Zofran. The existence of any documents that are lists of such documents or ESI. The identity of the custodian(s) of the documents or ESI.

14. Documents or ESI relating to the existence of any collection of documents or ESI previously identified or preserved because of *Qui Tam* or whistle-blower civil litigation with the United States of America related to Zofran. The existence of any documents that are lists of such documents or ESI. The identity of the custodian(s) of the documents or ESI.

15. Documents or ESI relating to the existence of any collection of documents or ESI previously identified or preserved because of any prior litigation (litigation not subsumed in MDL 2657) related to Zofran. The existence of any documents that are lists of such documents or ESI. The identity of the custodian(s) of the documents or ESI.

16. Documents or ESI relating to the existence of any collection of documents or ESI previously identified or preserved because of any prior administrative or criminal enforcement action undertaken by any governmental regulatory authority. The existence of any documents that are lists of such documents or ESI. The identity of the custodian(s) of the documents or ESI.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|   |   |   |
|---|---|---|
| IN RE: ZOFRAN (ONDANSETRON) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 1:15-md-2657-FDS |
| THIS DOCUMENT RELATES TO: ALL CASES | ) ) ) ) ) ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been duly served upon the following individuals via electronic mail on this 8th day of November, 2016:

Madeleine M. McDonough
Jennifer M. Stevenson
Jennifer Stonecipher Hill
SHOOK, HARDY & BACON L.L.P.
1155 F Street NW, Suite 200
Washington, D.C. 20004
Telephone: (202) 783-8400
Facsimile: (202) 783-4211
mmcdonough@shb.com
jstevenson@shb.com
jshill@shb.com

*Attorneys for Defendant, GSK*

*/s/ Tobias L. Millrood*
Tobias L. Millrood, Esquire POGUST
BRASLOW & MILLROOD, LLC
8 Tower Bridge, Suite 1520
Conshohocken, PA 19428
610-941-4204
tmillrood@pbmattorneys.com

*Attorney for Plaintiffs*