UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**IN RE: ZOFRAN (ONDANSETRON)**     )
**PRODUCTS LIABILITY LITIGATION,**  )    MDL No. 1:15-md-2657-FDS
                                    )
**This Document Relates To:**       )
                                    )
    **All Actions**           )
_____ )

# MDL Order No. 25
May 17, 2018

### ORDER CONCERNING FURTHER SEQUENCING OF
### DISCOVERY AND MOTION PRACTICE

**SAYLOR, J.**

This order is intended to address the further sequencing of fact discovery and to set deadlines for expert discovery, motions to exclude or limit expert discovery, and motions for summary judgment based on preemption. The order shall apply to all cases in this MDL proceeding, and may be revised or supplemented from time to time. This order is intended to be interpreted with such reasonable degree of flexibility and common sense as may be necessary to avoid undue inconvenience and expense.

    **1.    Background.** In MDL Order No. 19, issued November 10, 2016, the Court ordered that discovery would consist of five phases (although those phases would overlap, at least in part). The five phases were as follows:

    Phase 1: production of fact sheets and related information.

    Phase 2: discovery as to the storage and organization by defendant of

        electronically stored information; defendant's organizational structure

and personnel; discovery as to general causation issues; and discovery as to potential federal preemption.

Phase 3: discovery as to general causation and preemption issues.

Phase 4: discovery as to other potential issues generally relevant to liability.

Phase 5: discovery as to any remaining issues, including individual causation, product identification, and damages.

Discovery has proceeded under the first four phases in accordance with that order. The parties have represented that discovery as to Phases 2, 3 and 4 is nearly complete, and should be completed by June 29, 2018, other than supplementation of responses as may be appropriate.

**2. Phases 2, 3 and 4 Discovery.**

A. Discovery as to Phases 2, 3 and 4 shall conclude on June 29, 2018, except as set forth in this order.

B. GSK shall complete its production of Phase 4 documents in response to the Court's October 24, 2017, Order by May 28, 2018.

C. Additional discovery concerning Phases 2, 3 or 4 may proceed after June 29, 2018, only by agreement of the parties or by leave of court upon good cause shown.

D. All parties remain obligated to supplement their discovery responses as required by Fed. R. Civ. P. 26(e).

**3. Phase 5 Discovery.**

A. **Scope.** As set forth in MDL Order No. 19, Phase 5 discovery shall consist of discovery on individual issues, including individual causation, product identification, damages, and any remaining relevant issues.

**B.     Goal.**  In its initial phase, the purpose of Phase 5 discovery will be to identify appropriate cases for trial that will be reasonably representative of the cases as a whole, in order to permit the resolution of issues of general applicability and therefore promote the resolution of the litigation.

**C.     Eligibility.**  In the initial phase, an individual case will be eligible for discovery only if the following criteria are met:

**(1)     Completed Fact Sheets.**  A completed plaintiff fact sheet, and all relevant medical and other authorizations, have been executed and submitted to GSK at least 60 days in advance of case selection.

**(2)     Representative Claimed Injuries.**  The claims in question are based on alleged structural heart damage birth defects (for example, an atrial/ventricular septal defect) or craniofacial birth defects (for example, a cleft palate), or both.  Claims involving other alleged injuries will be subject to a subsequent discovery order.

**D.     *Lexecon* Issues.**  Under *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), this Court cannot preside over the trial in this district of a transferred case without the consent of the parties.  The parties are therefore strongly encouraged to select cases for Phase 5 discovery in which a waiver of *Lexecon* rights by both parties has occurred or is likely to occur.

**E.     Initial Case Selection.**  By June 15, 2018, plaintiffs and GSK shall each identify 8 initial cases (for a total of 16) for Phase 5 discovery.

**F.     Commencement of Phase 5 Discovery.**  Immediately following the selection of cases for Phase 5 discovery, discovery as to those specific cases may begin.

Case specific discovery in the initial cases selected for Phase 5 discovery shall conclude by October 31, 2018.

**G. Depositions Generally.** The following persons may be presumptively deposed in an individual case: (1) plaintiffs (including any plaintiff parent and any plaintiff child who is at least 16 years old); (2) parents who are not plaintiffs; (3) prescribing physician(s); (4) treating physician(s); and (5) GSK sales representative(s) who called on or interacted with prescribing physicians. Other witnesses may be deposed as appropriate. Any dispute as to who may be deposed, or the scope of questioning, shall be subject to the meet-and-confer and other requirements of Fed. R. Civ. P. 37 and Local Rule 37.1.

**H. Depositions of Minor Children.** A deposition of a plaintiff child who is under 16 years old may be taken only by agreement or upon court order for good cause shown. Absent further court order, if a child under the age of 21 is deposed, the parents may attend the deposition, and no more than two attorneys for GSK may be present.

If the purpose of the deposition of a plaintiff child is to observe and assess the child's injuries, the parties should make a good-faith effort to use alternative means of discovery, such as a view or the provision of photographic or video evidence, rather than a deposition.

**I. Order of Deposition Questioning for Deposition of Physicians.** For cases selected by plaintiffs, counsel for GSK shall be the first questioner at depositions of prescribing and treating physicians. For cases selected by GSK, counsel for plaintiffs shall be the first questioner at depositions of prescribing and treating physicians.

**J.     Dismissal/Settlement of Phase 5 Cases.**  Plaintiffs shall promptly inform GSK if any case selected for Phase 5 discovery will be voluntarily dismissed. GSK may select a replacement for any case voluntarily dismissed within 10 days of the voluntary dismissal. If a case selected for Phase 5 discovery settles, plaintiffs shall replace the settled case within 10 days after GSK provides the PSC written notification of the settlement.

**K.     Trial Selection and Scheduling.**  In a subsequent order, the Court will select cases that will be eligible for the first trials. The parties shall meet and confer no later than October 31, 2018, to discuss a procedure for identifying cases for the selection and a schedule for case-specific expert discovery for those cases.

**5.     Motions for Summary Judgment Based on Preemption.**  GSK shall file any motion for summary judgment based on preemption by June 15, 2018. Plaintiffs shall file any opposition memorandum by July 16, 2018. GSK shall file any reply memorandum by July 30, 2018.

**6.     Disclosure of Expert Reports and Expert Depositions.**  Expert discovery on general causation and general liability issues shall proceed according to the following schedule:

A.     Plaintiffs' expert disclosures under Fed. R. Civ. P. 26(a)(2), including expert reports, shall be served on or before July 16, 2018.

B.     GSK's expert disclosures under Fed. R. Civ. P. 26(a)(2), including expert reports, shall be served on or before August 6, 2018.

C.     Plaintiffs' rebuttal expert reports shall be served on or before August 20, 2018.

D.     Depositions of experts shall occur between September 1 and

October 31, 2018.

7. **Motions to Exclude or Limit Expert Testimony.**  Any motion seeking to exclude or limit expert testimony on the subjects of general causation or general liability pursuant to Fed. R. Evid. 702 or *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), shall be filed by November 15, 2018.  Opposing memoranda shall be filed by December 18, 2018.  Reply memoranda shall be filed by January 7, 2019.

**So Ordered.**

Dated:   May 17, 2018

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge