UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**IN RE: ZOFRAN® (ONDANSETRON) PRODUCTS LIABILITY LITIGATION**

MDL No. 1:15-md-2657-FDS

This document relates to:

*All cases*

### DEFENDANT GLAXOSMITHKLINE LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON PREEMPTION

Defendant GlaxoSmithKline LLC ("GSK") respectfully submits the accompanying decisions as supplemental authority in support of its pending Motion for Summary Judgment on Preemption (Dkt. # 1066). Attached as **Exhibit A** is a copy of the Seventh Circuit's recent decision in *Dolin v. GlaxoSmithKline LLC*, No. 17-3030, --- F.3d ---, 2018 WL 4001208 (7th Cir. Aug. 22, 2018). Reversing the judgment of the district court, the Seventh Circuit ruled that "federal law prevented GSK from adding a warning about the alleged association between paroxetine and suicide in adults" and, as such, federal law preempted the plaintiff's claim that under Illinois law, GSK should have warned of a risk of adult suicidality on the Paxil® label. Ex. A at 3.

The decision reinforces the fact that the clear evidence standard announced in *Wyeth v. Levine* is immaterial unless and until a plaintiff offers proof of newly acquired information that would have allowed a defendant drug manufacturer to bring about a label change through the Changes Being Effected ("CBE") process. *Id.* at 16. The decision also illustrates that the *Levine* clear evidence standard is not met where there is proof—as there is in this litigation—that FDA previously considered a particular risk at issue in a case and rejected proposed label changes based on that risk. *Id.* at 19–20.

Attached as **Exhibit B** is a copy of the First Circuit's newly-published decision in *Gustavsen v. Alcon Laboratories, Inc.*, No. 17-2066, --- F.3d ---, 2018 WL 4057381 (1st Cir. Aug. 27, 2018). There, the plaintiffs attempted to use state law to force prescription eye drop

manufacturers to alter the amount of solution dispensed by their products. Ex. B at 27–28. The First Circuit found these claims preempted because the manufacturers could not effect the demanded product changes without prior FDA approval. *Id.* at 16 ("If a private party (such as the manufacturers here) cannot comply with state law without first obtaining the approval of a federal regulatory agency, then the application of that law to that private party is preempted.) (citing *PLIVA, Inc. v. Mensing*, 564 U.S. 604, 620 (2011)).

The *Gustavsen* decision, like *Dolin*, strengthens a growing body of preemption case law instructing that product liability litigants, as a matter of law, must first demonstrate that a drug manufacturer could have unilaterally brought about the product changes demanded by state law before a court can consider the *Levine* clear evidence standard.

GSK requests that the Court consider *Dolin* and *Gustavsen* alongside the authority discussed in GSK's Motion for Summary Judgment and briefing in support.

Dated:  September 4, 2018

Respectfully submitted,
GLAXOSMITHKLINE LLC,
By its attorneys,

*/s/ Jennifer Stonecipher Hill*
Madeleine M. McDonough
Jennifer M. Stevenson
Jennifer Stonecipher Hill
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
mmcdonough@shb.com
jstevenson@shb.com
jshill@shb.com
*Admitted pro hac vice*

Mark D. Seltzer (BBO # 556341)
Brian K. French (BBO # 637856)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Telephone: 617-345-1000
Facsimile: 617-345-1300
mseltzer@nixonpeabody.com
bfrench@nixonpeabody.com

George W. Vien (BBO # 547411)
DONNELLY, CONROY & GELHAAR LLP
260 Franklin Street, Suite 1600
Boston, MA 02110
Telephone: 617-720-2880
Facsimile: 617-720-3554
gwv@dcglaw.com

Attorneys for Defendant GlaxoSmithKline LLC

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent via first class mail to those identified as non-registered participants.

                                                 */s/ Jennifer Stonecipher Hill*
                                                 Jennifer Stonecipher Hill