UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: ZOFRAN (ONDANSETRON) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 1:15-md-2657-FDS<br><br>HON. F. DENNIS SAYLOR IV<br><br>PLAINTIFFS' RESPONSE TO GLAXOSMITHKLINE LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON PREEMPTION |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES |  |  |

**PLAINTIFFS' RESPONSE TO GLAXOSMITHKLINE LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON PREEMPTION**

GSK has submitted two recent FDA preemption rulings to this Court as supplemental authority. Both rulings are distinguishable from the clear evidence analysis in this litigation for a simple reason: in neither case did the manufacturer withhold relevant evidence from the FDA, evidence that could have supported a unilateral labeling change by the manufacturer under 21 C.F.R. § 314.70(c)(6)(iii).

In *Dolin v. GlaxoSmithKline LLC*, the Seventh Circuit found clear evidence preemption, in part because "Plaintiff has failed to offer evidence that GSK acquired new information after 2007, when the FDA rejected its proposal to add an adult-suicidality warning to the paroxetine label that would have justified a change in the label and thus undermine GSK's preemption defense." No. 17-3030, --- F.3d ---, 2018 WL 4001208 at *10 (7th Cir. Aug. 22, 2018). The Court observed that newly acquired information "is not limited to new data," and includes "data, analyses, or other information *not previously submitted to the Agency*," as defined by 21 C.F.R. § 314.3. *Id.* (emphasis supplied). Because FDA had actually considered the data alleged by Plaintiffs to have

been withheld in its review, there was no newly acquired information that would have permitted the brand manufacturer to update the paroxetine drug labeling.

The First Circuit ruling in *Gustavsen v. Alcon Laboratories, Inc.* bears even less relevance to the clear evidence analysis in this case.  No. 17-2066, --- F.3d ---, 2018 WL 4057381 (1st Cir. Aug. 27, 2018).  *Gustavsen* did not concern clear evidence preemption at all, but rather the more general question of preemption based on impossibility.  *Id.*  The case turned on whether the design of defendants' eye drop containers, which determined the size of the eye drop dispensed, could be unilaterally changed by the manufacturer or could only be altered with prior FDA approval.  *Id.* The Court of Appeals concluded that such a modification constituted a major change that could only be changed after FDA approval under 21 C.F.R. § 314.70(b)(2)(vi). *Gustavsen* involves no allegation that the manufacturers withheld data from the FDA; in fact, no discussion of newly acquired information appears anywhere in the opinion.  *Id.  Gustavsen* is therefore of no relevance to this case.

Therefore, Plaintiffs again request that this Court deny GSK's Motion for Summary Judgment on Preemption.

                                                Respectfully submitted,

                                                */s/ Robert K. Jenner*
Robert K. Jenner (BBO No. 569381)
JENNER LAW
1829 Reisterstown Road, Suite 350
Baltimore, MD 21208
410-413-2155
rjenner@jennerlawfirm.com

Tobias L. Millrood
POGUST, BRASLOW & MILLROOD LLC
8 Tower Bridge, Suite 1520
Conshohocken, PA  19428
610-941-4204
tmillrood@pbmattorneys.com

        Kimberly D. Barone Baden
        MOTLEY RICE LLC
        28 Bridgeside Boulevard
        Mount Pleasant, SC 29464
        843-216-9265
        kbarone@motleyrice.com

        M. Elizabeth Graham
        GRANT & EISENHOFER P.A.
        123 S. Justison Street
        Wilmington, DE  19801
        302-662-7063
        egraham@gelaw.com

        James D. Gotz
        HAUSFELD
        One Marina Park Drive, Suite 1410
        Boston, MA 02210
        617-207-0600
        jgotz@hausfeld.com

Dated: September 7, 2018        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiffs' Response to GlaxoSmithKline LLC's Notice of Supplemental Authority in Support of its Motion for Summary Judgment on Preemption, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via first class mail to those identified as non-registered participants.

/s/ *Robert K. Jenner*
Robert K. Jenner