UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ZOFRAN® (ONDANSETRON) PRODUCTS LIABILITY LITIGATION | MDL No. 1:15-md-02657-FDS<br><br>This document relates to:<br><br>All Actions |

EMERGENCY MOTION TO WITHDRAW APPEARANCE FOR
NON-PARTY APRIL ZAMBELLI-WEINER, Ph.D.

Pursuant to Rule 83.5.2(c) of the Local Rules of the United States District Court for the District of Massachusetts, Scott H. Marder (admitted *pro hac vice*), of the law firm Thomas & Libowitz, P.A., and Jonathan D. Friedmann (BBO # 180130) and Robert P. Rudolph (BBO # 684583), of the law firm Rudolph Friedmann LLP, (collectively, "Undersigned Counsel"), file this Emergency Motion, with April Zambelli-Weiner Ph.D's consent, requesting leave for Undersigned Counsel to withdraw their appearances on behalf of April Zambelli-Weiner Ph.D, and state as follows:

1. Attorney Marder and his law firm were retained by April Zambelli-Weiner ("Dr. Zambelli-Weiner") to represent Dr. Zambelli-Weiner in connection with a subpoena *duces tecum* and a notice of deposition served by the Defendants in this case seeking to take her deposition and obtain documents.

2. On January 8, 2019, Attorney Marder retained Attorney Friedmann and Attorney Rudolph, along with their law firm, to serve as local counsel in this action, on behalf of Dr. Zambelli-Weiner. On January 9, 2019, Attorney Rudolph entered his Notice of Appearance in this case on behalf of Dr. Zambelli-Weiner.

3. Also on January 9, 2019, Attorney Friedmann and Attorney Rudolph filed Dr. Zambelli-Weiner's Motion for Protective Order ("Motion for Protective Order") in response to Defendants' subpoena *duces tecum*. (ECF 1271). In support of the Motion for Protective Order, they also filed Dr. Zambelli-Weiner's Affidavit on January 9, 2019 (the "Affidavit"). (ECF 1272).

4. Thereafter, on January 15, 2019, Attorney Friedmann and Attorney Rudolph moved this Court to admit Attorney Marder *pro hac vice* as counsel for Dr. Zambelli-Weiner. (ECF 1283). On January 16, 2019, this Court granted Attorney Marder's motion to appear *pro hac vice*. (ECF 1290).

5. Pursuant to Local Rule 83.6.1(a), the Massachusetts Rules of Professional Conduct adopted by the Massachusetts Supreme Judicial Court apply to Undersigned Counsel's representation of Dr. Zambelli-Weiner.[1]

6. Under Massachusetts' Rules of Professional Conduct, a lawyer "shall withdraw from the representation of a client if: (1) the representation will result in violation of the rules of professional conduct or other law." Mass. R. Prof. C. 1.16(a)(1); *see also* Md. Rule 19–301.16(a)(1) (same).

7. Furthermore, a lawyer "may withdraw" from representing a client if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is . . . fraudulent;
>
> (3) the client has used the lawyer's services to perpetrate a . . . fraud;
>
> (4) the client insists upon action or inaction . . . with which the lawyer has a fundamental disagreement;
>
> \*\*\* or

---

[1] Attorney Marder is also subject to the Maryland Attorney's Rules of Professional Conduct and the Rules Regulating the Florida Bar.

(7) other good cause for withdrawal exists.

Mass. R. Prof. C. 1.16(b); Md. Rule 19-301.16(b) (same).

8. After the Motion for Protective Order and Affidavit were filed, Attorney Marder learned that factual representations made in Dr. Zambelli-Weiner's Affidavit, which were incorporated into the Motion for Protective Order, were inaccurate. *See* Notice Advising the Court of Factual Inaccuracies in Non-Party April Zambelli-Weiner Ph.D's Affidavit and Motion for Protective Order, filed contemporaneously herewith.

9. Pursuant to Massachusetts Rule of Professional Conduct 3.3, professional considerations under the applicable Rules of Professional Conduct now require Undersigned Counsel to withdraw from the representation of Dr. Zambelli-Weiner. Those same consideration also form the basis for their permissive withdrawal. *See also* Md. Rule 19–303.3(a).

10. On January 17, 2019, Attorney Marder notified Dr. Zambelli-Weiner that he and Attorney Friedmann and Attorney Rudolph intended to file this Motion and that Dr. Zambelli-Weiner should immediately seek new counsel.

11. On January 18, 2019, Dr. Zambelli-Weiner's new counsel, Eric W. Gunderson, Esq., Davis, Agnor, Rapaport & Skalny, 10211 Wincopin Circle, Suite 600, Columbia, Maryland, 21044, egunderson@darslaw.com, informed Attorney Marder that Dr. Zambelli-Weiner consented to Undersigned Counsel's withdraw.

12. Pursuant to Local Rule 83.5.2(d), Undersigned Counsel will serve Dr. Zambelli-Weiner and Attorney Gunderson with a copy of this Motion and inform them that Dr. Zambelli-Weiner has 14 days after service to file any objections.

13. Because Dr. Zambelli-Weiner's deposition is scheduled for January 23, 2019, the Undersigned has captioned this motion as an emergency filing, particularly in light of the Martin Luther King Day holiday on January 21, 2019.

WHEREFORE, Scott H. Marder, Jonathan D. Friedmann, and Robert P. Rudolph request that this Court grant this emergency motion and enter an order permitting Attorneys Marder, Friedmann, and Rudolph, along with their law firms, to withdraw their appearance as counsel for Non-Party April Zambelli-Weiner Ph.D.

## LOCAL RULE 7.1 (A)(2) CERTIFICATION

Scott H. Marder, Esq., an attorney at Thomas & Libowitz, P.A. representing Dr. Zambelli-Weiner, conferred with Jennifer Stonecipher Hill, Esq., counsel for the Defendants, and Robert Jenner, Esq., counsel for Plaintiffs, regarding this motion. Neither counsel objected to this motion. The separate conferences took place by telephone on January 18, 2019. Attorney Marder also discussed this motion with April Zambelli-Weiner by telephone on January 17, 2019 and advised her to seek other legal counsel immediately.  On January 18, 2019 Attorney Marder spoke with Dr. Zambelli-Weiner's new counsel, Eric W. Gunderson, Esq., about this Motion.  Attorney Gunderson informed Attorney Marder that Dr. Zambelli-Weiner consented to Undersigned Counsel's withdraw and that she retained him. to represent her in this action.

Respectfully submitted,

**RUDOLPH FRIEDMANN LLP**

/s/ Robert P. Rudolph
Jonathon D. Friedmann (BBO # 180130)
jfriedmann@rflawyers.com
Robert P. Rudolph (BBO # 684583)
rrudolph@rflawyers.com
92 State Street
Boston, Massachusetts 02109
Telephone: (617) 723-7700
Facsimile: (617) 227-0313

**THOMAS & LIBOWITZ, P.A.**

/s/ Scott H. Marder
Scott H. Marder (admitted *pro hac vice*)
shmarder@tandllaw.com
100 Light Street, 11th Floor
Baltimore, Maryland 21202
Telephone: (410) 752-2468
Facsimile: (410) 752-0979

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 18, 2019. This document will also be served via e-mail and first-class mail, postage pre-paid, upon April Zambelli-Weiner, Ph.D. and her new counsel, Eric W. Gunderson, Esq., Davis, Agnor, Rapaport & Skalny, 10211 Wincopin Circle, Suite 600, Columbia, Maryland, 21044, egunderson@darslaw.com.

/s/ Robert P. Rudolph
Robert P. Rudolph