# Exhibit L



February 15, 2019

**VIA ELECTRONIC MAIL**

Eva Canaan, Esq.
Phillips Lytle LLP
340 Madison Avenue
17th Floor
New York, NY 10173

      Re:    Deposition Duces Tecum of April Zambelli-Weiner, Ph.D.
              In re: Zofran Products Liability Litigation MDL No. 2657

Dear Ms. Canaan:

This letter serves as Dr. Zambelli-Weiner's response to the numbered requests to produce certain documents set forth in the Notice to Take Continued Videotaped Deposition of April Zambelli-Weiner, Ph.D:

Request No. 1: All COMMUNICATIONS between you or any other TTi employee and Plaintiffs' counsel regarding the Study.

**Response: All Communications between Dr. Zambelli-Weiner and Plaintiffs' counsel regarding the Study have been produced.**

**Dr. Zambelli-Weiner objects to this Request to the extent it requests the production of all Communications between any employee of TTi and Plaintiffs' counsel since TTi would be the custodian of any such documents and not her. Without waiving this objection, Dr. Weiner is not aware of any such Communications.**

Request No. 2: All COMMUNICATIONS between you or any other TTi employee and Plaintiffs' counsel regarding Zofran and birth defects.

**Response: Per the objection made by Plaintiff's counsel at her deposition, Dr. Weiner objects to producing the requested documents on the grounds that such communications are privileged communications with a consulting expert witness and are not discoverable.**

**Without waiving this objection, Dr. Weiner is not aware of any such Communications between any other employee of TTi and Plaintiffs' counsel.**

Eva Canaan, Esq.
February 15, 2019
Page 2


Request No. 3:  Concerning the Study:  The entire Stata/MP13.1, SAS, or any other statistical software output/printout of the analyses, including the final analyses and preliminary or other analyses that were not reported in the Study. To the extent necessary, generate this output/printout from the existing Stata/MP13.1 codes.

**Response:  No such documents exist.  In addition, Dr. Zambelli-Weiner objects to the Request to the extent it requests that she generate any such documents on the grounds that such documents are outside the scope of the Court's January 18, 2019 Order; and that the Request is not proportional to the needs of the case considering the lack of relevance such information has to discovering what influence, if any, Dr. Zambelli-Weiner's financial arrangements with Plaintiff's counsel had on the Study and the additional time, burden and expense that would be imposed on this non-party witness in having to respond to such request.**


Request No. 4:  All DOCUMENTS concerning any analyses or data relating to Zofran and birth defects that were not reported in the Study.

**Response:   Dr. Zambelli-Weiner objects to the Request on the grounds that it seeks documents outside the scope of the Court's January 18, 2019 Order; and that the Request is not proportional to the needs of the case considering the lack of relevance such information has to discovering what influence, if any, Dr. Zambelli-Weiner's financial arrangements with Plaintiff's counsel had on the Study and the additional time, burden and expense that would be imposed on this non-party witness in having to respond to such request.**


Request No. 5:  All communications between you or any other employee of TTi, and Truven Health Analytics and/or Truven Health MarketScan regarding the Study.

**Response:   Dr. Zambelli-Weiner objects to the Request on the grounds that it seeks documents outside the scope of the Court's January 18, 2019 Order; and that the Request is not proportional to the needs of the case considering the lack of relevance such information has to discovering what influence, if any, Dr. Zambelli-Weiner's financial arrangements with Plaintiff's counsel had on the Study and the additional time, burden and expense that would be imposed on this non-party witness in having to respond to such request.**

Eva Canaan, Esq.
February 15, 2019
Page 3

<u>Request No. 6</u>:  All DOCUMENTS concerning any analyses or data relating to other antiemetics and birth defects that were analyzed pursuant to the "Antiemetic Study Proposed Protocol."

**Response:  Dr. Zambelli-Weiner objects to the Request on the grounds that it seeks documents outside the scope of the Court's January 18, 2019 Order; and that the Request is not proportional to the needs of the case considering the lack of relevance such information has to discovering what influence, if any, Dr. Zambelli-Weiner's financial arrangements with Plaintiff's counsel had on the Study and the additional time, burden and expense that would be imposed on this non-party witness in having to respond to such request.**

<u>Request No. 7</u>:  Unredacted copies of all DOCUMENTS produced on January 25, 2019, bates numbered AZW-1 through AZW-28.

