

Pogust Millrood, LLC
161 Washington Street
Suite 940
Conshohocken, PA 19428
T: (610) 941-4204
F: (610) 941-4245
www.pogustmillrood.com

Tobias L. Millrood
tmillrood@pogustmillrood.com

March 8, 2019

Via CM/ECF
The Honorable F. Dennis Saylor, IV
United States District Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

      Re:   *In Re Zofran (Ondansetron) Products Liability Litigation,* MDL No. 2657

Dear Judge Saylor:

      We are in receipt of additional available Court dates for *Daubert* following the email from GSK counsel to the Court staff that they are not available. At the Court's recent status conference on March 5 - the originally scheduled *Daubert* date - the Court asked the parties to confer to try to agree on additional dates for *Daubert* argument on general causation. The Court expressed its preference that the argument proceed promptly and not past mid-April. Of the alternative dates offered by the Court, plaintiffs informed GSK of their availability to argue the motions on March 21 and 22, and explained that pushing the hearing beyond March will become exceedingly difficult for us because we have scheduled other matters on the understanding that the hearing would occur in March. Rather than respond to plaintiffs, Ms. Hill advised the Court, without providing any explanation for why, that March 21 and 22 do not work for GSK. Plaintiffs, having accommodated GSK's request to postpone the argument, respectfully submit that GSK should agree to the March 21 and 22 dates for the argument. GSK's refusal to do so, and with no explanation, is not only disappointing but also prejudicial.

      If the Court does not set the argument for March 21 and 22, then of the original dates offered by the Court, plaintiffs' counsel have made re-arrangements with our team to be available to argue the motions on April 1 and 5, two of the other original dates offered by the Court. Beyond these dates, counsel for plaintiffs involved in arguing the motion are committed to travel on other matters each week through the third week of May, and will be occupied on case-specific matters for bellwether trials, a fact that we communicated clearly to Ms. Hill when we extended the courtesy of rescheduling the original argument. If scheduling the argument on these dates is not possible, plaintiffs are willing to have the Court decide the motion on the papers so as not to lose time on the trial dates and interim dates.

The Honorable F. Dennis Saylor, IV
March 8, 2019
Page 2

      In addition, since the March 5 conference, when the Court expressed the view that neither side should gain an unfair advantage from postponement of the *Daubert* argument, GSK has issued a subpoena on Dr. Kirby (who has already been deposed), a motion to compel the re-deposition of Dr. Louik, a motion to compel additional discovery from Dr. Zambelli-Weiner, and a request for additional follow up on discovery of Plaintiffs' lawyers.  More discovery is threatened as well.

      All of these circumstances suggest GSK is indeed seeking to take advantage intent of Plaintiffs' courtesy of the rescheduling of the *Daubert* argument, knowing that extended delay of the argument unfairly prejudices plaintiffs.  The argument should proceed on March 21 and 22, or no later than April 1 and 5, and if those are not available to the Court, then the matter should be decided on the papers.

      Respectfully,

      Tobias L. Millrood

TLM/rsw

cc:    Jennifer Hill, Esquire – via email