

March 11, 2019

Jennifer Hill

**VIA ECF**
Hon. F. Dennis Saylor, IV
United States District Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

2555 Grand Blvd.
Kansas City, Missouri 64108
**t** 816.474.6550
**dd** 816.559.2569
**f** 816.421.5547
jshill@shb.com

Re:   In re: Zofran® Products Liability Litigation; 1:15-md-2657

Dear Judge Saylor:

I write in response to Plaintiffs' counsel's letter to the Court on March 8. While the Court provided multiple options to reschedule the *Daubert* hearing, Plaintiffs informed GSK that, out of all of the options, they could "only do March 21 and 22." Because those dates are not available for GSK, GSK requested additional dates so the parties can work cooperatively to schedule the hearing for a mutually acceptable time.

This began as a fairly straightforward scheduling issue, but various litigation events have since overtaken the parties' attempts to get this hearing calendared. Serious substantive and ethical concerns have come to pass with Plaintiffs' expert witnesses and consultants that have extended the need for a full record on the topic. As noted below, just one example involving Dr. Zambelli-Weiner has become a material, potentially litigation-changing development. The same may be true for Dr. Louik and others. What we now know is that no *Daubert* hearing should take place until all supplemental reports and any necessary responses have been submitted. The Court and the parties deserve a complete record. Otherwise, there would potentially have to be a second or a third *Daubert* hearing, which would only further burden the Court and cause further delay.

While Plaintiffs seem intent on scheduling the hearing quickly and unilaterally, there is simply no reason to force the Court into a rushed decision on issues of great consequence based on a less than complete record. Plaintiffs themselves acknowledge that they plan to serve supplemental reports for the experts at issue. Plaintiffs' supplemental reports have not been served, despite their stated desire to move forward with the *Daubert* hearing in 10 days. GSK should have the opportunity to consider these forthcoming supplemental reports and decide whether any response is necessary.

Plaintiffs' claims that they are prejudiced by any delay are baseless. At every turn, they have obfuscated GSK's efforts to take discovery on their relationship with Dr. Zambelli-Weiner through improper objections, motion practice, and



March 11, 2019
Page 2

inconsistent representations. For example, they recently acknowledged in their discovery responses that "**Plaintiffs' Leadership Attorneys paid $210,000 as financial support relating to**" **Dr. Zambelli-Weiner's study** (Pls.' Responses to GSK's Interrogatories, No. 1 (March 1, 2019) (Doc. 1382-2)), yet, just four days later, they represented to the Court that they "did absolutely nothing to directly financially support the study or pay anything in support of the study." March 5, 2019, Tr. at 12:19-21.

Still, as Plaintiffs' counsel is well aware, GSK's inquiries into this important issue, including each of the efforts taken since March 5, were underway long before the need to reschedule the hearing arose. Specifically:

- The documents requested through a subpoena to Dr. Kirby were originally requested in a deposition notice issued on February 8 and/or at his deposition on February 26.

- Plaintiffs have known of GSK's intent to seek additional testimony from Dr. Louik since February 23, when GSK specifically solicited Plaintiffs' position on its forthcoming motion.

- GSK met and conferred with Dr. Zambelli-Weiner's counsel on February 22 regarding the deficiencies with her responses to GSK's requests, which GSK served on February 8.

- GSK served its written discovery to Plaintiffs on January 30, which consisted of six total requests. Plaintiffs, for their part, took a full 30 days to respond to one interrogatory in full and one interrogatory in small part.

GSK awaits resolution on each of these items.

GSK can be available for a hearing on May 7-8 or 15-16. Both parties previously agreed that having back-to-back dates would be preferable over separate dates, like April 1 (Monday) and April 5 (Friday). If Plaintiffs cannot accommodate the May dates, we will gladly confer on later options that work for both sides.

Respectfully submitted,

*Jennifer Hill*

Jennifer Hill

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent via first class mail to those identified as non-registered participants.

      /s/ Jennifer Stonecipher Hill
      Jennifer Stonecipher Hill