UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE : ZOFRAN® (ONDANSETRON) PRODUCTS LIABILITY LITIGATION** | MDL No. 1:15-md-2657-FDS<br><br>This document relates to:<br><br>All Actions |

**DEFENDANT GSK'S MEMORANDUM IN SUPPORT OF ITS [PROPOSED] ORDER REGARDING PHASE 5 TRIAL SELECTIONS AND SETTINGS**

GSK's proposal for Phase 5 trial selections and settings promotes the critical goal of trying representative bellwether cases, and it is consistent with the procedures followed in the vast majority of MDLs. Plaintiffs' proposal, on the other hand, runs the risk of moving the least representative cases to the front of the line for trial.

Both parties agree that the initial trial pool should consist of four cases. Under GSK's proposal, however, each party would select two cases from among the other party's four Group 1 selections. The Court would then set the order of these four cases for trial. In order to guide the Court's decision on trial order, the parties would each submit a report of no more than 10 pages summarizing the four trial pool cases. GSK's proposal encourages more representative trials, by permitting each side to eliminate the outlier cases from the trial pool, with the ultimate trial order set by the Court.

It is well-settled that bellwether trials should be as representative as possible. *See, e.g.*, Manual for Complex Litigation, Fourth (MCL 4th) § 22.315 (2004) (noting that if "bellwether trials, or test cases, are to produce reliable information about other mass tort cases, the specific plaintiffs and their claims should be representative of the range of cases"); Rothstein, et al., Managing Multidistrict Litigation In Products Liability Cases: A Pocket Guide For Transferee

Judges, 44 (Fed. Judicial Ctr. 2011), available at https://www.fjc.gov/sites/default/files/2012/MDLGdePL.pdf ("The more representative the bellwether cases, the more reliable the information about similar cases will be."). For this reason, trial selection orders commonly allow the parties to eliminate cases from the trial pool—often by striking or vetoing the opposing party's selections—to get to a more representative pool of cases for trial. For example, vetoes or strikes were used in the following cases:

- *In re Vioxx Prod. Liab. Litig.,* 501 F. Supp. 2d 789, 791 (E.D. La. 2007) (two veto strikes)

- *In re Xarelto (Rivaroxabin) Prod. Liab. Litig.*, MDL 2592, CMO No. 5 [Doc. 3745], at 2 (E.D. La. Sept 1, 2016) (one strike per party) (attached as Exhibit B)

- *In re Yasmin and Yaz Prod. Liab. Litig.*, MDL 2100, CMO No. 24, at * 10-11 (S.D. Ill. Oct. 13, 2010) (two vetoes per party) (attached as Exhibit C)

- *In re Medtronic, Inc. Implantable Defibrillator Prod. Liab. Litig*., No. CIV 05MD1726 JMR/AJB, 2007 WL 846642, at *3 (D. Minn. Mar. 6, 2007) (alternating preemptory strikes)

- *In re Bausch & Lomb Contact Lens Solution Prod. Liab. Litig.*, No. 2:06-MN-77777-DCN, Pretrial Order No. 12 (D.S.C. Jan. 14, 2008) (two strikes per side) (attached as Exhibit D)

- *In re Gadolinium-Based Contrast Agents Prod. Liab. Litig.*, No. 1:08GD50000, CMO No. 12 (N.D. Ohio May 12, 2009) (five strikes per side) (attached as Exhibit E)

- *In re Effexor (Venlafaxine Hydrochloride) Prod. Liab. Litig*., MDL No. 2458, CMO No. 18 [Doc 257], at 11 (E.D. Pa. May 27, 2015) (one strike per party, with additional strikes for dismissed cases) (attached as Exhibit F)

- *In re Gen. Motors LLC Ignition Switch Litig.,* No. 14-MC-2543 (JMF), 2016 WL 1441804, at *3 (S.D.N.Y. Apr. 12, 2016) (two strikes per side)

- *In re Norplant Contraceptive Prod. Litig.*, MDL No. 1038, 1996 WL 571536, at *1 (E.D. Tex. Aug. 13, 1996) (defendant could either strike one bellwether selection for each voluntary dismissal, or to choose first trial case)

- *In re Mirena IUD Prod. Liab. Litig.*, No. 2:13-md-02434, CMO No. 24, at ¶¶ 4-12 (S.D.N.Y. April 20, 2015) (providing for strikes to balance dismissals depending on the timing of the dismissal and the party who initially nominated the case) (attached as Exhibit G)

- *In re Lipitor Prod. Liab. Litig.*, MDL 2502, CMO No. 19 [Doc. 539] at *4 (D.S.C Oct. 1, 2014) (three strikes per side) (attached as Exhibit H)[1]

Allowing the court to set the order of cases to be tried, often following the elimination of cases from the trial pool, helps to further ensure that bellwether trials are more representative. MDL courts very commonly follow this approach:

- *In re Medtronic,* 2007 WL 846642, at *4 (D. Minn. Mar. 6, 2007) (after alternating preemptory strikes, if parties could not agree on trial order, the court would select the order of trials)

