# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **IN RE : ZOFRAN® (ONDANSETRON) PRODUCTS LIABILITY LITIGATION** | **MDL No. 1:15-md-2657-FDS**<br><br>**This document relates to:**<br><br>*Aleksanyan v. GlaxoSmithKline LLC,*<br>     **Case No.  1:19-cv-10603**<br>*Arellanes  v. GlaxoSmithKline LLC,*<br>     **Case No.  1:15-cv-13743**<br>*Betschart v. GlaxoSmithKline LLC,*<br>     **Case No.  1:16-cv-11042**<br>*Birt v. GlaxoSmithKline LLC,*<br>     **Case No.  1:15-cv-13740**<br>*Bivens v. GlaxoSmithKline LLC,*<br>     **Case No.  1:17-cv-10286**<br>*Black v. GlaxoSmithKline LLC,*<br>     **Case No.  1:17-cv-10953**<br>*Blair v. GlaxoSmithKline LLC,*<br>     **Case No.  1:16-cv-11140**<br>*Blas v. GlaxoSmithKline LLC,*<br>     **Case No.  1:15-cv-14065**<br>*Boswell v. GlaxoSmithKline LLC,*<br>     **Case No.  1:15-cv-13940**<br>*Boyack v. GlaxoSmithKline LLC,*<br>     **Case No.  1:18-cv-11874**<br>*Cameron v. GlaxoSmithKline LLC,*<br>     **Case No.  1:16-cv-12111**<br>*Crowell v. GlaxoSmithKline LLC,*<br>     **Case No.  1:17-cv-12389**<br>*Cruz v. GlaxoSmithKline LLC,*<br>     **Case No.  1:17-cv-10167**<br>*Cummings v. GlaxoSmithKline LLC,*<br>     **Case No.  1:15-cv-13775**<br>*Curington v. GlaxoSmithKline LLC,*<br>     **Case No.  1:15-cv-13889**<br>*Daniels v. GlaxoSmithKline LLC,*<br>     **Case No.  1:18-cv-00674**<br>*Davis v. GlaxoSmithKline LLC,*<br>     **Case No.  1:16-cv-10825**<br>*De la Cruz v. GlaxoSmithKline LLC,*<br>     **Case No.  1:17-cv-10372**<br>*Echols v. GlaxoSmithKline LLC,*<br>     **Case No.  1:15-cv-13759** |

*Fair v. GlaxoSmithKline LLC,*
    **Case No.  1:17-cv-10755**
*Fuentez v. GlaxoSmithKline LLC,*
    **Case No.  1:17-cv-10676**
*Goodwin v. GlaxoSmithKline LLC,*
    **Case No.  1:15-cv-13828**
*Green v. GlaxoSmithKline LLC,*
    **Case No.  1:16-cv-10720**
*Griffin v. GlaxoSmithKline LLC,*
    **Case No.  1:17-cv-11890**
*Griffin-Sperbeck v. GlaxoSmithKline LLC,*
    **Case No.  1:17-cv-10097**
*Guzman v. GlaxoSmithKline LLC,*
    **Case No.  1:17-cv-11035**
*Hall v. GlaxoSmithKline LLC,*
    **Case No.  1:17-cv-12394**
*Hernandez v. GlaxoSmithKline LLC,*
    **Case No.  1:17-cv-10277**
*Hill v. GlaxoSmithKline LLC,*
    **Case No.  1:16-cv-12388**
*Ingham v. GlaxoSmithKline LLC,*
    **Case No.  1:19-cv-10698**
*Johnson v. GlaxoSmithKline LLC,*
    **Case No.  1:17-cv-11274**
*Jones v. GlaxoSmithKline LLC,*
    **Case No.  1:16-cv-11518**
*Kennelly v. GlaxoSmithKline LLC,*
    **Case No. 1:18-cv-10825**
*Killpack v. GlaxoSmithKline LLC,*
    **Case No.  1:17-cv-10336**
*Koontz v. GlaxoSmithKline LLC,*
    **Case No.  1:17-cv-10957**
*Lambeth v. GlaxoSmithKline LLC*,
    **Case No.  1:15-cv-13931;**
*Lara v. GlaxoSmithKline LLC,*
    **Case No.  1:16-cv-10198**
*Larson v. GlaxoSmithKline LLC,*
    **Case No.  1:16-cv-11829**
*Leath v. GlaxoSmithKline LLC,*
    **Case No.  1:15-cv-13917**
*Lee v. GlaxoSmithKline LLC,*
    **Case No.  1:17-cv-10592**
*Lowery v. GlaxoSmithKline LLC,*
    **Case No.  1:17-cv-11854**
*Mandoyan v. GlaxoSmithKline LLC,*
    **Case No.  1:15-cv-13564**

