UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ZOFRAN (ONDANSETRON) )<br>PRODUCTS LIABILITY LITIGATION )<br> )<br> )<br>_____ ) | MDL No. 1:15-md-2657-FDS<br><br>This document relates to:<br>All Actions |

**PLAINTIFFS' EXECUTIVE COMMITTEE'S MOTION TO AMEND ORDER
ON *IN CAMERA* PRODUCTION OF DOCUMENTS CONCERNING
DR. APRIL ZAMBELLI-WEINER**

In its *Memorandum and Order on In Camera Production of Documents Concerning Dr. Zambelli-Weiner* dated July 25, 2019 (Document 1612), the Court states at page 10 that, "Certainly plaintiffs' counsel did nothing at the time to correct the false impression created by the affidavit." This motion is submitted to provide clarity and to respectfully seek amendment or clarity to the Court's opinion. The Plaintiffs' Executive Committee (PEC) believes the aforementioned statement may stem from the Court's impression based solely upon the relevant pleadings filed to date; however, the facts submitted herein demonstrate quite the opposite — that the PEC was mindful of statements within the affidavit that were in need of correction and the thorough steps the PEC took behind the scenes to rectify the inaccuracies. The PEC therefore offers the following in support of its request to amend this Court's Order and to clarify the record.

The PEC became aware of the contents of Dr. April Zambelli-Weiner's original Affidavit in support of her Motion for Protective Order when it was filed on January 9, 2019 (Document 1272), the same time as this Court and opposing counsel. The PEC immediately observed several statements in the Affidavit that were inaccurate. The PEC never questioned the need to ensure that the Affidavit be corrected. We promptly undertook to do so.

First, the PEC on its own initiative immediately spoke with counsel for Dr. Zambelli-Weiner, Scott Marder, and explained our issues with the inaccurate statements in the original

1

Affidavit. As the Court will recall from Attorney Marder's *Notice Advising the Court of Factual Inaccuracies* dated January 18, 2019 (Document 1294), at paragraph 9, he represented that, "Attorney Marder received information indicating that certain of the factual assertions in Dr. Zambelli-Weiner's Motion for Protective Order and Affidavit were inaccurate." In fact, the PEC was the source by which Attorney Marder came to learn about the inaccuracies in the original Affidavit.

Shortly thereafter, Attorney Marder filed his *Notice* and Motion to Withdraw as Counsel for Dr. Zambelli-Weiner. Through Attorney Marder's *Notice*, these inaccuracies were brought to the Court's and to opposing counsel's attention. However, the PEC still wanted the inaccurate statements corrected.

Mindful of our duties as officers of this Court, our separate duties to our individual clients and, equally separate and distinct, our role as Court-appointed leaders to work for the common benefit of all Plaintiffs, the PEC at this point retained ethics counsel to advise as to our concerns and to obtain ethical guidance as to how best to correct the record.

The PEC's ethics counsel is Professor Lynn Baker, of Austin, Texas. Prof. Baker holds the Frederick M. Baron Chair in Law at the University of Texas Law School. Prof. Baker is well-regarded, highly respected, and called upon regularly to provide guidance to plaintiffs' leadership counsel in MDL pharmaceutical and medical device litigation practice on a variety of professional responsibility-related subjects. She is an elected member of the American Law Institute.

The PEC conferred with Prof. Baker on multiple occasions, and at length, concerning Dr. Zambelli-Weiner's original Affidavit, Attorney Marder's withdrawal and the related state of the record. We retained Prof. Baker to address how the PEC should go about to ensure that the relevant and inaccurate statements in the original Affidavit were corrected.

Upon learning the identity of successor counsel for Dr. Zambelli-Weiner, Eric Gunderson, the PEC requested that Prof. Baker speak with Gunderson, in furtherance of the PEC's intentions to see that Dr. Zambelli-Weiner's inaccurate statements were corrected.

On January 29, 2019, Gunderson produced by electronic mail to the PEC and counsel for GSK a *Supplemental Affidavit of April Zambelli-Weiner, PH.D.* Gunderson's transmittal cover email dated January 29, 2019 expressly stated that Gunderson also would file with this Court Dr. Zambelli-Weiner's supplemental Affidavit. Having now reviewed the docket, it appears that did not occur. The PEC apologizes for the oversight in not noticing at the time that Dr. Zambelli-Weiner's supplemental Affidavit was not in fact filed. In any event, the supplemental Affidavit was brought to the Court's attention a little more than one month later, on March 8, 2019, as Exhibit B to a motion filed by GSK (Document No. 1389-2).

The supplemental Affidavit did correct the inaccuracies in Dr. Zambelli-Weiner's original Affidavit, perhaps not exactly as the PEC might have worded the statements but sufficiently such that it was the PEC's belief that, as officers of this Court, we had fulfilled our duties to ensure that the record was correct. Prof. Baker concurred in our evaluation of the supplemental Affidavit. Had Dr. Zambelli-Weiner chosen not to submit the supplemental Affidavit, the PEC had discussed with Prof. Baker its alternative course of action: the PEC would have affirmatively submitted its own pleading to correct the record, to ensure that we were satisfying our obligations to this Court.

Prof. Baker stands ready and willing to submit an affidavit or appear before this Court, attesting to the accuracy of all the representations set forth herein.

The PEC's intention here is to "speak" plainly and candidly and to be as clear as possible about the actions we as the PEC have taken and the motivations which drove those actions as concerns the subject of the Court's July 25, 2019 Order. So the Court is clear: It was the PEC --

in consultation with ethics counsel -- that actively and swiftly sought to ensure that any false impression created by Dr. Zambelli-Weiner's original Affidavit was promptly corrected. From the start, those actions and motivations were nothing less than to fully satisfy our obligations as officers of this Court.

The PEC stands ready to address this matter further as the Court may wish.

Respectfully submitted,

*/s/ Robert K. Jenner*
Robert K. Jenner (BBO No. 569381)
JENNER LAW, P.C.
1829 Reisterstown Road, Suite 350
Baltimore, MD 21208
410-413-2155
rjenner@jennerlawfirm.com

Tobias L. Millrood
POGUST MILLROOD LLC
161 Washington Street, Suite 940
Conshohocken, PA  19428
610-941-4204
tmillrood@pogustmillrood.com

Kimberly D. Barone Baden
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
843-216-9265
kbarone@motleyrice.com

M. Elizabeth Graham
GRANT & EISENHOFER P.A.
123 S. Justison Street
Wilmington, DE  19801
302-622-7099
egraham@gelaw.com

        James D. Gotz
        HAUSFELD
        One Marina Park Drive, Suite 1410
        Boston, MA 02210
        617-207-0600
        jgotz@hausfeld.com

Dated: August 1, 2019        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via first class mail to those identified as non-registered participants.

        /s/ *Robert K. Jenner*
        Robert K. Jenner