# EXHIBIT L

```
 1                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS
 2

 3

 4   IN RE:  ZOFRAN (Ondansetron)      )  MDL No. 15-02657-FDS
     PRODUCTS LIABILITY LITIGATION     )
 5                                     )
                                       )
 6                                     )
                                       )
 7                                     )
                                       )
 8                                     )

 9

10   BEFORE:  THE HONORABLE F. DENNIS SAYLOR, IV

11

12                       STATUS CONFERENCE

13

14

           John Joseph Moakley United States Courthouse
15                       Courtroom No. 2
                         1 Courthouse Way
16                       Boston, MA 02210

17
                          APRIL 8, 2019
18                         1:30 p.m.

19

20

21

22

23          Valerie A. O'Hara, FCRR, RPR
                  Official Court Reporter
24       John Joseph Moakley United States Courthouse
                 1 Courthouse Way, Room 3204
25                   Boston, MA 02210
                 E-mail: vaohara@gmail.com
```

```
 1   APPEARANCES:

 2   For The Plaintiffs:

 3        Pogust, Braslow & Millrood, LLC, by TOBIAS MILLROOD, ESQ.,
     161 Washington Street, Suite 1520, Eight Tower Building,
 4   Conshokocken, Pennsylvania 19428;

 5        Grant & Eisenhofer, P.A., by M. ELIZABETH GRAHAM,
     ATTORNEY, and THOMAS V. AYALA, ESQ., 123 Justison Street,
 6   Suite 700, Wilmington, Delaware 19801;

 7        Motley Rice, LLC, by KIMBERLY D. BARONE BADEN, ATTORNEY,
     28 Bridgeside Blvd., Mt. Pleasant, South Carolina 29464;
 8
          Jenner Law, by, ROBERT K. JENNER, ESQ., 1829 Reisterstown
 9   Road, Suite 350, Baltimore, Maryland 21208;

10        Law Offices of A. Craig Eiland, by DAVID C. BONNIN, ESQ.,
     2211 The Strand, Ste. 201, Galveston, Texas 77550.
11
          Hausfeld, by STEVEN B. ROTMAN, ESQ., 1700 K Street, NW,
12   Suite 650, Washington, DC 20006;

13   For the Defendant:

14        Shook, Hardy & Bacon LLP, by JENNIFER STEVENSON, ATTORNEY,
     JENNIFER STONECIPHER HILL, ATTORNEY, MADELEINE McDONOUGH,
15   ATTORNEY, and LAURIE HENRY, ATTORNEY, 2555 Grand Boulevard,
     Kansas City, Missouri 64108;
16
          Phillips Lytle LLP, by THOMAS J. SHEEHAN, ESQ., and
17   EVA CANAAN, ATTORNEY, 125 Main Street, Buffalo, NY 14203;

18        Nixon Peabody LLP, by MARK D. SELTZER, ESQ., and
     BRIAN K. FRENCH, ESQ., 100 Summer Street, Boston, Massachusetts
19   02110;

20        King & Spaulding LLP, by TODD P. DAVIS, ESQ.,
     191 Peachtree Street, Atlanta, Georgia 30303-1763.
21
     VIA TELEPHONE:
22
     For The Plaintiffs:
23
          David, Agnor, Rapaport, Skalny, by ERIC W. GUNDERSON,
24   ESQ., 10211 Wincopin Circle, Suite 600,
     Columbia, Maryland 21044.
25
     NUMEROUS OTHER COUNSEL APPEARING TELEPHONICALLY
```

