**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **IN RE : ZOFRAN® (ONDANSETRON) PRODUCTS LIABILITY LITIGATION** | MDL NO. 1:15-md-2657-FDS<br><br>This document relates to:<br>*Karla Rodriguez et al. v. GlaxoSmithKline LLC*, Case No. 1:15-cv-13762 |

**GLAXOSMITHKLINE LLC'S BRIEF IN
SUPPORT OF ITS PROPOSED PRETRIAL SCHEDULING ORDER**

In the parties' Proposed Pretrial Scheduling Order, GSK has suggested a framework that appropriately accounts for the effort and attention that will be required from the parties and the Court over the next three months in preparation for the first trial in this MDL. Plaintiffs' proposals, on the other hand, delay critical disclosures and inject uncertainty into the final weeks before trial, all over the winter holidays. For the reasons explained below, the Court should adopt GSK's proposals, which were noted in blue in the parties' Proposed Pretrial Scheduling Order (ECF No. 1666).

**I.       Deposition Designations**

Plaintiffs' proposed deadline for deposition designations is no deadline at all. Instead, they want to explicitly condone dropping additional designations in the middle of trial, without any consequence or justification. The process they propose should be rejected for at least three reasons. First, Plaintiffs' proposal renders the deadline practically unenforceable. If Plaintiffs are permitted to withhold deposition designations until the middle of trial, a November deadline becomes meaningless. Second, Plaintiffs' proposal should be rejected because it would create a significant imposition on the parties and the Court in the midst of trial. Deposition designations should be

exchanged well in advance of trial so that each side has sufficient opportunity to consider the testimony and any necessary objections and counter designations. Third, Plaintiffs' proposal that provides for 72 hours of notice of deposition designations during trial will not (1) afford adequate time for GSK to review those designations and make any objections; (2) allow for adequate time for the parties to confer about resolving any disputes; (3) provide the Court sufficient time to review the deposition designations that remain in dispute or assess/hear argument on the objections; and (4) allow any video deposition designations to be prepared and quality checked by the parties before being presented to the jury. In fact, even under Plaintiffs' schedule for designations exchanged in advance of trial, there is more than a month devoted to objections, counter-designations, and further objections and counter-designations. Allowing late designations would require all of those steps to be compressed into a matter of hours during trial. Finally, leaving the door open to last-minute deposition designations is wholly unnecessary. Plaintiffs have had years to develop their cases. By now, they know (or should know) the testimony that they need to present to meet their burden of proof.

Plaintiffs have suggested that if they are not permitted to designate deposition testimony in the middle of trial, they will resort to over-designating or designating testimony they do not anticipate actually presenting. The Court should reject such an approach. There is nothing to prevent the parties from identifying and designating only the testimony they reasonably believe will be presented at trial. Otherwise, unnecessary time and expense will be devoted to reviewing, analyzing, and objecting to deposition designations or counter-designations that are not reasonably likely to be used at trial. Given that more than 50 witnesses have been deposed through the course of discovery, fairness and efficiency require that the parties make their designations in good faith. The Court should implement the orderly process proposed by GSK.

## II.     Motions *in Limine*

The Court previously advised the parties that it would entertain motions *in limine* on important issues about the admissibility of evidence earlier than the deadline set by the Court. Sept. 18, 2019 Tr. at 74.  In line with the Court's desires, GSK has proposed a schedule that would allow motions *in limine* to be filed and briefed ahead of the regular deadline on December 5.[1] Under GSK's proposal, if motions *in limine* are filed at least a week before the deadline, the oppositions to the early-filed motions would be due 14 days later, as set out in Local Rule 7.1(b). As GSK informed Plaintiffs during the meet and confer, there are motions *in limine* that the parties would benefit from resolving before the eve of trial. To reduce the burden on the Court and the parties in the days leading up to trial, the schedule should be flexible enough that motions *in limine* can be briefed and argued like any other motion under the local rules. If a motion *in limine* is filed in early November, there is no reason to delay briefing until late December, as Plaintiffs propose. As the Court previously informed the parties, the Court does not review the parties' submissions until the responsive brief is filed. Aug. 5, 2019 Tr. at 15. Thus, Plaintiffs' proposal would render the effort to brief and decide important issues a nullity. As a result, Plaintiffs' proposal would only put unnecessary pressure on the Court to decide potentially complex issues on a short schedule over the holidays.

