UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ZOFRAN® (ONDANSETRON) PRODUCTS LIABILITY LITIGATION | MDL no. 1:15-md-2657-FDS<br><br>This document relates to:<br><br>All Actions |

**DEFENDANT GLAXOSMITHKLINE LLC'S MOTION FOR LEAVE TO FILE AMENDED RENEWED MOTION FOR SUMMARY JUDGMENT BASED ON FEDERAL PREEMPTION AND STATEMENT OF UNDISPUTED MATERIAL FACTS**

In light of the Court's October 8, 2019 ruling on Plaintiffs' Motion To Strike Evidence from GSK's Renewed Motion for Summary Judgment Based on Preemption (ECF No. 1670), GSK respectfully requests leave to file the attached brief and statement of undisputed material facts that delete all reference to, and reliance on, the declarations struck by the Court's order. The amended filings would not prejudice the other side in any way. To the contrary, they merely set forth the preemption record in the wake of the Court's ruling. In support of this motion, GSK states as follows:

1.  In its ruling on Plaintiffs' Motion To Strike, the Court struck three declarations that GSK attached as exhibits to GSK's preemption motion. ECF No. 1670 at 2 (striking the declarations of Drs. Wier, Hixon, and Shaw). The Court appropriately did not strike the remaining exhibits to GSK's motion. *Id.* at 28-29. As a result, all of the assertions of fact that are supported by the remaining exhibits are properly before the Court in connection with the motion.

2.  In all but a small number of cases, GSK's assertions of fact were supported by, and typically cited to, GSK's documentary exhibits. In some cases, GSK's assertions of fact were

supported by, and typically cited to, both GSK's documentary exhibits and the stricken declarations. Those assertions obviously remain part of the record, even though the declarations were stricken, because they find support in the remaining exhibits.

3. To provide one example, Dr. Wier described certain undisputed facts regarding GSK's animal studies in his declaration. *See, e.g.*, Mot. Ex. 4 ¶ 28 (describing Japanese Study No. 100422 as involving the oral administration of Zofran to pregnant rats). Those facts appear in the animal studies themselves, which GSK attached as exhibits to its brief. *See, e.g.*, Mot. Ex. 116 (Japanese Study No. 100422, involving the oral administration of Zofran to pregnant rats). Those facts, which are supported by the animal study reports, are no doubt before the Court, even though Dr. Wier's declaration is not. In contrast, although GSK disagrees with the Court's ruling, GSK acknowledges that assertions that are supported only by Dr. Wier's declaration, such as his opinions, are not currently before the Court. *See, e.g.*, Mot. Ex. 4 ¶ 41.

4. In light of the foregoing, GSK wants to ensure that this Court and the parties have a clear and shared understanding of the record regarding which of GSK's assertions of fact are part of the preemption record following the Court's ruling. Although it is clear that the three declarations are not part of the preemption record, it may not be clear which factual assertions are part of the record, because many of GSK's factual assertions were supported by both GSK's documentary exhibits and the stricken declarations. The attached brief should also obviate any need for further briefing by the parties about the effect of the Court's ruling on specific assertions of fact. As the Court decides preemption, a case-dispositive issue, it would be inefficient for the Court to have to analyze the effect of its ruling on the motion to strike on each of GSK's assertions of undisputed material fact, almost all of which cite and rely on GSK's documentary exhibits and some of which also cite the stricken declarations.

6.      For these reasons, GSK respectfully seeks leave to file amended versions of its brief and accompanying statement of undisputed material facts that implement the Court's ruling. GSK has attached to this motion its amended preemption brief and statement of undisputed material facts (Exs. A and B, respectively), together with redlines comparing the two documents to the originally filed versions (Exs. C and D).

7.      As the redlined exhibits demonstrate, GSK has not amended any *substance* of its brief and statement of undisputed material facts—other than to remove assertions or portions of assertions that were supported only by the three stricken declarations. Apart from removing substantive assertions that were supported only by the stricken declarations, GSK's edits merely remove the citations to the declarations and, where appropriate, provide the corresponding citation to GSK's documentary exhibits that are already part of the record.

For these reasons, GSK respectfully requests leave to file Exhibits A and B as amended versions of its preemption brief and statement of undisputed material facts that implement this Court's ruling on Plaintiffs' motion to strike.

Dated: October 11, 2019

Respectfully submitted,
GLAXOSMITHKLINE LLC,
By its attorneys,

*/s/ Jennifer Stonecipher Hill*
Madeleine M. McDonough
Jennifer M. Stevenson
Jennifer Stonecipher Hill
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
mmcdonough@shb.com
jstevenson@shb.com
jshill@shb.com
*Admitted pro hac vice*

Lisa S. Blatt
Amy Mason Saharia
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
lblatt@wc.com
asaharia@wc.com
*Pro hac vice applications pending*

Attorneys for Defendant GlaxoSmithKline LLC


...


## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), the undersigned counsel hereby certifies that counsel for the parties have met and conferred in a good faith effort to narrow the issues of dispute without success.

*/s/ Jennifer Stonecipher Hill*
Jennifer Stonecipher Hill

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent via first class mail to those identified as non-registered participants.

*/s/ Jennifer Stonecipher Hill*
Jennifer Stonecipher Hill