**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: ZOFRAN (ONDANSETRON) PRODUCTS LIABILITY LITIGATION<br><br>This document relates to: All Actions | MDL No. 1:15-md-2657-FDS |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY OF DR. CAROL LOUIK**

GSK took Carol Louik's deposition one year ago. Since then, GSK has filed three motions, including one that GSK designated as an "emergency," all to obtain further deposition testimony of Dr. Louik. As it has on every occasion so far, this Court should once again deny GSK's current motion to compel for the following reasons:

First, the most recent motion to compel is nothing more than a motion for reconsideration, which fails to meet the First Circuit's motion for reconsideration standards as applied to Federal Rules of Civil Procedure 59 and 60. The current motion seeks the same relief as GSK sought seven months ago, relying on no changed facts or law. It is also untimely under Rule 59.

Second, as this Court correctly observed six months ago when GSK last filed a motion to compel a second deposition of Dr. Louik, "There's kind of no end to this." Exhibit A, Tr., (April 8, 2019) at 55:1-4. Indeed, Dr. Louik is not the only expert that issued a supplemental report based on studies published since the initial expert reports and depositions. Supplemental reports have also been served by GSK's two epidemiologists, who in fairness, should be deposed again if Dr. Louik must appear for a second deposition. As Plaintiffs' counsel stated at the April 8, 2019 hearing on GSK's motion: "[Dr. Louik] is one of …over ten experts in this litigation, and

1

she's being singled out because of the way that GSK is trying to position epidemiology as a trump card over everything else." Exhibit A, Tr. (April 8, 2019) at 64:20-23.

Third, as an independent reason for denial, GSK's current motion to compel is untimely because GSK has done nothing in the past six months—since the Court's denial of GSK's previous motion to compel at the April 8, 2019 hearing of this matter—to pursue this issue, even though it had all of the information that GSK now uses to support its current motion.

Finally, on the merits, the motion should be denied for the same reasons the prior two motions were denied. GSK's only new arguments mistakenly suggest that this Court should require a new deposition because of Plaintiffs' lawyers' arguments and statements about Dr. Louik's opinions at the *Daubert* hearing. None of the cases cited by GSK provide any support for this novel idea. Further, if GSK believed Plaintiffs' arguments at the *Daubert* hearing provided a basis for supporting its motion to compel, GSK should have made that motion in May, or June, or even July, but October on the eve of trial is too late, unwarranted and intended to distract from preparation for trial.

**I.    Facts**

GSK took Carol Louik's deposition on October 18, 2018. The deposition lasted a full day, starting at 9:03 in the morning and ending at 7:29 in the evening. Six weeks later, on November 26, 2018, GSK filed an emergency motion to reopen the deposition, which this Court denied. As grounds, GSK argued that a further deposition was needed to question Dr. Louik further about a claim of "plagiarism" and about the Weiner/Kirby study, which had just been published and upon which she had issued a supplemental report.

GSK filed its second motion to compel a further deposition of Dr. Louik four months later. GSK's March 6, 2019 motion sought a second deposition and/or to require Dr. Louik to

testify at the *Daubert* hearing scheduled for the following month. GSK's brief, reply brief, and oral argument at the April 8th hearing on GSK's motion advanced several justifications for its motion: (1) its claim about Dr. Weiner's "research fraud" based on GSK's interpretation of preliminary analyses that GSK obtained pursuant to a subpoena and depositions of Drs. Kirby and Zambelli-Weiner, (2) the full publication of the Weiner/Kirby and Huybrechts studies, and (3) Dr. Louik's supplemental report addressing the published Huybrechts study, and how that study changed Dr. Louik's opinion on septal defect injuries. Exhibit B, GSK Brief (March 6, 2019); Exhibit C, GSK Reply Brief (March 26, 2019).

At the time GSK filed its March 2019 motion to compel, the *Daubert* hearing was scheduled for late April 2019 and the trial of the Bellwether *Rodriguez* case was scheduled for September 9, 2019, about four months later. Exhibit D, Tr. (Jan 16, 2019) at 26:7-25; 28:5-6; 29: 17-18; Exhibit A, Tr. (April 8, 2019) at 69:17-25. Now, as the Court confronts the current GSK motion to compel, we are just three months from the rescheduled *Rodriguez* trial.

