UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ZOFRAN® (ONDANSETRON) PRODUCTS LIABILITY LITIGATION | MDL no. 1:15-md-2657-FDS<br><br>This document relates to:<br><br>All Actions |

**DEFENDANT GLAXOSMITHKLINE LLC'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED RENEWED MOTION FOR SUMMARY JUDGMENT BASED ON FEDERAL PREEMPTION AND STATEMENT <u>OF UNDISPUTED MATERIAL FACTS</u>**

GSK submits this reply in support of its motion for leave to file revised versions of its renewed motion for summary judgment based on preemption and statement of undisputed material facts that delete all reference to, and reliance on, the declarations struck by the Court's ruling on Plaintiffs' motion to strike. In response to GSK's motion, Plaintiffs' counsel accuse GSK's attorneys of engaging in a "deliberate and surreptitious attempt to circumvent" this Court's ruling, of "mislead[ing] the Court under the guise [of] being helpful and providing clarity," and of "obfuscating the truth." Pls.' Opp'n to GSK's Mot. for Leave (ECF No. 1713) at 1, 6, 7. One would hope that officers of the Court would not levy such offensive accusations against opposing counsel unless they could substantiate them.

They have not substantiated those accusations, nor could they. After having two and a half weeks to respond to GSK's motion, they have identified all of four sentences to which they object. Their objections are completely meritless. In one instance, they appear to object to an assertion of fact that they already have admitted. In another instance, they complain that pincites are missing in the brief even though the pincites appear in the corresponding paragraph of the Statement of

Undisputed Material Facts. Their attempt to spin those baseless objections into a narrative of deception is wrong and disappointing.

GSK's motion is a good-faith effort to ensure that the Court and the parties—and an appellate court if necessary—know the scope of the record on which this Court is deciding preemption. Following the Court's ruling on Plaintiffs' motion to strike, GSK carefully reviewed its preemption brief and statement of undisputed material facts. As its redlined brief and statement reflect (attached as Exhibits C and D to its motion), GSK omitted from those documents all *opinions* that rested on the declarations of Drs. Wier, Hixon, and Shaw. It also omitted any assertions of fact that were supported by those declarations and were not supported by any other exhibit. And it omitted all citations to the stricken declarations and, where appropriate, provided the corresponding citations to GSK's documentary exhibits.

Plaintiffs do not deny as a general matter that it would be helpful for the parties and the Court to understand the scope of the preemption record. They do not appear to object to the general concept of an amended brief and statement of facts. Instead, Plaintiffs have identified four sentences to which they object, from which they contend that GSK's entire motion is an attempt to mislead the Court. But, as GSK will demonstrate below, each of Plaintiffs' specific objections is meritless. The Court should reject each of them. And Plaintiffs' specific objections do not come close to supporting Plaintiffs' broader, insidious claim that GSK is misleading the Court. The Court should reject Plaintiffs' objections and grant GSK's motion.

1.   *First*, Plaintiffs argue that, in two places, GSK retained an "opinion" based on one of the stricken declarations. Opp'n at 4-5. In each instance, the sentence represents attorney argument based on common sense and/or the documentary evidence, and GSK is presenting the argument to the Court without a supporting expert declaration. Plaintiffs may argue to the Court

that it should reject the argument, and they may offer the Court evidence undermining the argument if they have any, but that is no reason to deny GSK's motion for leave to file the amended brief.

Plaintiffs first complain about GSK's argument that "[b]ecause GSK's October 2015 DPA was never supplied to the FDA, the manner in which GSK compiled the DPA could not have affected the FDA's labeling decisions." Opp'n at 4. That is a common-sense proposition; this Court does not need an expert to tell it that FDA could not have been influenced by a supposedly incomplete analysis that was never provided to it. That Dr. Hixon also reached the same common-sense conclusion in her stricken declaration does not bar GSK from arguing it to the Court.

Plaintiffs next complain about GSK's argument that "[e]ven supposing laryngomalacia were a major malformation, nothing suggests that this one event would have been material to the FDA or in any way altered study results." Opp'n at 4-5. Again, GSK is presenting this sentence as argument to the Court. The exhibits that the Court refused to strike fully support this argument. *See* GSK Mot. Exs. 45, 53-57, 72, 73, 100. Plaintiffs nitpick the Einarson study for failing to include one case of laryngomalacia. But they provide no evidence that (1) the Einarson study's assessment of only "major malformations" should have included the one adverse event of laryngomalacia or (2) the inclusion of that case would have altered the study results or would have been material to FDA. GSK is entitled both to comment on the lack of evidence from Plaintiffs on this point without citing an expert declaration and to rely upon the scientific evidence explaining why the adverse event of laryngomalacia was not included in the Einarson study. In fact, the Court itself observed that Plaintiffs' argument about laryngomalacia is not supported by any expert opinion when it ruled on Plaintiffs' motion to strike. *See* ECF No. 1670 at 18.

