UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE : ZOFRAN® (ONDANSETRON) PRODUCTS LIABILITY LITIGATION | MDL No. 1:15-md-2657-FDS<br><br>This document relates to:<br><br>ALL CASES |

**GLAXOSMITHKLINE LLC'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL PLAINTIFFS TO PRODUCE DR. LOUIK
FOR A TARGETED DEPOSITION ON HER SUPPLEMENTAL REPORT**

Plaintiffs' opposition presents several unavailing arguments for preventing a short deposition of Dr. Louik to prevent unfair surprise and prejudice to GSK at trial. Tellingly, Plaintiffs never refute that Dr. Louik's central opinions have changed since her first deposition. Nor do they deny that GSK would be prejudiced without another deposition. Instead, they point to inapplicable procedural rules to justify their position. But GSK's motion is not one for reconsideration; it is an entirely appropriate and timely request prior to trial to avoid trial by ambush. The Court should grant GSK's Motion.

**I.    The Present Motion Does Not Seek Reconsideration of Any Prior Motion.**

Plaintiffs' wrongly argue that GSK's motion is an improper motion for reconsideration under Rules 59 or 60. Plf. Opp. at 7-8, 12. Two reasons expose the flaws in that argument. First, the relief sought in this motion is facially distinct from GSK's prior motions. GSK previously sought an order that Dr. Louik either appear for a deposition or appear live at the *Daubert* hearing in light of the Court's need to consider the reliability of her testimony under its gatekeeping role. *See* GSK's Mem. in Support of Motion to Compel, filed Mar. 6, 2019 (filed under seal). The Court declined to require Dr. Louik to appear for *Daubert,* reserving the question as to whether she would be needed at a later point. Ex. A, Apr. 8, 2019 Hrg. Tr. at 71 ("I'm going to not require her to

1

submit to another deposition at this time. I'm going to let the *Daubert* hearings go forward. I may want to hear live testimony from her, depending on how I think that plays out…"). GSK did not ask the Court to reconsider that Order—the *Daubert* hearing occurred, and Dr. Louik did not testify. Now, with trial approaching, assuming Dr. Louik is permitted to testify at all, GSK seeks a short additional deposition to understand what (if anything) is left of her cardiac defect opinions for purposes of trial. Plaintiffs' argument that GSK fails to satisfy the standard for reconsideration under Rules 59 and 60 is nothing more than a red herring.

Second, Plaintiffs themselves previously argued that whether Dr. Louik should appear for a second deposition or at *Daubert* were **two separate questions** that should be handled separately by the Court at different times. Ex. A, Apr. 8, 2019 Hrg. Tr. at 64 ("The question of whether Dr. Louik should appear breaks down to two questions, whether and when. The question of whether, we don't have to reach that today. The issue for today [is] is she needed now for *Daubert*?"). The Court ruled on the second question—holding that she would not appear at *Daubert*, but did not rule on the first question at that time. *Id.* at 71 ("I'm going to not require her to submit to another deposition **at this time**. I'm going to let the *Daubert* hearings go forward") (emphasis added). It is now appropriate to resolve the first question in light of the circumstances and procedural context that now exist. Plaintiffs cannot seriously suggest GSK has done something improper when GSK seeks what they said was a question for another day. And it is certainly not reconsideration, since the Court never reached the issue presented by this motion.[1]

---

[1] Plaintiffs' passing suggestion that they should be permitted to reopen the depositions of Drs. Shaw and Kimmel is disingenuous. Plaintiffs have never even asked GSK to make these experts available, and, as GSK noted in its March 26, 2019 brief, GSK had no objections to those depositions. *See* ECF No. 1427 p. 7 n.2.

