## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE : ZOFRAN® (ONDANSETRON) PRODUCTS LIABILITY LITIGATION** | MDL NO. 1:15-md-2657-FDS<br>This document relates to:<br>All Actions |

## GLAXOSMITHKLINE LLC'S EMERGENCY MOTION
## FOR TELEPHONIC CONFERENCE

GSK respectfully requests a telephonic conference at the Court's earliest convenience to address Dr. Zambelli-Weiner's refusal to comply with the Court's Order from October 25, 2019, granting its Motion to Compel. GSK also wishes to discuss appropriate sanctions, including attorneys' fees and costs, for Dr. Zambelli-Weiner's failure to comply with the Court's order. The Court ordered Dr. Zambelli-Weiner to produce responsive documents by November 5, 2019. She has not done so, and the affidavit, which she provided instead of responsive documents, fails to comply with the Court's direction. *See* Aff. of April Zambelli-Weiner, Ph.D. Regarding Responses to Document Requests, attached as Ex. A.

First, the Court required Dr. Zambelli-Weiner to "click that button" to reproduce the statistical output from the codes on her server. Oct. 25, 2019 Hr'g Tr. at 23:3-14, attached as Ex. B. Instead of doing so, she merely restated that the output was not printed or saved. Ex. A at ¶ 4. But whether the output was printed or saved is immaterial; the Court ordered her to reproduce it, which she has not done. Nor does she explain why she cannot produce the required materials, as the Court instructed. *See* Ex. B at 23:15-19 ("If those documents are not produced in full because they don't exist or don't exist in part or whatever the relevant response is, I'm going to require Dr.

Zambelli-Weiner to create a statement under oath explaining the circumstances, that is, **why they were not produced**.") (emphasis added).

Second, the Court required Dr. Zambelli-Weiner to produce the full statistical coding/input for her study. Dr. Zambelli-Weiner's affidavit simply references the produced set of statistical coding (*see* Ex. A at ¶¶ 1-2), which Dr. Kimmel explained was incomplete (Ex. 2 to ECF No. 1665; Ex. 1 to ECF No. 1706). Dr. Zambelli-Weiner does not even attempt to explain why the full coding for the study is not available and cannot be produced, as required by the Court's order.

GSK seeks the Court's assistance in enforcing compliance with the discovery order, including consideration of any appropriate sanctions under Federal Rule of Civil Procedure 37(b)(2). Counsel for GSK raised this issue with counsel for Dr. Zambelli-Weiner, who, again, sought to delay enforcement of the Court's order without acknowledging the non-compliance. *See* Nov. 7, 2019 correspondence between Mr. Sheehan and Mr. Gunderson, attached as Ex. C.

Dated: November 8, 2019

Respectfully submitted,

*/s/Thomas Sheehan*
Thomas Sheehan
Eva Canaan
PHILLIPS LYTLE L.L.P.
One Canalside
125 Main Street
Buffalo, NY 14203-2887
tsheehan@phillipslytle.com
ecanaan@phillipslytle.com

Madeleine M. McDonough
Jennifer M. Stevenson
Jennifer Stonecipher Hill
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
mmcdonough@shb.com
jstevenson@shb.com
jshill@shb.com
*Admitted pro hac vice*

Attorneys for Defendant GlaxoSmithKline LLC

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent via first class mail to those identified as non-registered participants.

                                        /s/ *Jennifer Stonecipher Hill*
                                        Jennifer Stonecipher Hill