UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: ZOFRAN® (ONDANSETRON) PRODUCTS LIABILITY LITIGATION

MDL No. 1:15-md-02657-FDS

## NON-PARTY WITNESS APRIL ZAMBELLI-WEINER, PH.D.'S RESPOSNE TO GSK'S EMERGENCY MOTION FOR TELEPHONIC CONFERENCE

Non-Party April Zambelli-Weiner, Ph.D., by and through her undersigned counsel, Eric W. Gunderson and Davis, Agnor, Rapaport & Skalny, LLC, submits the following in response to Defendant GlaxoSmithKline LLC's ("GSK") emergency motion seeking a telephonic conference:

GSK's contention that Dr. Zambelli-Weiner has "refused to comply" with the Court's October 25, 2019 Order is completely baseless, and its request for sanctions, including attorney's fees, is ridiculous.

In compliance with the Court's Order, Dr. Zambelli-Weiner, having produced all of the "input" (documents responsive to Request 2(c)) and being unable to reproduce the "output" (documents responsive to Request 2(d)), submitted an affidavit stating as much. She explained that all documents responsive to Request 2(c) have been produced, including the input codes that she testified to at her deposition as being on her server. She also explained that the "output" results were copied and pasted into the Study's manuscript tables in real time and were not saved electronically.

Accordingly, Dr. Zambelli-Weiner respectfully submits that her affidavit does fully comply with the Court's Order. If the Court, however, believes further explanation is required, such as, for example, affirming that the output cannot be reproduced by "clicking a button," then

Dr. Zambelli-Weiner will agree to supplement her affidavit.  It should be noted, though, that this Court granted GSK the opportunity to depose Dr. Zambelli-Weiner a second time, and so GSK can certainly elicit additional explanation from Dr. Zambelli-Weiner at her deposition if it believes some additional explanation is needed.

Lastly, GSK's accusation that Dr. Zambelli-Weiner has refused to comply with the Court's Order and its suggestion of sanctions, as well as its decision to seek the Court's intervention regarding this matter, is completely baseless and improper. Dr. Zambelli-Weiner submitted an affidavit in compliance with the Court's Order, GSK wrote to Dr. Zambelli-Weiner's undersigned counsel suggesting that the affidavit was not in compliance with the Court's Order, and undersigned counsel responded agreeing to consider GSK's position and supplement the affidavit if needed.  However, before Dr. Zambelli-Weiner could respond GSK filed this motion making accusations of her refusing to comply.  This is clearly contrary to how courts expect parties to handle discovery disputes.  GSK's request for sanctions should be denied.

Respectfully Submitted,

DAVIS, AGNOR, RAPAPORT & SKALNY, LLC

/s/ Eric W. Gunderson
Eric W. Gunderson [Pro Hac Vice]
10211 Wincopin Circle, Suite 600
Columbia, Maryland  21044
410-995-5800 / 410-309-6161 Fax
E-mail: egunderson@darslaw.com
*Counsel for Non-Party April Zambelli-Weiner*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of November, 2019, this document was filed through the Court's CM/ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated on the NEF as non-registered participants on October 17, 2019.

/s/ Eric W. Gunderson
Eric W. Gunderson