UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: ZOFRAN (ONDANSETRON) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL No. 1:15-md-2657-FDS<br><br>This document relates to:<br>All Actions |

### PLAINTIFFS' MOTION TO CLARIFY COURT'S FDA LETTER CONCERNING GSK'S CITIZEN PETITION

As per the discussion between the parties and the Court during the December 16, 2019 telephonic status conference, and at the invitation of the Court, Plaintiffs respectfully request the Court to submit a brief letter to the FDA, clarifying one statement in the Court's December 13, 2019 letter to the Agency (Doc. No. 1773) (hereafter the "Court's FDA Letter").

On page 3, at paragraph 2 of the Court's FDA Letter, under the heading "The Status of the Litigation," the Court states:

> *Because the citizen petition could potentially affect the resolution of the preemption dispute, and therefore the outcome of the entire litigation, both parties sought to postpone the trial date for at least several months.*

Plaintiffs' reason for seeking a delay of trial was not as stated in the Court's FDA Letter, as reflected in the transcript of the status conference on November 20, 2019, at which time the parties and the Court agreed to postpone the *Rodriguez* trial. Counsel for Plaintiffs stated then—and continues to assert now—that GSK's Citizen Petition should <u>not</u> affect the resolution of the preemption dispute, for the reasons set forth in the Plaintiffs' Memorandum Concerning GSK's Citizen Petition (Doc. No. 1745).

In the interest of maintaining an accurate record in this matter, Plaintiffs respectfully request that the Court submit a letter to the FDA to make this correction. Plaintiffs propose the following language for the Court's consideration:

*I wish to clarify for the record, Plaintiffs do not agree that GSK's Citizen Petition could potentially affect the resolution of the preemption dispute, and therefore the outcome of the entire litigation. Plaintiffs take the position in the matter before me that: (a) GSK's petition is an improper use of the citizen petition process; and (b) any action taken by the FDA in response to GSK's petition cannot, as a matter of law, affect the resolution of the preemption dispute before me.*

Respectfully submitted,

*/s/ Kimberly D. Barone Baden*
Kimberly D. Barone Baden
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
843-216-9265
kbarone@motleyrice.com

Robert K. Jenner (BBO No. 569381)
JENNER LAW
1829 Reisterstown Road, Suite 350
Baltimore, MD 21208
410-413-2155
rjenner@jennerlawfirm.com

Tobias L. Millrood
POGUST MILLROOD LLC
8 Tower Bridge, Suite 940
Conshohocken, PA 19428
610-941-4204
tmillrood@pogustmillrood.com

M. Elizabeth Graham
GRANT & EISENHOFER P.A.
123 S. Justison Street
Wilmington, DE 19801
302-622-7099
egraham@gelaw.com

James D. Gotz
HAUSFELD
One Marina Park Drive, Suite 1410
Boston, MA 02210
617-207-0600
jgotz@hausfeld.com

Dated: December 18, 2019                        *Attorneys for Plaintiff*

## 7.1. (A)(2) CERTIFICATION

I hereby certify that the parties' counsel have conferred and attempted in good faith to narrow and resolve the specific dispute at issue herein.

/s/ *Kimberly D. Barone Baden*
Kimberly D. Barone Baden

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiffs' Motion to Clarify Court's Letter Concerning GSK's Citizen Petition, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via first class mail to those identified as non-registered participants.

/s/ *Kimberly D. Barone Baden*
Kimberly D. Barone Baden