UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ZOFRAN (ONDANSETRON)  ) <br> PRODUCTS LIABILITY LITIGATION  ) <br> ) <br> ) <br> _____ ) | MDL No. 1:15-md-2657-FDS <br><br> This document relates to: <br> All Actions |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY RELEVANT
TO GSK'S RENEWED MOTION FOR SUMMARY JUDGMENT
BASED ON FEDERAL PREEMPTION**

Plaintiffs respectfully submit the United States Court of Appeals for the Third Circuit's December 17, 2019 decision in *In re: Avandia Marketing, Sales and Products Liability Litigation*, ___ F.3d ___, at *1, No. 18-1010 (Dec. 17, 2019) as supplemental authority pertaining to GSK's Renewed Motion for Summary Judgment Based on Federal Preemption.  A copy of the decision is attached as Exhibit A.

The Third Circuit's decision in *In re Avandia* reiterates the standard for clear evidence preemption in light of the Supreme Court's decision in *Merck Sharp & Dohme Corp. v. Albrecht*. *Albrecht* requires a drug manufacturer seeking preemption to set forth "evidence that shows the court that the drug manufacturer fully informed the FDA of the justifications for the warning required by state law and that the FDA, in turn, informed the drug manufacturer that the FDA would not approve a change to the drug's label to include that warning." 139 S. Ct. 1668, 1672 (2019).  The Third Circuit reversed the district court's grant of summary judgment based on clear evidence preemption, writing:

> GSK argues that it "fully informed" the FDA because GSK (1) provided all "material" information to the FDA and (2) did not have access to the information that the FDA requested until *after* the latter issued the Letter, but these arguments are unavailing. GSK concedes that the FDA requested additional data and information in the Letter, yet GSK argues that none of the data and information that the FDA *actually requested* in the Letter was "material" to its proposed warning on cardiac risk, and that therefore, the FDA was "fully informed" for purposes of

>*Merck*. This argument turns the regulatory regime on its head. The FDA, not GSK, is the entity with power to approve or refuse a change to a drug's label, and in making such a decision, it has the statutory authority to conclude that the data and tests submitted by a manufacturer were not "adequate" or that there is "insufficient information about the drug to determine whether the product is safe for use under the conditions prescribed, recommended, or suggested in its proposed labeling." 21 C.F.R. §§ 314.125(b)(2), (4). GSK is not the arbiter of which data and information is or is not "material" to the FDA's decision to approve or reject a change to a drug's label—the FDA, and only the FDA, can determine what information is "material" to *its own* decision to approve or reject a labelling change.

___ F.3d ___ *In re: Avandia*, at *17.[1]

The Third Circuit continued: "if GSK wishes to rely on the Letter as proof that the FDA rejected its proposed label change, it must also demonstrate that the FDA possessed all the information it deemed necessary to decide whether to approve or reject the proposed warning *at the time it issued the Letter*." *Id.* at *18. Instead, "[a]t most, the Letter indicates that it is *possible* that the FDA could have rejected the label change *after* receiving the various data and information it requested from GSK, but as the Supreme Court has reiterated, the "possibility of impossibility [is] not enough." *Id.* at *19. Accordingly, GSK could not "demonstrate that the FDA was 'fully informed . . . of the justifications for the warning,'" and thus, the Third Circuit reversed the district court's grant of summary judgment based on clear evidence preemption. *Id.* at *18.

Respectfully submitted,

*/s/ Kimberly D. Barone Baden*
Kimberly D. Barone Baden
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
843-216-9265
kbarone@motleyrice.com

---

[1] The FDA's request to GSK for additional information in *In re Avandia* is strikingly similar to the FDA's request to GSK in this case for "full details" of animal reproductive studies in reviewing Zofran's labeling. *See* Pls. Resp. to GSK Mot. for Summary Judgment at 18.

        Robert K. Jenner (BBO No. 569381)
        JENNER LAW, P.C.
        1829 Reisterstown Road, Suite 350
        Baltimore, MD 21208
        410-413-2155
        rjenner@jennerlawfirm.com

        Tobias L. Millrood
        POGUST MILLROOD LLC
        8 Tower Bridge, Suite 940
        Conshohocken, PA  19428
        610-941-4204
        tmillrood@pogustmillrood.com

        M. Elizabeth Graham
        GRANT & EISENHOFER P.A.
        123 S. Justison Street
        Wilmington, DE  19801
        302-622-7099
        egraham@gelaw.com

        James D. Gotz
        HAUSFELD
        One Marina Park Drive, Suite 1410
        Boston, MA 02210
        617-207-0600
        jgotz@hausfeld.com

Dated:  December 19, 2019        *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiffs' Notice of Supplemental Authority Relevant to GSK's Renewed Motion for Summary Judgment Based on Preemption, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via first class mail to those identified as non-registered participants.

/s/ *Kimberly D. Barone Baden*
Kimberly D. Barone Baden