# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE: ZOFRAN® (ONDANSETRON) PRODUCTS LIABILITY LITIGATION** | MDL no. 1:15-md-2657-FDS<br><br>This document relates to:<br><br>All Actions |

## DEFENDANT GLAXOSMITHKLINE LLC'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING GSK'S MOTION FOR SUMMARY JUDGMENT BASED ON FEDERAL PREEMPTION

Defendant GlaxoSmithKline LLC ("GSK") respectfully submits this response to Plaintiffs' Notice of Supplemental Authority (ECF No. 1778) regarding GSK's pending Renewed Motion for Summary Judgment on Preemption (ECF No. 1594).  Plaintiffs have pointed this Court to the Third Circuit's decision in *In re Avandia Marketing, Sales and Products Liability Litigation*, No. 18-1010 (3d Cir. Dec. 17, 2019), which involves a diabetes drug with a distinct regulatory history.  To be clear, GSK believes that the Third Circuit wrongly decided *Avandia*.  But even accepting the Third Circuit's reasoning, *Avandia* has no bearing on this case.  Plaintiffs' supplemental notice overlooks important distinctions between the two cases relevant to the Third Circuit's reasoning.

*First*, Plaintiffs highlight the Third Circuit's discussion of FDA's letter request for more information in *Avandia*.  The Third Circuit stated that, in declining to approve GSK's Prior Approval Supplement proposing to add cardiac warnings regarding Avandia, FDA found that "the information presented [was] inadequate," "concluded that the . . . data require[d] further analysis," and "directed GSK to provide additional information to address the deficiency."  *In re Avandia*, slip op. at 7, 8 (citation omitted) (internal quotation marks omitted) (alterations in original).  On

1

this basis, the Third Circuit reasoned that FDA was not "fully informed . . . of the justifications for the warning," *id.* at 16 (quoting *Merck Sharp & Dohme Corp. v. Albrecht*, 139 S. Ct. 1668, 1679 (2019)), because "FDA itself stated that it was 'inadequate[ly]' informed of the justifications for the warning," *id.* at 16-17 (citation omitted) (alteration in original).  Here, FDA's clear repeated rejections of increased pregnancy warnings for Zofran in no way expressed a judgment that the information underlying the labeling-change requests was inadequate for FDA to render a decision. *See* GSK Br. 7-12.[1]  To the contrary, for example, FDA informed Novartis when it rejected its proposed labeling change that "there is no evidence, nonclinical or mechanism of action, that raises concerns for adverse fetal outcomes with Zofran." *Id.* at 20, 39 (citing Ex. 39 at -4451).[2]

The *Avandia* court also invoked these facts to conclude that FDA did not inform GSK that it "would not approve changing the drug's label to include [the relevant] warning," as required by *Albrecht*.  Slip op. at 18 (quoting *Albrecht*, 139 S. Ct. at 1678) (alteration in original).  It thus concluded that FDA did not "mak[e] a final determination" in response to GSK's request. *See id.* at 19.  Plaintiffs have never argued here that FDA did not reach final determinations on the Reichmann citizen petition and Novartis' proposed labeling change.  That concession is for good

---

[1] References to "GSK Br." are to the proposed version of GSK's brief that reflects this Court's ruling on the motion to strike. *See* ECF No. 1681-1.  But each of the points referenced herein is also contained in GSK's original brief.

[2] In a footnote, Plaintiffs contend that FDA's "request" in its letter denying GSK's Prior Approval Supplement in *Avandia* is "strikingly similar" to FDA's request in a 2014 redlined comment for "full details" of animal reproductive studies. *See* ECF No. 1778 at 2 n.1.  Plaintiffs, however, do not explain this "similar[ity]."  That, perhaps, is because when FDA considered all of the Zofran data, FDA concluded that no labeling change was justified—*not* that the information it had was "deficient."  Furthermore, in the case of Zofran, there was ample reliable human epidemiological and other evidence that refuted any potential concern about Zofran use in pregnant women. *See* GSK Br. 12-14.

reason:  both actions are official decisions "taken pursuant to the FDA's congressionally delegated authority" rejecting enhanced warnings.  *Albrecht*, 139 S. Ct. at 1679; s*ee* GSK Br. 48-50.

*Second*, Plaintiffs quote the Third Circuit's observation that, "[a]t most, the Letter indicates that it is *possible* that the FDA could have rejected the label change *after* receiving the various data and information it requested from GSK."  *In re Avandia*, slip op. at 19.  They omit, however, the rest of the quoted paragraph, in which the Third Circuit noted that FDA did in fact order "GSK to include various warnings regarding cardiac risks on Avandia's label shortly after issuing the Letter."  *Id*.  As this Court has repeatedly acknowledged, FDA has never approved or required a Zofran labeling change to strengthen Zofran's pregnancy warnings.   Instead, FDA has conclusively rejected such warnings twice.  *See* GSK Br. 7-12.

*Finally*, unlike in *Avandia*, FDA is currently considering GSK's citizen petition with the information that Plaintiffs contend would have been material to FDA's Zofran labeling decisions, including the Japanese animal studies.  To be clear, nothing in *Avandia* supports a conclusion that the animal studies—which did not reveal evidence of causal association and which GSK correctly described to FDA as repetitive of previous submissions—are material.  *See id.* at 29-38.  But, to the extent the Court has any doubts in discharging its duty to decide preemption as a matter of law, it can await FDA's decision on GSK's citizen petition.

For the foregoing reasons, the *Avandia* decision does not affect GSK's entitlement to summary judgment in this case.  The Court should grant GSK's Renewed Motion for Summary Judgment on Preemption.

Dated: January 3, 2020

Respectfully submitted,
GLAXOSMITHKLINE LLC,
By its attorneys,

*/s/ Jennifer Stonecipher Hill*
Madeleine M. McDonough
Jennifer M. Stevenson
Jennifer Stonecipher Hill
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
mmcdonough@shb.com
jstevenson@shb.com
jshill@shb.com
*Admitted pro hac vice*

Lisa S. Blatt
Amy Mason Saharia
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
lblatt@wc.com
asaharia@wc.com
*Admitted pro hac vice*

*Attorneys for Defendant GlaxoSmithKline LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent via first class mail to those identified as non-registered participants.

*/s/ Jennifer Stonecipher Hill*
Jennifer Stonecipher Hill