## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ZOFRAN (ONDANSETRON) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>All Actions | MDL No. 1:15-md-2657-FDS |

### MEMORANDUM & ORDER ON GLAXOSMITHKLINE LLC'S MOTION FOR LEAVE TO FILE AMENDED RENEWED MOTION FOR SUMMARY JUDGMENT BASED ON FEDERAL PREEMPTION AND STATEMENT OF UNDISPUTED MATERIAL FACTS

**SAYLOR, C.J.**

This is a multi-district litigation ("MDL") proceeding arising out of product-liability claims that the use of the drug Zofran (ondansetron) by pregnant women caused certain types of birth defects in their children.

On July 19, 2018, defendant GlaxoSmithKline LLC ("GSK") moved for summary judgment based on federal preemption—in substance, on the ground that state-law claims of failure to provide an adequate warning label were preempted by federal law. Among other things, GSK contends that the federal Food and Drug Administration has twice rejected label changes containing warnings similar to those that plaintiffs contend should have been provided. The Court denied that motion on February 5, 2019, having concluded that the issue was one of fact for the jury to decide and that there were disputed issues of material fact precluding summary judgment.

On May 20, 2019, the Supreme Court held in *Merck Sharp & Dohme Corp. v. Albrecht*, 139 S. Ct. 1668, 1679 (2019), that the issue of federal preemption in a pharmaceutical product liability case must be treated "not as a matter of fact for a jury but as a matter of law for the

judge to decide." This Court then vacated the relevant portions of its February 5 order.

On July 22, 2019, GSK renewed its motion for summary judgment on preemption grounds.[1] When it renewed its motion, it submitted four witness declarations that had not been submitted with its original motion and 139 other exhibits, consisting almost entirely of items such as deposition transcripts, internal GSK documents, journal articles, and documents from the FDA. The renewed motion repeatedly cited to those declarations and exhibits. Plaintiffs moved to strike all evidence submitted with GSK's motion that was not previously part of the summary judgment record.

On October 8, 2019, the Court granted plaintiffs' motion to strike as to three of the four witness declarations but denied it as to the other exhibits. *See In re Zofran (Ondansetron) Prods. Liab. Litig.*, 2019 WL 4980310 (D. Mass. Oct. 8, 2019).

On October 11, 2019, GSK moved for leave to file an amended version of its renewed motion for summary judgment based on federal preemption.[2] GSK contends that its amendments simply remove any citations to the struck witness declarations and in many cases replace them with citations to documentary exhibits that were not struck. Those edits, GSK says, are not substantive and serve only to clarify the record on which the Court will decide GSK's motion for summary judgment.

Plaintiffs have opposed the motion. They contend that GSK's amendments (1) strike only the citations appended to several expert opinions but leave those opinions otherwise intact; (2) cite to documents that do not support GSK's contentions; and (3) broadly cite to two

---

[1] GSK filed an initial version of the motion on July 18, 2019, but filed the full, unredacted motion and its attached exhibits on July 22, 2019. (*See* Dkt. Nos. 1594, 1595, 1601, 1602).

[2] Technically, GSK seeks to amend its memorandum in support of its renewed motion for summary judgment and the accompanying statement of undisputed material facts. For the sake of brevity, the Court will refer to these documents together as GSK's motion for summary judgment.

documentary exhibits without a pincite to locate the relevant portions.

To start, it appears to be true that GSK's amendments are designed only to update and clarify its motion for summary judgment in light of the Court's ruling on plaintiffs' motion to strike. Based on the redline comparison provided by GSK, the amendments appear minimal and primarily affect citations; there are few, if any, changes to the substance of the motion. And the amendments appear helpful because they amend GSK's motion to accurately reflect the record, helping the Court to identify which exhibits to consult when evaluating the motion.

To the extent that GSK's amendments leave any expert opinions that are no longer supported by an expert declaration, the Court will construe them as attorney argument and assess them accordingly. Similarly, if any of GSK's amended citations do not support its contentions, the Court may discount them. Finally, it appears that for the two citations to documentary exhibits that plaintiffs say lacked pincites, GSK provided those pincites elsewhere. (*See* GSK's SUF (Dkt. No. 1603) ¶ 98).

Accordingly, the motion will be granted.

## Conclusion

For the foregoing reasons, GSK's Motion for Leave to File Amended Renewed Motion for Summary Judgment Based on Federal Preemption and Statement of Undisputed Material Facts is GRANTED.


**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: January 7, 2020    Chief Judge, United States District Court