UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE : ZOFRAN® (ONDANSETRON) PRODUCTS LIABILITY LITIGATION | MDL No. 1:15-md-2657-FDS<br><br>This document relates to:<br>All Actions |

**DEFENDANT GLAXOSMITHKLINE LLC'S NOTICE
OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO EXCLUDE
PLAINTIFFS' GENERAL CAUSATION EXPERTS**

Defendant GlaxoSmithKline LLC ("GSK") respectfully submits the attached decision as supplemental authority in support of its pending Motion to Exclude Plaintiffs' General Causation Experts Under Federal Rule of Evidence 702 (Dkt. No. 1304). Attached as **Exhibit A** is a copy of the decision by the MDL court in litigation related to the drugs Viagra and Cialis, issued after GSK submitted its original, reply, and supplemental briefs in support of its motion to exclude the testimony of Plaintiffs' general causation experts in this litigation. *In re: Viagra (Sildenafil Citrate) and Cialis (Tadalafil) Prods. Liab. Litig.*, No. 16-md-02691, 2020 WL 204115 (N.D. Cal. Jan. 13, 2020). This decision, excluding all of the plaintiffs' experts' general causation opinions under Rule 702, affects over one thousand cases presently pending in that MDL.

In *Viagra*, the plaintiffs proffered six general causation experts, three with opinions that it is "biologically plausible" that Viagra and Cialis ("PDE5 inhibitors") could cause melanoma and three with opinions that these drugs, in fact, do cause melanoma in some cases. *Id.* at *1-2. Two of the plaintiffs' "biological plausibility" experts and two "causation" experts testified live at the *Daubert* hearing. *Id.* at *1. Ultimately, the court concluded that "while the opinions of plaintiffs'

experts regarding 'biological plausibility' [based on animal studies] are admissible, their experts' opinions as to causation are not." *Id.*

All three of the plaintiffs' "causation" experts held advanced degrees in epidemiology, in addition to other medical expertise, and the court concluded that all were well qualified and credible. *Id.* at *8-11. The court likewise acknowledged the existence of six original epidemiological studies, six meta-analyses, and three abstracts, all reporting a small statistically significant increased risk of melanoma in association with PDE5 inhibitor use. Nonetheless, the court concluded that "while plaintiffs' causation experts would be entitled to opine that there is an association between PDE5 use and melanoma progression [based on the studies], they have not reliably applied a Bradford Hill analysis to make the requisite leap from correlation to causation." *Id.* at *11. Specifically, the court found that the experts' "weighing of the Bradford Hill factors" was "result-driven" and unreliable, most notably because their weighing analysis did not account for the relative weakness of the association observed in the epidemiological studies. *Id.* at *9-12.

The *Viagra* decision clarifies the proper role and place of biological plausibility in determining causation in humans. Even if reliable, biological plausibility theories cannot supplant adequate supporting epidemiological evidence or a reliable causation analysis based on that evidence. The opinions of Plaintiffs' experts in the Zofran litigation are even more deficient than those of the plaintiffs' experts in *Viagra*—not only is biological plausibility the lynchpin of the Zofran experts' causation opinions, but it is overwhelmingly contradicted by the epidemiological evidence. As in *Viagra*, no amount of "result-driven" "weighing" can cure this problem. Like the general causation opinions of the plaintiffs' experts in *Viagra*, the general causation opinions of Plaintiffs' experts in this litigation should be excluded.

Dated: January 31, 2020

Respectfully submitted,

 */s/ Thomas Sheehan*
Thomas Sheehan
Eva Canaan
PHILLIPS LYTLE L.L.P.
One Canalside
125 Main Street
Buffalo, NY 14203-2887
tsheehan@phillipslytle.com
ecanaan@phillipslytle.com

Madeleine M. McDonough
Jennifer M. Stevenson
Jennifer Stonecipher Hill
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
mmcdonough@shb.com
jstevenson@shb.com
jshill@shb.com
*Admitted pro hac vice*

Attorneys for Defendant GlaxoSmithKline LLC