**Response:  Dr. Zambelli-Weiner objects to the Request per the Court's January 18, 2019 Order that prohibited disclosure of research and work that was not related to ondansetron exposure and risk.  Without waiving this objection, Dr. Zambelli-Weiner notes that unredacted copies of AZW 3-4 were contained in the Kirby production (Kirby 367-368).**

<u>Request No. 8:</u> All COMMUNICATIONS between you and Robert Jenner, or any other Plaintiffs' counsel, on, or after, November 12, 2018.

**Response:   Per the objection made by Plaintiff's counsel at her deposition, Dr. Zambelli-Weiner objects to producing the requested documents on the grounds that such communications are privileged communications with a consulting expert witness and are not discoverable.**

<u>Request No. 9</u>:  All COMMUNICATIONS between you and Dr. Russell Kirby, or any other Study author, regarding the Study.

**Response:   Dr. Zambelli-Weiner objects to the Request on the grounds that it seeks documents outside the scope of the Court's January 18, 2019 Order; and that the Request is not proportional to the needs of the case considering the lack of relevance such information has to discovering what influence, if any, Dr. Zambelli-Weiner's financial arrangements with Plaintiff's counsel had on the Study and the additional time, burden and expense that would be imposed on this non-party witness in having to respond to such request.**

Eva Canaan, Esq.
February 15, 2019
Page 4

<u>Request No. 10:</u>  All COMMUNICATIONS between you and Dr. Russell Kirby regarding Zofran and birth defects.

**<u>Response</u>:   Dr. Zambelli-Weiner objects to the Request on the grounds that it seeks documents outside the scope of the Court's January 18, 2019 Order; and that the Request is not proportional to the needs of the case considering the lack of relevance such information has to discovering what influence, if any, Dr. Zambelli-Weiner's financial arrangements with Plaintiff's counsel had on the Study and the additional time, burden and expense that would be imposed on this non-party witness in having to respond to such request.**

<u>Request No. 11:</u>  All COMMUNICATIONS between you and Dr. Russell Kirby regarding the "Antiemetic Study Proposed Protocol."

**<u>Response</u>:   Dr. Zambelli-Weiner objects to the Request on the grounds that it seeks documents outside the scope of the Court's January 18, 2019 Order; and that the Request is not proportional to the needs of the case considering the lack of relevance such information has to discovering what influence, if any, Dr. Zambelli-Weiner's financial arrangements with Plaintiff's counsel had on the Study and the additional time, burden and expense that would be imposed on this non-party witness in having to respond to such request.**

<u>Request No. 12:</u>  All COMMUNICATIONS between you and Dr. Russell Kirby regarding the deposition subpoenas in the Zofran birth defects litigation.

**<u>Response</u>:   Dr. Zambelli-Weiner objects to the Request on the grounds that it seeks documents outside the scope of the Court's January 18, 2019 Order; and that the Request is not proportional to the needs of the case considering the lack of relevance such information has to discovering what influence, if any, Dr. Zambelli-Weiner's financial arrangements with Plaintiff's counsel had on the Study and the additional time, burden and expense that would be imposed on this non-party witness in having to respond to such request.**

<u>Request No. 13:</u>  All retention and/or consulting agreements between TTi and Grant & Eisenhofer.

Eva Canaan, Esq.
February 15, 2019
Page 5

**Response:** Per the objection made by Plaintiff's counsel at her deposition, Dr. Weiner objects to producing the requested documents on the grounds that such communications are privileged communications with a consulting expert witness and are not discoverable.

Request No. 14: All invoices and billing records concerning consulting services rendered by TTi to Grant & Eisenhofer.

**Response:** Per the objection made by Plaintiff's counsel at her deposition, Dr. Weiner objects to producing the requested documents on the grounds that such communications are privileged communications with a consulting expert witness and are not discoverable.

Request No. 15: All PowerPoints and/or other presentation materials or handouts from your October 2015 presentation at the Mass Torts Made Perfect conference in Las Vegas.