- *In re Boston Scientific Corp. Pelvic Repair Syst. Prod. Liab. Litig.*, MDL No. 2326, Pretrial Order No. 51 [Doc. 491], at 2 (S.D. W. Va. Aug. 7, 2013) ("I will choose six (6) bellwether cases…for the three rounds of trial") (attached as Exhibit I)

- *In re Effexor (Venlafaxine Hydrochloride) Prod. Liab. Litig.*, CMO No. 18 at 11 (parties submitted summaries of cases and "the final decision as to the order in which cases will be tried rests with the Court") (Ex. F)

- *In re Xarelto*, CMO No. 5 [Doc. 3745], at *2 (E.D. La. Sept 1, 2016) (parties each nominate three trial candidates, each side gets one strike, then court randomly selects first trial case) (Ex. B)

- *In re Invokana (Canagloflozin) Prod. Liab. Litig.,* MDL 2750, CMO No. 10, at *3 (D. N. J. May 1, 2017) (Parties each chose three cases from bellwether pool and the court then chose three of those cases to be the first three trials) (attached as Exhibit J)

- *In re Yasmin*, CMO No. 24 at * 10-11 (parties selected twelve cases total and each party then got two vetoes with court selecting trial cases) (Ex. C)

- *In re Taxotere Prod. Liab. Litig.,* MDL 2740, CMO No. 3 [Doc. 669], at *1-2 (E.D. La. July 21, 2017) (parties select bellwether cases then court selects the first trial and three alternates based on presentations by the parties on the cases) (attached as Exhibit K)

---

[1] *See also* Rothstein, et al., MANAGING MULTIDISTRICT LITIGATION IN PRODUCTS LIABILITY CASES: A POCKET GUIDE FOR TRANSFEREE JUDGES 44 (Fed. Judicial Ctr. 2011), available at https://www.fjc.gov/sites/default/files/2012/MDLGdePL.pdf ("[B]y permitting each side a certain number of vetoes, you can minimize the chances of an unrepresentative case serving as a bellwether trial."); Eldon E. Fallon et. al., Bellwether Trials in Multidistrict Litigation, 82 Tul. L. Rev. 2323, 2365 (2008) ("Regardless of which method is ultimately employed, a transferee court should consider allowing each side of coordinating attorneys to veto or strike from consideration a predetermined number of cases in the trial-selection pool.").

- *In re Zoloft Prod. Liab. Litig.,* MDL No. 2342, Pretrial Order No. 52, at *1 (E.D. Pa. March 14, 2014) (parties each selected three cases for trial pool and court selected two for trial) (attached as Exhibit L)

- *In re Digitek Prod. Liab. Litig.*, MDL No. 1968, Pretrial Order No. 16 [Doc. 87], at *15-17 (S.D. W. Va. March 5, 2009) (the parties presented the court with ten cases and court scheduled the five trial cases) (attached as Exhibit M)

- *In re Vioxx,* 501 F. Supp. 2d at 791 (two veto strikes then court set trials from each party's picks on a rotating basis)

- *In re Lipitor*, CMO No. 19 [Doc. 539] at *5 (D.S.C Oct. 1, 2014) (Court will randomly select first two trials where second trial must be a different parties' pick than the first) (Ex. H)

GSK's proposal, attached as Exhibit A, is consistent with the procedure followed in these and other MDLs. On the other hand, Plaintiffs propose they be permitted to unilaterally select the first trial case and the back-up case for that trial setting. Plaintiffs assert that this will "empower the parties" to select the first cases set for trial. But empowering Plaintiffs to choose their favorite case out of the more than 400 cases currently pending is the antithesis of trying a representative case. Plaintiffs' proposal risks the skewed verdicts the MCL has cautioned against and would tell the parties little about the remaining cases on file. *See* MCL 4th § 22.315 (2004) (recognizing that allowing either party to decide which case to try initially "may skew the information that is produced").

Accordingly, GSK asks the Court to enter its Proposed Order Regarding Phase 5 Trial Selections and Settings.

Dated: April 5, 2019

Respectfully submitted,

*/s/ Jennifer Stonecipher Hill*
Madeleine M. McDonough
Jennifer M. Stevenson
Jennifer Stonecipher Hill
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
mmcdonough@shb.com
jstevenson@shb.com
jshill@shb.com
*Admitted pro hac vice*

Mark D. Seltzer (BBO # 556341)
Brian K. French (BBO # 637856)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Telephone: 617-345-1000
Facsimile: 617-345-1300
mseltzer@nixonpeabody.com
bfrench@nixonpeabody.com
George W. Vien (BBO # 547411)

DONNELLY, CONROY & GELHAAR LLP
260 Franklin Street, Suite 1600
Boston, MA 02110
Telephone: 617-720-2880
Facsimile: 617-720-3554
gwv@dcglaw.com

*Attorneys for Defendant GlaxoSmithKline LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of April, 2019, the foregoing document was sent electronically to all registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via first class mail to those identified as non-registered participants.

/s/ *Jennifer S. Hill*
Jennifer S. Hill