2

*Marlenee v. GlaxoSmithKline LLC,*
        **Case No. 1:15-cv-13585**
*Mauss v. GlaxoSmithKline LLC,*
        **Case No. 1:16-cv-10469**
*Mayo v. GlaxoSmithKline LLC,*
        **Case No. 1:15-cv-13207**
*McGee v. GlaxoSmithKline LLC,*
        **Case No. 1:18-cv-12272**
*Meads v. GlaxoSmithKline LLC,*
        **Case No. 1:17-cv-12579**
*Michael v. GlaxoSmithKline LLC,*
        **Case No. 1:17-cv-12389**
*Mirandola v. GlaxoSmithKline LLC,*
        **Case No. 1:16-cv-11440**
*Myint v. GlaxoSmithKline LLC,*
        **Case No. 1:18-cv-10149**
*Newman v. GlaxoSmithKline LLC,*
        **Case No. 1:15-cv-13974**
*Nicholson v. GlaxoSmithKline LLC,*
        **Case No. 1:17-cv-11490**
*Ortiz v. GlaxoSmithKline LLC,*
        **Case No. 1:18-cv-10703**
*Parden v. GlaxoSmithKline LLC,*
        **Case No. 1:15-cv-13973**
*Poe v. GlaxoSmithKline LLC,*
        **Case No. 1:15-cv-13937**
*Powell v. GlaxoSmithKline LLC,*
        **Case No. 1:18-cv-10775**
*Printz v. GlaxoSmithKline LLC,*
        **Case No. 1:17-cv-10099**
*Ray v. GlaxoSmithKline LLC,*
        **Case No. 1:15-cv-14103**
*Roberts v. GlaxoSmithKline LLC,*
        **Case No. 1:15-cv-13710**
*Scangarello v. GlaxoSmithKline LLC,*
        **Case No. 1:18-cv-11085**
*Schacht v. GlaxoSmithKline LLC,*
        **Case No. 1:15-cv-14085**
*Schmitt v. GlaxoSmithKline LLC,*
        **Case No. 1:17-cv-11960**
*Shepherd v. GlaxoSmithKline LLC,*
        **Case No. 1:18-cv-10973**
*Smith v. GlaxoSmithKline LLC,*
        **Case No. 1:17-cv-10981**
*Southerland v. GlaxoSmithKline LLC,*
        **Case No. 1:16-cv-10197**

*Stacy v. GlaxoSmithKline LLC,*
    **Case No.  1:17-cv-10350**
*Swaim v. GlaxoSmithKline LLC,*
    **Case No.  1:15-cv-14122**
*Titus v. GlaxoSmithKline LLC,*
    **Case No.  1:15-cv-14148**
*Wentz v. GlaxoSmithKline LLC,*
    **Case No.  1:16-cv-12467**
*Wilkinson v. GlaxoSmithKline LLC,*
    **Case No.  1:15-cv-13920**
*Wilkinson v. GlaxoSmithKline LLC,*
    **Case No.  1:19-cv-10270**
*Zgurski v. GlaxoSmithKline LLC,*
    **Case No.  1:15-cv-14038**

### DEFENDANT GLAXOSMITHKLINE LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT BASED ON LACK OF GENERAL CAUSATION EVIDENCE

GSK moves for summary judgment on all cases that allege Zofran-caused injuries *other than* cardiac and isolated cleft palate. Regardless of how the Court rules on GSK's *Daubert* motion, Plaintiffs' counsel conceded that Plaintiffs lack the requisite scientific support to prove general causation in any case that does not allege a cardiac defect or isolated cleft palate. At the recent *Daubert* hearing on general causation, a member of the Plaintiffs' Steering Committee admitted: "**I don't believe that the scientific evidence has caught up to proving those if they are simply existing on an independent basis outside of a heart or a palate.**" *Daubert* Day 3 Hearing Trans. at 4-22, lines 15-19 (April 26, 2019) (emphasis added), attached as Exhibit 2. Because Plaintiffs admit that they cannot prove an essential element of their prima facie cases (*i.e.*, causation), their claims must be dismissed. GSK recognizes that the cleft lip with or without cleft palate cases were addressed at the *Daubert* hearing on April 24-26, 2019 and its *Daubert* motion as to these claims is currently pending. Nonetheless, the discussions and argument at the *Daubert* hearing revealed that there is no genuine issue of material fact about the state of the scientific evidence on whether

Zofran causes cleft lip with or without cleft palate. With this in mind, GSK seeks summary judgment on the cases alleging non-cardiac and non-isolated cleft palate injuries, which are set forth in Exhibit 1.