|  |  |
|---|---|
| 1 | Her counsel provides some, you know, recitations or |
| 2 | interpretations of Dr. Kirby's testimony, and we disagree with |
| 3 | how he interprets that testimony, but here what's important is |
| 4 | not for the Court to be able to decide who's right, whose |
| 5 | version of events is correct, the information, the questions |
| 6 | are discoverable, and we should be able to conclude that |
| 7 | deposition. |
| 8 | Your Honor, I think the *Bextra* decision speaks for |
| 9 | itself.  If you look at that decision, the concern that the |
| 02:43PM 10 | Court was pointing to related to information that the Journal |
| 11 | had and didn't disclose to the authors. |
| 12 | Here, this is completely different because we're |
| 13 | asking Dr. Zambelli-Weiner to produce peer review comments and |
| 14 | communications that she had.  The Court specifically calls that |
| 15 | type of information out as something an author could produce, |
| 16 | and we think that should be produced here, your Honor. |
| 17 | So really just at the end of the day, there's a lot of |
| 18 | discussion about what's been proven and what's been disproven, |
| 19 | but that doesn't obviate the need or it doesn't do away with |
| 02:44PM 20 | our right to actually seek discovery on those topics, and your |
| 21 | Honor, for those reasons, we'd ask that you grant both of our |
| 22 | motions to compel. |
| 23 | THE COURT:  Okay.  I'm prepared to rule.  Here's what |
| 24 | I'm going to do.  First, no one is less happy than I am about |
| 25 | this situation, having to deal with this additional discovery |

1   and disputes and so forth, but so it goes.

2   I am not going to base any ruling based on a failure
3   to meet and confer or because the objections were not properly
4   specific, not because I think necessarily everything was done
5   the way it was supposed to but because I want to cut to the
6   chase and rule on the discovery issues on the merits.

7   As far as the standing issue goes, even though there
8   is no representative here either for the Journal or for Truven,
9   I think, again, I have the power, as I see it, either to permit
02:45PM 10   or quash the discovery under the circumstances, and I'm not
11   going to let it turn on that.

12   And I think any recipient of a discovery request is
13   entitled to a formal request unless it's waived, so, for
14   example, if discovery properly should be sought from TTi as
15   opposed to the doctor herself or any other witness or
16   custodian, I think the recipient is entitled, if they so
17   demand, to have a square corner turned and to have appropriate
18   procedures gone through.

19   So, what I'm going to do is as to these three basic
02:46PM 20   motions, the motion to compel, which is 1388, the other motion
21   to compel, which is 1405, and plaintiffs' cross motion, which
22   is 1411, I'm going to grant them in part and deny them in part.

23   In substance, as to the motions to compel responses
24   from the plaintiffs and from Dr. Zambelli-Weiner, I'm going to
25   grant those requests with the following exceptions or

1    qualifications.  First, as I think I indicated at some point
2    along the way, to the extent that any of this involves patient
3    names or patient privacy information or anything of that sort,
4    that should be protected in some appropriate way, ideally not
5    discoverable.
6         Second, as to peer review communications, that is,
7    comments from other physicians or scientists who reviewed a
8    submission either to the New England Journal of Medicine or the
9    Journal of Reproductive Toxicology or any other medical journal
02:47PM 10   to whom the study was submitted, I am not going to order
11   production of those peer review comments.
12        I'll order that they be preserved, and this is without
13   prejudice as really all discovery denials are without prejudice
14   because the facts may change, but I'm not going to order the
15   production of peer review communications, as I have defined it.
16        In other words, even if Dr. Zambelli-Weiner is in
17   possession of comments from other physicians criticizing the
18   praising or whatever her submission in the New England Journal,
19   I'm not going to order that.
02:47PM 20        As to any claim of attorney-client privilege or work
21   product, I'm going to order that it be anything withheld be
22   identified on a log and that the documents be provided to the
23   Court for in-camera review.
24        As I sit here, I don't see how anything relating to
25   the Mass Torts Made Perfect Conference is protected or anything