The Court should also reject Plaintiffs' suggestion to limit motions *in limine* to "a single issue of fact or law." As with any motion, there may be multiple issues of fact or law that are necessarily related. Prospectively limiting how motions can be framed makes no sense and overly complicates the process. If, for example, one rule of law renders several lines of evidence

---

[1] The Court ordered motions *in limine* to be filed on December 7, 2019, which is a Saturday. The parties jointly propose moving that to Thursday, December 5, 2019.

inadmissible, the parties should explain their request as clearly and concisely as possible, without having to arbitrarily separate the request into multiple motions. It should be the parties' responsibility to ensure that their requests are logical and clear. Plaintiffs' language should be rejected.

### III.     Exhibit Lists and Witness Lists

The parties' disagreement as to exhibit lists and witness lists boils down to (1) when those lists should be exchanged and (2) whether the parties should separately identify witnesses who will be called at trial and witnesses who may be called at trial if the need arises, as the Federal Rules require. GSK has proposed fair and sensible terms to address both issues.

As to the timing, GSK proposes that exhibit lists and witness lists be exchanged on November 15 to allow the parties to more meaningfully prepare for the issues that will be discussed in this particular case. Discovery in this MDL has been wide-ranging, spanning millions of pages of documents and more than 50 witnesses, and this trial will reflect the first time the salient issues are narrowed. An earlier disclosure would help both sides resolve pre-trial disputes. For example, the Court explained that, if a party has an objection to a potential exhibit, "it typically ought to be the subject of a motion in limine." Sept. 18, 2019 Tr. at 76. A November 15 deadline for exhibit lists and witness lists would give the parties the chance of identifying those disputes sufficiently in advance of trial that they can be resolved without emergency motion practice. Furthermore, a November 15 deadline would also alleviate the time-pressure on the eve of trial, particularly when that period overlaps the holidays.

As to the form of the parties' witness lists, the Court should follow the framework described in Federal Rule of Civil Procedure 26(a)(3), which requires a party to "separately identify those [witnesses] the party expects to present and those it may call if the need arises." Fed. R. Civ. P. 26(a)(3)(A)(i). Indeed, the Court has already advised the parties that separately

4

identifying witnesses who will be called and witnesses who may be called is "exactly how [the Court] would like it to be laid out." Sept. 18, 2019 Tr. at 76. If Plaintiffs are permitted to merge their lists into one list of anyone who could possibly be called, GSK and the Court will be left wondering who Plaintiffs are actually planning to call at trial. If deposition transcripts will be used for designated witnesses, that information should be made clear as well to avoid unnecessary surprise.

## IV.     Conclusion

The Court has the opportunity to implement a fair and workable pretrial schedule that will provide adequate time for both sides to prepare their case and for the Court to consider and resolve pretrial disputes. GSK's proposals minimize unnecessary delay and uncertainty. The Court should adopt GSK's proposed language in the parties' Proposed Pretrial Schedule.

Dated: October 11, 2019

Respectfully submitted,

 */s/ Jennifer Stonecipher Hill*
Madeleine M. McDonough
Jennifer M. Stevenson
Jennifer Stonecipher Hill
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
mmcdonough@shb.com
jstevenson@shb.com
jshill@shb.com
*Admitted pro hac vice*

Attorneys for Defendant GlaxoSmithKline LLC

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent via first class mail to those identified as non-registered participants.

/s/ *Jennifer Stonecipher Hill*
Jennifer Stonecipher Hill