During the April 8, 2019 hearing on GSK's motion to compel, and in its corresponding reply brief, GSK argued repeatedly that Dr. Louik's March 17, 2019 supplemental report entitled GSK to a second deposition. GSK claimed that her review of the Huybrechts study resulted in a shift in her opinions and that this change required further cross-examination of Dr. Louik. *See* Exhibit A, Tr. (April 8, 2019) at 55:25; 56-58; 59:10-25. *See* Exhibit C, GSK Reply Brief (March 26, 2019) at pages 1, 2, 3, 4, 8, 9, 10.

Based on review and consideration of the parties' respective briefs and arguments concerning the motion to compel, this Court denied GSK's March 6, 2019 motion. Exhibit A, Tr. (April 8, 2019) at 71: 1-3. ("I'm going to not require her to submit to another deposition at this time. I'm going to let the *Daubert* hearings go forward. I may want to hear live testimony

from her, depending on how I think that plays out and what I understand and don't understand how attorney argument goes, and, again, we're talking about discovery here.")  This Court then completed the *Daubert* hearings without requiring Dr. Louik to testify.

Based on the facts at that time, and the arguments advanced by the parties in their respective briefs on the motion to compel, this Court stated: "I certainly have grave doubts about whether a further deposition of Dr Louik is appropriate." Exhibit A, Tr. (April 8, 2019) at 53:11-15.  Reacting to GSK's claim to need a second deposition based on Dr. Louik issuance of a supplemental report in response to the published Huybrechts study, this Court asked: "[D]oesn't new information happen all the time? There's always new studies, there's always some further piece of data, right?"  *Id*. at 55:1-4.  The Court astutely added: "There's kind of no end to this." *Id*.  This Court further described GSK's request for a second deposition as "another bite at the apple." *Id*. at 55: 10-16 ("it's another deposition, you want another bite at the apple to confront her with something that you could confront her with, presumably will confront her with at cross-examination at the trial.")

On October 17, 2019, GSK filed its third motion to compel another deposition of Dr. Louik.[1]   The motion was filed three months before the January trial of *Rodriguez*.  GSK's brief cites to no facts, no case law, and GSK makes no arguments that were not available to it last April or at any time since then.  GSK has offered no reason why it sat on this issue and waited six months -- until now -- to file this motion.  Timeliness has been an expressed concern of this Court as evidenced by its ruling on recent motions to strike pertaining to preemption and separately, as to Dr. Danielsson.

---

[1] Since the April *Daubert* hearing, as a result of GSK's renewed preemption motion, the trial of the *Rodriguez* case was postponed and is now scheduled to commence on January 13, 2020.

Like its motion to compel decided on April 8, 2019, GSK's current motion to compel also is premised on Dr. Louik's supplemental report. Indeed, GSK's caption to its October 17, 2019 brief makes its renewed attempt crystal clear:

> GLAXOSMITHKLINE LLC'S MEMORANDUM IN SUPPORT OF
> ITS MOTION TO COMPEL PLAINTIFFS TO PRODUCE DR. LOUIK
> FOR A ***TARGETED DEPOSITION ON HER SUPPLEMENTAL REPORT***

(Emphasis added).

GSK's current motion is no different conceptually from its March 2019 motion to compel, where GSK similarly argued that a second deposition was required based on Dr. Louik's supplemental report. Further, Dr. Louik's supplemental report was dated March 17, 2019. In its reply brief on its March 6, 2019 motion to compel, GSK argued <u>on almost every page</u> that it should be allowed a second deposition because of changed opinions in Dr. Louik's supplemental report addressing the Huybrechts study. Exhibit C, GSK Reply Brief (March 26, 2019) at 1, 2, 3, 4, 9,10. At the hearing on GSK's motion, GSK made the same argument. Exhibit A, Tr. (April 8, 2019) at 56:11-56:23 ("She has submitted a supplemental report only addressing the Huybrechts study, and it appears that her opinions have changed."); 58:6-12 ("we are entitled to cross-examine Dr. Louik on her changed opinions…"; 59:17-25. *Compare*, Exhibit E, GSK Brief (Oct. 17, 2019) at 3-6; 8-10, 12. There are no persuasive new arguments here.