2. *Second*, Plaintiffs claim that in one instance the cited document does not support GSK's factual assertion. **Plaintiffs, however, themselves agreed with the factual assertion in their response to GSK's Statement of Undisputed Material Facts**.

In the passage of GSK's amended brief to which Plaintiffs object, GSK cites Japanese Study 100441 for the following proposition:

> Finally Nippon Glaxo conducted study 100441 involving oral formulation of Zofran in rabbits. Ex. 120. Study 100441 is the Japanese equivalent of U.K. study L10649. The study investigators did not find any fetal lethal or teratogenic effect in any treatment group. *Id.* at -7398, 7413-74145. ***The investigators did find some evidence of fetal growth retardation in the mid- and high-dose groups, but concluded that the retardation was due to maternal toxicity and not directly related to the treatment of Zofran. Id. at -7415.***

Opp'n at 6 (emphasis added). Plaintiffs argue that page -7415 of Exhibit 120 does not support the final sentence. *Id.*

Here is what GSK said and cited in paragraph 132 of its original Statement of Undisputed Material Facts filed on July 18, 2019:

> Study 100441 was a definitive EFD study conducted at Nippon Glaxo in 1988. Ex. 4 ¶ 32; *see* Ex. 120 at ZFN00077394. In this study, Zofran was administered orally to pregnant rabbits during the period of organogenesis. Ex. 120 at ZFN00077399. Maternal toxicity was observed in the mid- and high-dose groups. *Id.* at . . . ZFN00077398, 409-413. "There were no findings suggesting teratogenicity or embry/fetus lethality." *Id.* at ZFN00077398, 413-414. Malformations occurred in all groups, including the control. *Id.* at . . . ZFN00077425, 426, 428. ***The study investigators determined that the fetal growth retardation was due to maternal toxicity, and not directly related to the treatment of Zofran. Id. at ZFN00077415;*** *see* Ex. 65.

ECF No. 1594-1, ¶ 132 (emphasis added).

And, finally, here is what Plaintiffs said in response to paragraph 132 of GSK's Statement of Undisputed Material Facts after having three months to respond:

> ***Admit***, but Study No. 100441, JA005176-5331, (Vol. 10) in rabbits given Zofran orally most likely also resulted in exposures in all doses below the human exposure,

4

> based on their rapid metabolism and elimination of ondansetron compared to humans.  Danielsson Rept. At 62, JA000244, (Vol. 1).

Pls.' Local R. 56.1 Response ¶ 132 (emphasis added).  Plaintiffs admitted GSK's characterization of the study results, and they did not dispute that page -7415 supports that characterization; they simply quibbled with the relevance of the animal study for purposes of ascertaining Zofran's effect on humans.  Given this admission, Plaintiffs' argument about GSK's citation to page -7415 of this study in its brief defies not only common sense but any measure of a good-faith objection.

3. *Third*, Plaintiffs object to one instance in which GSK did not provide pincites in its brief for the pages of Exhibits 80 and 116 that support the proposition that "[t]he incidence of malformations in [study 100422] was well within the background control range." Opp'n at 7.  This is not a serious argument.  GSK provided the pincites in the corresponding statement of fact, including in the original Statement of Undisputed Material Facts filed on July 18, 2019.  *See* ECF No. 1594-1, ¶ 98 ("One VSD out of 176 fetuses (0.6%) in the high-dose group occurred, **Ex. 116 at ZOFNDAE0002554**, which was within the background control range of 0-3.01% for the particular type of rat used in the study, *see* **Ex. 80 at 168-169**." (emphases added)).

\* \* \*

It is telling that these objections are the best Plaintiffs can muster.  The reason they have not identified anything else about which to complain is because GSK diligently, and in good faith, implemented this Court's ruling on the motion to strike.  The parties and the Court need a clear record.  The Court should grant GSK leave to file Exhibits A and B to its motion as amended versions of its preemption brief and statement of undisputed material facts that implement this Court's ruling on Plaintiffs' motion to strike.

Dated: November 4, 2019

        Respectfully submitted,
        GLAXOSMITHKLINE LLC,
        By its attorneys,

*/s/ Jennifer Stonecipher Hill*
Madeleine M. McDonough
Jennifer M. Stevenson
Jennifer Stonecipher Hill
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
mmcdonough@shb.com
jstevenson@shb.com
jshill@shb.com
*Admitted pro hac vice*

Lisa S. Blatt
Amy Mason Saharia
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
lblatt@wc.com
asaharia@wc.com
*Pro hac vice applications pending*

Attorneys for Defendant GlaxoSmithKline LLC

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent via first class mail to those identified as non-registered participants.

                                              */s/ Jennifer Stonecipher Hill*
                                              Jennifer Stonecipher Hill