2

**II.     Plaintiffs Offer No Valid Support for Their Untimeliness Claim.**

Plaintiffs point to no reasonable basis for concluding that GSK's motion is untimely. Ironically, in April, they essentially claimed that GSK's request to re-open Dr. Louik's deposition was made too early. Now, according to Plaintiffs, it is too late. While it is unlikely that there was any time Plaintiffs would have considered the "right" time to make this request, the authority they cite is inapposite. This is not a motion for reconsideration under Rule 60, nor is it governed by Rule 59(e)'s 28-day limit under the rules. More importantly, however, Plaintiffs give no reasons why Dr. Louik cannot appear for a short deposition during the next two months. She is, after all, retired and living in the Boston area. Ex. B, Expert Report of Dr. Louik at 1. It should not "delay trial preparations" to have Dr. Louik sit for a deposition on the opinions she plans to give at trial. Nor is it unusual or prejudicial to have depositions in the months leading up to trial. The parties continue to engage in other depositions. For example, Plaintiffs have represented to the Court that the parties may conduct several additional treating physician deposition before trial. Ex. C, Sept. 18. 2019 Hrg. Tr. at 6 ("There may be a few depos that need to happen after that such as that particular surgeon, obviously, and we'll keep the Court aware of that as well."). In addition, the Court recently granted GSK's motion for leave to take a second deposition of Dr. Zambelli-Weiner as soon as possible after November 5. *See* Doc. 1707. Moreover, the prejudice exacted on GSK if denied the opportunity to depose Dr. Louik far outweighs any prejudice Plaintiffs claim in having to prepare their epidemiologist on the opinions she will provide at trial. Plaintiffs cannot first say "let's defer the question of Dr. Louik's second deposition for another day" and now deny GSK's right to make that request.

### III. Plaintiffs Continue to Offer Cryptic and Carefully Parsed Descriptions of Dr. Louik's Remaining Opinions.

Plaintiffs incorrectly suggest that the basis for GSK's motion is "lawyer arguments" about Dr. Louik's opinions. Dr. Louik's new and in part unclear opinions are the basis for the motion; they are rendered even more ambiguous by Plaintiffs' arguments at the *Daubert* hearing trying to explain away her new opinion. GSK cites lawyer argument merely to emphasize how unclear her opinions are. Rather than being "a problem of [GSK's] own making," this ambiguity is, in fact, merely compounded by Plaintiffs' counsels' representations of Dr. Louik's opinions. Indeed, they continue to muddy these waters in their reply brief by saying they refuse to accept GSK's fair representation of her opinions as "oversimplifying." Plf. Opp. at 14-15.

Moreover, Plaintiffs' argument reveal the hypocrisy in their representations to the Court. The basis for Plaintiffs' opposition to Dr. Louik's live testimony at *Daubert* was that **their argument** would make her opinions clear. Ex. A, Apr. 8, 2019 Hrg. Tr. at 60-61 ("your Honor said, 'I leave open this possibility, I reserve the right to ask her to come in and testify, but let's start off with having lawyers' arguments for our Daubert hearing'…[a]nd that makes sense to us today, as it did back then"). Plaintiffs cannot take the contradictory positions that: 1) Dr. Louik's opinions will become clear through attorney argument at the *Daubert* hearing, and 2) attorney argument from the *Daubert* hearing should not be considered by the Court in context of a motion to compel her testimony. The Court can and should consider Plaintiffs' varied representations about the opinions Dr. Louik holds in addition to Dr. Louik's own representations in her expert reports.

Plaintiffs previously agreed that the issue of "whether [Dr. Louik's] testimony is needed to allow GSK to prepare for trial" should be considered by the Court after *Daubert*. *See* Apr. 8, 2019 Hrg. Tr. at 70, Ex. 3 to GSK's Memorandum in Support. Now GSK seeks to do just that. With *Daubert* hearings behind us and trial approaching without a ruling excluding Dr. Louik's

4

testimony, GSK must be permitted the opportunity to understand this critical witness's testimony, before she takes the stand at trial and before other experts rely on and defer to her opinion.

## CONCLUSION

For the foregoing reasons and those articulated in GSK's original Memorandum in Support, the Court should grant GSK's Motion and require Dr. Louik to appear for a targeted, four-hour deposition on the opinions in her March 19 supplemental report.

Dated: November 5, 2019

                                        Respectfully submitted,

                                        */s/ Jennifer M. Stevenson*
                                        Madeleine M. McDonough
                                        Jennifer M. Stevenson
                                        Jennifer Stonecipher Hill
                                        SHOOK, HARDY & BACON L.L.P.
                                        2555 Grand Blvd
                                        Kansas City, MO 64108
                                        Telephone: (816) 474-6550
                                        Facsimile: (816) 421-5547
                                        mmcdonough@shb.com
                                        jstevenson@shb.com
                                        jshill@shb.com
                                        *Admitted pro hac vice*

                                        *Attorneys for Defendant GlaxoSmithKline LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was sent electronically to all registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via first class mail to those identified as non-registered participants.

/s/ *Jennifer M. Stevenson*
Jennifer M. Stevenson