**Response:** Dr. Zambelli-Weiner objects to the Request on the grounds that it seeks documents outside the scope of the Court's January 18, 2019 Order; and that the Request is not proportional to the needs of the case considering the lack of relevance such information has to discovering what influence, if any, Dr. Zambelli-Weiner's financial arrangements with Plaintiff's counsel had on the Study and the additional time, burden and expense that would be imposed on this non-party witness in having to respond to such request.

**Without waiving this objection, Dr. Zambelli-Weiner is not in possession of any documents responsive to this Request.**

Request No. 16: All communications between you and Robert Jenner and/or Elizabeth Graham regarding the October 2015 Mass Torts Made Perfect conference in Las Vegas.

**Response:** Dr. Zambelli-Weiner objects to the Request on the grounds that it seeks documents outside the scope of the Court's January 18, 2019 Order; and that the Request is not proportional to the needs of the case considering the lack of relevance such information has to discovering what influence, if any, Dr. Zambelli-Weiner's financial arrangements with Plaintiff's counsel had on the Study and the additional time, burden and expense that would be imposed on this non-party witness in having to respond to such request.

Eva Canaan, Esq.
February 15, 2019
Page 6

**Without waiving this objection, Dr. Zambelli-Weiner is not in possession of any documents responsive to this Request.**

Request No. 17: All email correspondence and/or other communications between you, any other TTi employee, or Study co-author and the New England Journal of Medicine concerning the basis for rejection of the study titled "First Trimester Ondansetron Exposure and Risk of Structural Birth Defects."

**Response:   Dr. Zambelli-Weiner objects to the Request on the grounds that it seeks documents outside the scope of the Court's January 18, 2019 Order; and that the Request is not proportional to the needs of the case considering the lack of relevance such information has to discovering what influence, if any, Dr. Zambelli-Weiner's financial arrangements with Plaintiff's counsel had on the Study and the additional time, burden and expense that would be imposed on this non-party witness in having to respond to such request.**

**In addition, Dr. Zabmelli-Weiner objects to this Request on the grounds that it seeks confidential and privileged peer review documents of the New England Journal of Medicine.**

Request No. 18:  All handouts distributed by TTi at the International Society for Pharmacoeconomics and Outcomes Research (ISPOR) in May 2018.

**Response:   Dr. Zambelli-Weiner objects to the Request on the grounds that it seeks documents outside the scope of the Court's January 18, 2019 Order; and that the Request is not proportional to the needs of the case considering the lack of relevance such information has to discovering what influence, if any, Dr. Zambelli-Weiner's financial arrangements with Plaintiff's counsel had on the Study and the additional time, burden and expense that would be imposed on this non-party witness in having to respond to such request.**

**Without waiving this objection, Dr. Zambelli-Weiner produces herewith a copy of the handout relating to the Study that was made available at the ISPOR conference.**

Request No. 19:  All peer-review comments received concerning the Study.

**Response:   Dr. Zambelli-Weiner objects to the Request on the grounds that it seeks documents outside the scope of the Court's January 18, 2019 Order, as**

Eva Canaan, Esq.
February 15, 2019
Page 7

**clarified by the Court during the conference with the Court on February 1, 2019; and that the Request is not proportional to the needs of the case considering the lack of relevance such information has to discovering what influence, if any, Dr. Zambelli-Weiner's financial arrangements with Plaintiff's counsel had on the Study and the additional time, burden and expense that would be imposed on this non-party witness in having to respond to such request.**

**In addition, Dr. Zabmelli-Weiner objects to this Request on the grounds that it seeks confidential and privileged peer review documents of the Journal of Reproductive Toxicology.**

In addition, please be advised that it is our position that any formal motion by you to seek to compel the production of any of these documents should be undertaken <u>prior</u> to Dr. Zambelli-Weiner's continued deposition – if, instead, you decide to proceed on Feb 20 without filing such motion and without continuing her deposition until the court has ruled on any such motion, please understand that in the event at some point later she is ordered to produce some or all of the requested documents Dr. Zambelli-Weiner will not consent to returning for a third day.

Very truly yours,

Eric W. Gunderson

cc:   David Bonnin, Esq.