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine" issue is one "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "A fact is 'material' if its existence or nonexistence has the potential to change the outcome of the suit." *Borges ex rel. S.M.B.W. v. Serrano-Isern*, 605 F.3d 1, 5 (1st Cir. 2010). Once the moving party makes an initial showing "that there is no genuine issue of material fact which requires resolution in the crucible of a trial," the burden shifts to the non-moving party to set forth "specific facts … that a trialworthy issue remains." *Cadle Co. v. Hayes*, 116 F.3d 957, 960 (1st Cir. 1997). "Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

## ARGUMENT

General causation is an essential element for all Plaintiffs' claims. *In re Neurontin Mktg., Sales Practices, & Products Liab. Litig.*, 612 F. Supp. 2d 116, 123 (D. Mass. 2009) ("[To prevail in a pharmaceutical personal injury case, a plaintiff must establish two types of causation: general and specific."). *See, e.g.*, *In re Bextra and Celebrex Mktg. Sales Practices and Prod. Liab. Litig.*, 524 F. Supp. 2d 1166, 1171–72 (N.D. Cal. 2007) (consumers alleging cardiovascular injury in a

products liability suit against drug manufacturer); *In re Rezulin Prods. Liab. Litig.*, 369 F. Supp. 2d 398, 401–02 (S.D.N.Y. 2005) (diabetes patients alleging liver injuries in products liability actions against drug manufacturer)); *Jackson v. Johnson & Johnson & Janssen Pharm., Inc*., 330 F. Supp. 3d 616, 624–25 (D. Mass. 2018) (To "prevail in a pharmaceutical personal injury case, a plaintiff must establish two types of causation: general and specific. General causation refers to a drug's ability to cause the injury generally, while specific causation establishes that the drug did cause the injury in this case.") (citations omitted). Expert testimony is necessary to establish general causation in complex products liability cases involving prescription drugs. *See Milward v. Rust-Oleum Corp.*, 820 F.3d 469, 476 (1st Cir. 2016) ("[I]f the causation question involves questions of medical science or technology, the jury requires the assistance of expert testimony."); *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prod. Liab. Litig.,* 226 F. Supp. 3d 557, 570-77 (D.S.C. 2017), *aff'd sub nom. In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prod. Liab. Litig. (No II)* MDL 2502, 892 F.3d 624 (4th Cir. 2018) (summarizing cases from every jurisdiction and stating "while the specific language used by courts vary to some degree, all jurisdictions require expert testimony at least where the issues are medically complex and outside common knowledge and lay experience."); *In re Baycol Prods. Litig.*, 321 F. Supp. 2d 1118, 1126 (D. Minn. 2004); *see also In re Mirena IUD Prod. Liab. Litig*., 202 F. Supp. 3d 304, 311 (S.D.N.Y. 2016), *aff'd*, 713 F. App'x 11 (2d Cir. 2017) ("Expert testimony is required in cases involving complex causation issues, including medical device cases, because without it the jury is left to speculate on medical issues with which the average person is unfamiliar."). In sum, without admissible evidence of causation, a plaintiff's claims that a medicine causes an alleged injury cannot proceed.

Plaintiffs cannot meet their burden to establish general causation. At the *Daubert* hearing, Plaintiffs' counsel admitted that Plaintiffs lack the necessary scientific support to prove causation in any case that does not allege a cardiac defect or isolated cleft palate. The Court specifically asked about the state of the science regarding these injuries, and Plaintiffs' counsel admitted that **the scientific evidence does not support causation for these defects**:

> THE COURT: What about the defects that are not either cardiac or orofacial? What about – what's in that category? Is that a grab bag of different defects? What is that, the 37 or whatever the number is, cases?
>
> MR. AYALA: If there are defects outside of heart and palate, those -- I don't know how the numbers tally up, but I will tell you **that I don't believe that the scientific evidence has caught up to proving those, if they are simply existing on an independent basis outside of a heart or a palate.**

*Daubert* Day 3 Hearing Trans. at 4-22, lines 11-19 (April 26, 2019) (emphasis added), Ex. 2. This admission comes after Plaintiffs have been given nearly four years to develop the scientific evidence to support these types of claims. Despite this opportunity, Plaintiffs readily admit that the scientific evidence of causation simply does not exist.

This admission dooms Plaintiffs' claims. *See In re Papst Licensing GmbH & Co. KG Litig.,* 791 F. Supp. 2d 175, 180 (D.D.C. 2011) ("[A]ny fact, bearing upon the issues involved, admitted by counsel, may be the ground of the court's procedure equally as if established by the clearest proof.") (quoting *Oscanyan v. Arms Co.,* 103 U.S. 261, 263, 26 L.Ed. 539 (1880)). *United States v. Belculfine*, 527 F.2d 941, 944 (1st Cir. 1975) (recognizing that "judicial admissions generally arise … from deliberate voluntary waivers that expressly concede for the purposes of trial the truth of an alleged fact"); *Solon v. Gary Cmty. Sch. Corp.*, 180 F.3d 844, 858 (7th Cir. 1999) ("A judicial admission is conclusive, unless the court allows it to be withdrawn ..."). With Plaintiffs' counsel representation making it plain that the there is a gap between the scientific evidence and the injuries

alleged to be something other than heart defects and cleft palate, the claims and lawsuits identified in Exhibit 1 must be dismissed.