    1   else that is outside the two consulting periods.  I am not
    2   convinced that the two consulting agreements should not be
    3   produced, although I'm prepared to review it as appropriate.
    4           Those are the principal exceptions, and I guess bottom
    5   line is as these requests, that is, the requests of
    6   Dr. Zambelli-Weiner, as to the financial arrangements, I remain
    7   convinced that they're fair game under the circumstances here,
    8   and as to the science, a critical question remains whether the
    9   study was influenced in some way.
02:49PM 10          I don't see any way to get at that without drilling
   11   down at least somewhat, and I'm convinced as a general
   12   proposition that the burden benefit analysis or the
   13   proportionality weighs in favor of some sort of full
   14   disclosure.
   15           Again, circling back to where I started, this issue
   16   was triggered to some degree, maybe to a very large degree, by
   17   a lack of candor or worse, and that changes the dynamic in my
   18   mind.  I cannot make a decision based on the merits of the
   19   science or the epidemiology or anything else here.
02:49PM 20          I'm not in a position to do that, and neither can I
   21   make a ruling based on the premise that Dr. Zambelli-Weiner or
   22   Dr. Kirby or both would have no influence.
   23           As to the Journal of Reproductive Toxicology, I'm
   24   going to quash that subpoena without prejudice to its renewal.
   25   I do not see the need for it under the circumstances, and I'm

1  convinced that the countervailing considerations are such that
2  that discovery is unduly burdensome and inappropriate under the
3  circumstances.
4     As to the subpoena to Truven, again, they have not
5  objected to it.  As I understand it, there are two basic
6  categories here.  One concerns coding errors, and one concerns
7  requests for data or information.
8     Presumably, Dr. Zambelli-Weiner would know both of
9  those things, what the coding errors were and what data she
02:50PM 10  requested and would have information about it.  Based on my
11  understanding that she does not recall the coding errors or
12  recalls the details of some of this, it seems to me that it's
13  fair game to seek it from Truven, which has not objected to the
14  subpoena.
15     MR. MILLROOD:  Your Honor, may I interject for a
16  moment, please?
17     THE COURT:  Yes.
18     MR. MILLROOD:  I apologize, but the Court has stated
19  on the record that Truven has not objected.  They have, in
02:51PM 20  fact, objected, your Honor, to the subpoena.
21     THE COURT:  Okay.  Is that on our docket because I
22  have not seen it?
23     MR. MILLROOD:  Is it on the docket?
24     MS. HILL:  It's not on the docket.  We did receive
25  some objections from Truven to the subpoena.  Your Honor, we're

1  planning to follow up with Truven with those specific
2  objections. They are all in our view boilerplate objections.
3  I think every single response is the same exact objection that
4  they state to the extent it applies, so we're planning to
5  follow up on that.
6       THE COURT: Here's what I'm going to do. I'm not
7  going to interfere with that process. They have not moved to
8  quash or for protective order. I'll let that process go
9  forward. I've indicated, at least as I see it, what the
10 broader parameters of that are, and it's not to be undertaken
11 for purposes of harassment, obviously, but also something less
12 than complete perfection, maybe what I'm going to order at the
13 end of the day, but the premise here is that, as I understand
14 it, Dr. Zambelli-Weiner says she has no records of what the
15 coding errors were or what data she requested, and I think
16 under the circumstances, it's fair to seek it from a
17 third-party source.
18      And I don't understand Dr. Kirby to be opposing
19 whatever further reduction has been requested on him, so I will
20 leave that where it is as well. Again, this is an unusual
21 situation. I don't think were this just another research
22 scientist, whether the science is good or bad or even who they
23 were paid by would necessarily dictate going down this path,
24 but I think under the circumstances, this is appropriate.
25      So, again, 1388 granted in part, denied in part; 1405,