## II. <u>Legal Standard</u>

### A. <u>Motion for Reconsideration Under Rules 59 and 60</u>

Federal courts consider motions for reconsideration, denominated either as (1) motions to "alter or amend" pursuant to Fed. R. Civ. P. 59(e); or (2) motions for relief from "judgment, order, or proceeding" pursuant to Fed. R. Civ. P. 60(b). *In Re Armando Torres Ortiz v. Banco*

*Popular de Puerto Rico*, No. 10-10228, 2018 WL 5294847, *2 (Bankr. D.P.R. Oct. 23, 2018); *see also Fisher v. Kadant, Inc.*, 589 F.3d 505, 512 (1st Cir. 2009); *accord* Fed. R. Civ. P. 60(b) (emphasis added).  In relevant parts, Rules 59 and 60 set forth means under the Federal Rules for requesting court reconsideration of prior orders or proceedings, *see* Fed. R. Civ. P., including court decisions concerning motions to compel.  *See Cozza v. Network Assoc., Inc.*, 362 F.3d 12 (1st Cir. 2004)(noting that the defendant's motion for reconsideration of the court's order on a motion to compel could properly be contemplated under Rule 60(b)); *accord Victorino v. FCA US LLC*, No. 16-cv-01617-GPC-JLB, 2017 WL 4557193, *1 (S.D. Cal. Oct. 12, 2017)(applying Rule 60(b) to the defendant's motion for reconsideration, including its novel arguments on the court's prior order denying a motion to compel); *Evans v. Legislative Affairs Div.*, ATF, No. 6:12-cv-00641-JMC, 2013 WL 2635933, *1 (D.S.C. June 11, 2013)(applying Rule 60(b) to the plaintiff's motion for reconsideration of a motion to compel); *Fidelity & Guaranty Ins. Comp. v. Ford Motor Comp.*, No. 6:09-cv-595-Orl-31KRS, 2010 WL 11507689 (Feb. 9, 2010)(applying Rule 60(b) to the plaintiff's motion for reconsideration on the court's order to compel a deposition).

With regard to either motion, the First Circuit has established that a court should grant a motion for reconsideration only as an "extraordinary remedy" and "sparingly." *United States ex rel. GE v. Takeda Pharm. Co.*, 737 F.3d 116, 127 (1st Cir. 2013).  Additionally, "[m]otions for reconsideration should not give parties a 'second bite at the apple' or 'another roll of the dice.'" *In Re Armando Torres Ortiz*, No. 10-10228, 2018 WL 5294847, *2 (Bankr. D.P.R. Oct. 23, 2018); *see also BBVA v. Santiago-Vazquez*, 471 B.R. 752, 761 (B.A.P. 1st Cir. 2012)("[I]n denying reconsideration, the bankruptcy court correctly applied the [ ] First Circuit precedent

against a second bite at the apple: [L]itigants may not use Fed. R. Civ. P. 59(e) to advance arguments they could have made earlier.").

Further, "'[a] motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment.'" *In Re Armando Torres Ortiz*, No. 10-10228, 2018 WL 5294847, *2 (Bankr. D.P.R. Oct. 23, 2018)(*citing Marks 3-Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.*, 455 F.3d 7, 15-16 (1st Cir. 2006). As such, a motion for reconsideration "*cannot be used as a vehicle to re-litigate matters already litigated and decided by the court.*" *In Re Armando Torres Ortiz*, No. 10-10228, 2018 WL 5294847, *2 (Bankr. D.P.R. Oct. 23, 2018)(*citing Standard Quimica de Venezuela v. Central Hispano Int'l., Inc.*, 189 F.R.D. 202, 205, n. 4 (D.P.R. 1999)(emphasis added).

Under Rule 60 (b), the court may reconsider a prior decision and relieve a party of a "judgment, order, or proceeding" for several enumerated reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered with reasonable diligence in time to move under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier, vacated or reversed judgment, or it can no longer be applied prospectively and equitably; or (6) any other reason that justifies relief, subject to the motion for reconsideration precedent set forth above.