Moreover, Plaintiffs have failed to offer any expert opinions regarding the disparate injuries alleged by the lawsuits identified in Exhibit 1. The diverse injuries alleged in Exhibit 1 include missing kidney, clubfoot, hydronephrosis, and craniosynostosis, as well as syndromic disorders such as trisomy 21 (Down syndrome), trisomy 18 (Edwards' syndrome), and DiGeorge syndrome (22q11.2 deletion) to name a few. This failure constitutes a separate and independent ground for dismissal of Plaintiffs' claims.[1] *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993) (directing that "in the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free … to grant summary judgment"); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) ("[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."); *Torres v. E.I. Dupont de Nemours & Co.*, 219 F.3d 13, 18 (1st Cir. 2000) ("[A] party opposing summary judgment must present definite, competent evidence to rebut the motion."); *Longtin v. Organon USA, Inc.*, 363 F. Supp. 3d 186, 196 (D. Mass. 2018) (dismissing claims on summary judgment for lack of expert support). *See also Kutzer v. GlaxoSmithKline LLC*, No. 1:15-

---

[1] Plaintiffs' experts also conceded that specific defects, including the two orofacial phenotypes (1) cleft palate; and (2) cleft lip with or without cleft palate must be broken out and examined separately for purposes of general causation. Dr. Sadler, Plaintiffs' embryologist, agreed that "just because a substance is associated, for example, with an increased risk of cleft palate, that doesn't mean that it will also increase the risk of cleft lip with or without cleft palate." Sadler Dep. at 59:11-16, Ex. 3. Instead, to reach a causal opinion about these defects, he testified that "you have to look at specific – with specific bold -- defects. You can't just lump everything together." *Id.* at 59:17-60:5. *See also* Louik Dep. at 33:13-20 (recognizing that there are two phenotypes of orofacial defect--cleft lip with or without cleft palate, and cleft palate only—and that they are "etiologically and pathogenetically distinct"), Ex. 4. Dr. Sadler further testified that there is no study reporting an association—much less a causal association—between Zofran and cleft lip with or without cleft palate. Sadler Dep. at 115:5-8, Ex. 3.

cv-13751-FDS, Memorandum and Order of Dismissal (Doc. 103) at 4 ("There is no scientific evidence that Zofran causes the type of birth defects suffered by G.K. [i.e., missing kidney], and there was none at the time the case was filed. It is certainly not appropriate for a plaintiff to file a lawsuit in the hope that evidence of causation will turn up somewhere along the way.").

After nearly four years of litigating in this MDL, Plaintiffs can no longer deny what has been apparent all along—there is no scientific support for claims that Zofran can cause the varied and disparate injuries alleged in these particular cases. On this issue, there is no genuine dispute. The time to come forward with admissible scientific evidence to support Plaintiffs' causation theories has come and gone. These cases cannot be left stagnant on the Court's docket any longer. In the face of this admitted lack of requisite proof, each of the cases at issue in this Motion should be dismissed now.

## CONCLUSION

WHEREFORE, GSK respectfully request that the Court grant its Motion to For Summary Judgment and dismiss with prejudice the Plaintiffs' claims and lawsuits identified in Exhibit 1.

Dated: June 11, 2019

Respectfully submitted,

*/s/ Jennifer M. Stevenson*
Madeleine M. McDonough
Jennifer M. Stevenson
Jennifer Stonecipher Hill
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
mmcdonough@shb.com
jstevenson@shb.com
jshill@shb.com
*Admitted pro hac vice*

Mark D. Seltzer (BBO # 556341)
Brian K. French (BBO # 637856)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Telephone: 617-345-1000
Facsimile: 617-345-1300
mseltzer@nixonpeabody.com
bfrench@nixonpeabody.com
George W. Vien (BBO # 547411)

DONNELLY, CONROY & GELHAAR LLP
260 Franklin Street, Suite 1600
Boston, MA 02110
Telephone: 617-720-2880
Facsimile: 617-720-3554
gwv@dcglaw.com

*Attorneys for Defendant GlaxoSmithKline LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June, 2019, the foregoing document was sent electronically to all registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via first class mail to those identified as non-registered participants.

/s/ *Jennifer M. Stevenson*
Jennifer M. Stevenson