|  |  |
|---|---|
| 1 | granted in part, denied in part; 1411, granted in part and |
| 2 | denied in part; and I will carve-out information, patient |
| 3 | privacy, confidentiality, information concerning peer review |
| 4 | communications, and any claim of attorney-client privilege or |
| 5 | work product has got to be done formally with a log and |
| 6 | in-camera submission to the Court. |
| 7 | And we're going to take a quick break for the |
| 8 | stenographer's fingers, and when we come back, we'll talk about |
| 9 | Dr. Carol Louik and the motions to strike. |
| 02:54PM 10 | MS. HILL: Your Honor, if I could be heard on a couple |
| 11 | points. |
| 12 | THE COURT: Yes. |
| 13 | MS. HILL: As to the subpoena to the <u>Journal of</u> |
| 14 | <u>Reproductive Toxicology</u>, one of the items that we asked for was |
| 15 | a specific conflict of interest disclosure form. It's |
| 16 | basically a one- or two-page form that's a standard form. The |
| 17 | Journal has indicated that they're prepared to produce it, so, |
| 18 | your Honor, we'd ask that you entertain that portion of the |
| 19 | subpoena. |
| 02:54PM 20 | THE COURT: It's a single page, and they've agreed to |
| 21 | produce it? |
| 22 | MS. HILL: Yes. |
| 23 | THE COURT: I will permit that to occur then. |
| 24 | MS. HILL: Thank you, your Honor. As to the peer |
| 25 | review comments, would your Honor entertain the production of |

1    peer review comments if the identities of the reviewers could
2    be redacted to protect against any potential privacy concerns?
3             THE COURT:  Not at this time.
4             MS. HILL:  Thank you.
5             THE CLERK:  All rise.
6             (A recess was taken.)
7             THE CLERK:  All rise.
8             THE COURT:  All right.  Let's turn to the question of
9    the testifying experts and Dr. Carol Louik and the supplemental
03:06PM 10   reports.
11            As I indicated, I certainly have grave doubts about
12   whether a further deposition of Dr. Louik is appropriate, and
13   what, if anything, to do by way of live Daubert testimony, so
14   let me hear, I guess it's a defense motion, let me hear as to
15   Dr. Louik.  Ms. Hill.
16            MS. HILL:  Your Honor, before we get to that motion,
17   we had separately filed a motion to expedite decisions and
18   productions on some of the issues that we've already discussed.
19            THE COURT:  Is that mooted now?
03:07PM 20            MS. HILL:  Your Honor, it's still in play.  I think to
21   the extent that we need to get these documents that the Court
22   ordered to be produced within a reasonable time, and we'd ask
23   that the plaintiffs and Dr. Zambelli-Weiner make those
24   productions within a week of today so that we can have that
25   information ahead of the Daubert hearing.

```
 1              THE COURT:  I have no idea how burdensome that is or
 2     not.  Let me ask Mr. Gunderson, how much holding your feet to
 3     the fire, how much time do you need to produce these documents?
 4              (No response)
 5              THE COURT:  Is he gone?  Let's do this.  I will make
 6     it presumptively two weeks.  I will entertain any reasonable
 7     request.  I just don't have any idea the volume, I don't know
 8     what's been done so far.  If it lasts, you know, a little bit
 9     longer, it's not the end of the world.
03:08PM 10              MS. HILL:  Thank you, your Honor.
11              THE COURT:  Let's talk about Dr. Louik.
12              MS. CANAAN:  Good afternoon, your Honor.  I'm
13     Eva Canaan, and I'll argue our motion to compel further
14     testimony from Dr. Louik.
15              Your Honor, you mentioned today that you were not in a
16     position to decide the implications of the unpublished
17     Zambelli-Weiner analysis and other epidemiological analyses,
18     and we'll submit, your Honor, that's exactly why we need
19     further testimony from Dr. Louik because, your Honor, if
03:08PM 20     Dr. Louik agrees with GSK, if she considers these unpublished
21     analyses, and she still has not, if, in fact, and I will make
22     that clear for the record, if she no longer believes that
23     Zofran causes cardiac septal defects, there will be much fewer
24     issues for your Honor to decide.
25              THE COURT:  Sure, that's great for you if their only
```