While Rules 59 and 60 are distinct, the applicable rule depends on when the motion for reconsideration is served. *In Re Armando Torres Ortiz*, No. 10-10228, 2018 WL 5294847, *2 (Bankr. D.P.R. Oct. 23, 2018). "A motion to alter or amend must be filed no later than 28 days

after entry of the judgment" and a motion for relief must be "made within a *reasonable time*" and, when applied to Rules 60(b)(1-3), discussed below, never "more than "a year after the entry of the judgment or order or date of the proceeding." *See* Fed. R. Civ. P. 59(e); *accord* Fed. R. Civ. P. 60(b)(emphasis added).

In the present case, Rule 60(b) is Defendant's only possible vehicle for requesting reconsideration based on the timing of its motion. GSK's second motion to reopen Dr. Louik's deposition was adjudicated on April 8, 2019 and, thus, because GSK's current motion was filed more than 28 days thereafter, Defendant's motion for reconsideration might only be considered under Rule 60(b).

Notwithstanding, a Rule 60(b) motion by GSK still is untimely. Whether a 60(b) motion to reconsider is made within a "reasonable" time "is dependent upon the facts in a case, including the length and circumstances of delay in filing, prejudice to opposing party by reason of the delay, and circumstances warranting equitable relief." *Venture Industries Corp. v. Autoliv ASP, Inc.*, 457 F.3d 1322(Fed. Cir. 2006); *see also In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003). In consideration of the facts relevant here, Defendant's motion for reconsideration is untimely under both Rules 59(e) and 60(b).

### B. Standards for Requiring a Repeat Deposition

Absent a showing of good cause, generally the court will not require a witness to appear for another deposition.[2] The party seeking a court order to extend the examination, or otherwise

---

[2] *Cuthbertson v. Excel Indus., Inc.,* 179 F.R.D. 599, 604-605 (D. Kan. 1998); *see also Shultzaberger v. State Farm Mut. Auto. Ins. Co.*, No. 2:17-CV-01028-KRS-CG, 2018 WL 2723783, at *2 (D.N.M. June 6, 2018) (""[S]econd depositions are generally disfavored…." ); *Ransom v. Herrera*, No. 111CV01709LJOEPGPC, 2018 WL 4008386, at *2 (E.D. Cal. Aug. 21, 2018) ("Reopened depositions are disfavored, except in certain circumstances, such as, long passage of time with new evidence or new theories added to the complaint."); *Libertarian Party of Ohio v. Husted*, 302 F.R.D. 472, 476 (S.D. Ohio 2014) ("[O]nce the deposing party has had a full opportunity to question a witness," a second deposition of that witness is "presumptively duplicative[,] and it is appropriate to ask the requesting party to explain what else might be asked that has not already been covered.")

alter the limitations, is expected to show good cause to justify such an order.[3] When determining whether to grant leave, the Court has broad discretion to consider all relevant circumstances and examine the equities.[4] Rule 26(b) identifies the factors that guide the exercise of discretion.[5] Under Rule 26(b)(1), the subject matter of a second deposition must be relevant to a claim and "proportional to the needs of the case[.]"[6] Rule 26(b)(2) requires the Court to consider (1) whether a second deposition would be "unreasonably cumulatively or duplicative"; (2) the movant "has had other opportunities" to obtain the information sought; and (3) the burden outweighs the benefit.[7]

### III. Argument

#### A. The Cases Cited by GSK are Distinguishable

The cases cited by GSK are easily and materially distinguishable. None of the cases cited by GSK support the relief it seeks in the current motion-- its *third* motion to compel another deposition for Dr. Louik.

First, no case cited by GSK addresses similar circumstances as are present here, where the party seeking another deposition of an expert has filed an untimely motion. As detailed herein, GSK made the same arguments in its prior motion to compel. The current motion seeks the same relief as it sought last spring, and the support offered by GSK is based on facts available to GSK six months ago. GSK offers no explanation for the delay. GSK had all of the

---

[3] Advisory Committee Note to the 2000 Amendment to Rule 30.

[4] *Shultzaberger v. State Farm Mut. Auto. Ins. Co.*, No. 2:17-CV-01028-KRS-CG, 2018 WL 2723783, at *2 (D.N.M. June 6, 2018).

[5] Id. (citing Fed. R. Civ. P. 30(a)(2)(A)(ii)).

[6] Id. (citing Fed. R. Civ. P. 26(b)(1)).

[7] Id. (citing Fed. R. Civ. P. 26(b)(2)(i)-(iii)).

information it needed to file this motion six months ago. It is now too late, with a trial date around the corner.

Second, none of the cases cited by GSK address the circumstances here, where the motion is in actuality a motion for reconsideration, requesting that the Court consider the same motion it has previously. GSK seeks the same relief it has repeatedly sought before. The Louik supplemental report based on the Huybrechts study is the focus of the current motion and was also advanced in the briefing and hearing last spring.

Third, none of GSK's cited cases address the circumstances here, where the motion fails to meet the standards for a motion for reconsideration under either Rules 59 (e) or 60 (b).

Fourth, the only new argument in the current motion is based on statements made by Plaintiffs' lawyers at the *Daubert* hearing. None of the cases provide any authority for mandating a second expert deposition based on statements made by counsel about the expert's opinions.

Fifth, GSK's contention that its single citation to First Circuit authority supports its argument that Dr. Louik's deposition should be reopened is misguided. Citing *Albert v. Warner–Lambert Co.*, GSK ignores the *Albert* court's reasoning for reopening its expert deposition as a "sanction" for "untimely disclosure." No. 99-11700, 2002 WL 745822, *1-2 (D. Mass. Apr. 24, 2002). Dr. Louik's supplemental report was signed three months after the Huybrechts study was published and six months before trial. GSK has not challenged her supplemental report as being untimely. [8]

---

[8] GSK's epidemiology experts Shaw and Kimmel's supplemental report on the Huybrechts study were both issued on February 12 and 13, two months after the Huybrechts publication. *See* Exhibit F, Kimmel Supp Rept., (Feb. 13, 2019); Exhibit G, Shaw Supp. Rept. (Feb. 12, 2019). As noted by this Court's recent decision on GSK's motion to strike, Dr. Danielsson's supplemental report on the Huybrechts study was dated February 28, 2019, two weeks before Dr. Louik's supplemental report. This Court concluded in a decision issued on October 23, 2019, that "while it is perhaps a close call, the Court concludes that Dr. Danielsson's supplementation with respect to the Huybrechts study was timely."

In *Albert*, the expert's supplemental report was served well over a year after the initial report, and the court draws a bold distinction between a "good faith" supplement and "untimely disclosure," in violation of Rule 26(e), that is "totally unanticipated." *Id.*; *accord* Fed. R. Civ. P. 26(e). In the latter instance, "harsh sanctions" may be appropriate, and, "even in cases where a party cannot demonstrate that its failure to comply with an expert disclosure deadline was justified or harmless," "lighter sanctions," are proper. *Albert*, No. 99-11700, 2002 WL 745822, *1-2 (D. Mass. Apr. 24, 2002). In *Albert*, the court imposed "lighter sanctions" for the plaintiff's Rule 26 timeliness breach—the reopening of the expert's deposition for targeted questions. *Id.*

Certainly, however, the First Circuit does not prescribe sanctions when a party acts in good faith, as Plaintiffs have here. Further untangling Defendants' confusion of First Circuit jurisprudence, the *Albert* court states that "[s]upplementation of an expert's report in anticipation of trial may be more the rule than the exception." *Id.* at *1. Plainly, Dr. Louik's good faith supplement following the publication of the Huybrechts study, published *subsequent* to her deposition, is aligned with the rule suggested by *Albert*, as well as Rule 26, and does *not* subject Plaintiff to sanctions for failure to serve a supplement in a "timely manner" pursuant to Rule 26(e)(1)(A).

Consistent with *Albert*, the *Allstate Interiors* court denied the defendant's motion to reopen expert discovery following an expert's supplemental disclosure. *Allstate Interiors & Exteriors v. Stonestreet Construction, LLC v. Wybosset Hotel, LLC, et al.*, No. 09-283, 2011 WL 13244035, *1 (D.R.I. June 21, 2011). In *Allstate Interiors*, Defendant Wybosset argued to reopen the plaintiff's expert's deposition because the expert submitted a "supplemental expert witness report" "outside of the expert discovery cut off" that "*include[d] new opinions*." *Id.*

11

(emphasis added). Determining that the expert report was filed in a "timely manner," the *Allstate Interiors* court "denied" the defendant's request to reopen discovery.

### B. GSK's Motion Does Not Meet the Standards of Fed. R. Civ. P. 59(e) or 60(b)

GSK's motion for reconsideration should be denied because it does not meet the requirements of Rules 59(e) or 60 (b). The motion does not meet the 28-day time limit set forth in Fed. R. Civ. P. 59 (e). GSK's motion also does not satisfy any of the standards set forth in Fed. R. Civ. P. 60(b). There is no claim of "mistake, inadvertence, surprise, or excusable neglect." There is no "newly discovered evidence that could not have been discovered with reasonable diligence in time to move under Rule 59(b)." There is no "fraud, misrepresentation, or misconduct by an opposing party." The underlying decision is not "void." And there is no "other reason that justifies relief." To the contrary, this is best characterized as nothing more than an attempt at another "bite at the apple," and another "roll of the dice," which the First Circuit rejects. *See In Re Armando Torres Ortiz*, No. 10-10228, 2018 WL 5294847, *2 (Bankr. D.P.R. Oct. 23, 2018); *see also BBVA v. Santiago-Vazquez*, 471 B.R. 752, 761 (B.A.P. 1st Cir. 2012).

### C. GSK's Motion is Untimely Just Weeks Before Trial

GSK's demand for additional deposition testimony from Dr. Louik is untimely. Dr. Louik's supplemental report was served on March 17, 2019. GSK first asked this Court to compel a second deposition of Dr. Louik about her supplemental expert report in a reply brief filed on March 26, 2019. This Court denied that motion and proceeded to *Daubert* hearings in late April. Since April 26, 2019, the day *Daubert* proceedings concluded, GSK has been silent about a need for additional deposition testimony from Dr. Louik. May passed, then June and July, then August, September, and half of October. Now, suddenly, after nearly six months of inactivity, we are hearing about an absolutely urgent need to depose Dr. Louik about opinions

12

she expressed in mid-March. As pointed out above, not one single fact has changed to suddenly trigger this need now, in October. The lawyer arguments GSK points to in its motion to compel were all made several months ago. GSK makes offers no justification for this months-long delay in its motion, and for good reason. It has none.

Trial courts have a responsibility to manage their dockets efficiently, and a necessary corollary of that proposition is that litigants are entitled to a reasonable period of time within which to conduct discovery, not a limitless period. *Vineberg v. Bissonnette*, 548 F.3d 50, 55 (1st Cir. 2008) (*citing Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 11-12 (1st Cir. 2007); *Coyante v. P.R. Ports Auth.* 105 F.3d 17, 23 (1st Cir. 1997)). Further, federal courts have interpreted the "reasonable" time requirement under Rule 60(b) to be fact dependent and contemplative of "length and circumstances of delay in filing" and "prejudice to opposing party by reason of the delay." *Venture Industries Corp. v. Autoliv ASP, Inc.*, 457 F.3d 1322(Fed. Cir. 2006); *see also In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003).

Surely, the Defendant's unreasonable delay and prejudice to Plaintiffs limits Defendant's relief under Rule 60. Many months have passed since Dr. Louik served her supplemental report. GSK could have moved to compel a second deposition of Dr. Louik in May and that motion would have looked identical in its factual particulars to the motion GSK wants considered now, in late October. General causation discovery depositions in this case are closed and have been since October 31, 2018.[9] GSK provides no compelling reason for their reopening now, after months have passed in silence since *Daubert*.

Beyond the unjustified delay in seeking this second bite at the Louik apple, it is also clear that at this point in time, further discovery on this issue will cause further delays as we approach

---

[9] MDL Order No. 25, Doc. No. 1006.

trial.  The first bellwether trial is scheduled to begin in three months and the parties are amid pretrial deadlines.  A further, second opportunity for GSK to depose Dr. Louik would likely delay those trial preparation efforts, prejudicing the Plaintiffs.  For all these reasons related to timeliness, GSK's motion to compel should be denied.

### D. Lawyers' Arguments Do Not Provide a Basis for a Second Expert Deposition

Even if GSK could pass the procedural bars to its request for a second deposition of Dr. Louik (and it cannot), its basis for the demand is unsound.  GSK relies heavily on what it calls "plaintiff's shifting representations" to create a false confusion regarding Dr. Louik's opinions.  Much is made of the rhetoric surrounding Dr. Louik's opinion and whether or not it is fair to say that Dr. Louik has "withdrawn her causation opinion" regarding septal heart defects.  GSK claims she has withdrawn her causation opinion, and at the *Daubert* hearing, counsel for Plaintiffs disagreed, explaining that Dr. Louik in fact has many standing opinions about the epidemiology studies examining the risk of septal defects.

While it is fair to state that Dr. Louik does not opine that epidemiology, in total, and independent of the other lines of evidence, establishes an association between Zofran and septal defects, it is not accurate, and indeed misleading, to suggest she has withdrawn her opinion on septal defect epidemiology.   Said another way, Plaintiffs refuse to accept GSK's rhetorical device of oversimplifying Dr. Louik's supplemental report to a  "withdrawal" of her causation opinion.  To the extent this refusal confuses GSK, that is a problem of its own making and cannot be used to justify additional expensive, time-consuming, and distracting discovery, particularly this close to trial.

GSK's repeated claims of confusion about the nature of Dr. Louik's opinions is belied by its simple and accurate description found in its very own brief.  On page 9 of its motion to compel, GSK writes: "Stated differently, her first opinion was that the epidemiology demonstrates causal association for septal defects. Her second opinion is that the epidemiology does not demonstrate a causal association." While GSK conveniently oversimplified the case, it is correct that Dr. Louik maintains that epidemiology alone does not demonstrate a causal association for septal defects.  Despite GSK's advocacy and self-serving summary of an expert's written word, that is not a basis for a reconsideration of a determination that Dr. Louik need not sit for another deposition.

The lawyer arguments GSK cites to in its motion are not evidence, nor do they constitute good cause for a second deposition as required by law.  Instead, the arguments GSK finds so unsettling reflect the best efforts of Plaintiffs' counsel to place Dr. Louik's opinions into the framework of expert admissibility law as reflected in the *Allen* and *Ambrosini* cases cited in Plaintiffs' *Daubert* briefing.  None of the cases GSK cites in its motion for a new deposition of Dr. Louik allow lawyer argument to serve as a basis for additional depositions of general causation experts.  If GSK believes that counsel for Plaintiffs are mischaracterizing Dr. Louik's opinions, they are free to confront her with these statements at trial in cross examination.  However, GSK should not be allowed to use lawyer argument and feigned confusion to justify its demand for a costly and time-consuming second deposition of Dr. Louik prior to trial, especially at this late date and after several months of inactivity and silence.

Dated: October 29, 2019                                Respectfully submitted,

                                                                    /s/ Robert K. Jenner_____
                                                                    Robert K. Jenner, Esquire (BBO No. 569381)
                                                                    JENNER LAW P.C.

1829 Reisterstown Road
Suite 350
Baltimore, Maryland  21208
410-413-2155

Tobias L. Millrood
POGUST MILLROOD LLC
8 Tower Bridge, Suite 940
Conshohocken, PA  19428
610-941-4204

M. Elizabeth Graham
GRANT & EISENHOFER P.A.
123 S. Justison Street
Wilmington, DE  19801
302-662-7063

Kimberly D. Barone Baden
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC  29464
843-216-9265

James D. Gotz
Steven R. Rotman
HAUSFELD
One Marina Park Drive, Suite 1410
Boston, MA 02210
617-207-0600

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of October, 2019, I electronically filed the foregoing opposition to GSK's motion to compel, using the CM/ECF system and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

/s/Robert K. Jenner