**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **IN RE: ZOFRAN® (ONDANSETRON) PRODUCTS LIABILITY LITIGATION** | MDL No. 1:15-md-02657-FDS |

## NON-PARTY WITNESS APRIL ZAMBELLI-WEINER, PH.D.'S OPPOSITION TO GSK'S MOTION TO DE-DESIGNATE CERTAIN DOCUMENTS AS CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Non-Party April Zambelli-Weiner, Ph.D., by and through her undersigned counsel, Eric W. Gunderson and Davis, Agnor, Rapaport & Skalny, LLC, submits the following points and authorities in opposition to Defendant GlaxoSmithKline LLC's ("GSK") motion seeking to de-designate certain documents as Confidential under the Protective Order:

### I. OVERVIEW

Pursuant to the Protective Order, all parties, including GSK, agreed that Confidential Material shall include any document that the designating party reasonably and in good faith believes is confidential information. Relying on the protections offered by the Order, and in the course of producing documents responsive to subpoenaed document requests issued by GSK, non-party witness Dr. Zambelli-Weiner designated various documents as Confidential.

GSK, citing a public interest in the disclosure of certain "facts" about Dr. Zambelli-Weiner's Study that they claim are revealed in documents produced by Dr. Zambelli-Weiner, moves to de-designate as Confidential four documents Dr. Zambelli-Weiner produced in discovery. However, as established below, the "facts" GSK wishes to disclose are actually unsubstantiated, false and concocted allegations that are not at all corroborated by the documents

they seek to de-designate.  Rather than seeking to serve some public interest, it is obvious that

GSK simply seeks this Court's approval to allow it to disclose to the public documents which were

appropriately designated as Confidential under the Court's Protective Order so that GSK can serve

its own ***personal*** interest by perpetuating its slanderous and libelous claim of research fraud in

hopes of undermining the Study.  GSK's interest in de-designating these documents has nothing

to do with its ability to defend the claims Plaintiffs have brought against it in this litigation.  This

Court, respectfully, should not be involved in whatever may be GSK's scheme to seek to

undermine the Study outside of this litigation.

For these reasons, and as more fully explained below, GSK's Motion should be denied

and costs should be awarded to Dr. Zambelli-Weiner.


## II. ARGUMENT

### A.    THE SUBJECT DOCUMENTS WERE PROPERLY DESIGNATED AS CONFIDENTIAL UNDER THE PROTECTIVE ORDER.

GSK seeks to de-designate as Confidential four documents Dr. Zambelli-Weiner produced

in discovery.  Each of these documents were properly designated as Confidential Information

pursuant to the Protective Order since they contain "Proprietary, non-public business information."

(See Protective Order [MDL Doc. 242], Section 1(b)(3)).

**(1)** ██████████

The first document GSK seeks to de-designate is ████████ . ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████



Accordingly, the information contained in ███████ is clearly proprietary, non-public business information of Dr. Zambelli-Weiner and her company TTi.

**(2)** ████████████████████████

The second document that GSK seeks to de-designate ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████  Accordingly, ████████████████████

███████ were clearly being treated by Dr. Kirby, Dr. Zambelli-Weiner and her team at TTi as

internal data analyses that were proprietary and confidential.

**(3)** ████████████████████████████████████████

The third document GSK seeks to de-designate as Confidential Material is ████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████ Accordingly, this document clearly

contains non-public, proprietary business information of TTi.

**(4)** ██████████████████████████████

The fourth and final document that GSK seeks to de-designate is ██████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████ Clearly, a non-public proprietary business document of Dr. Kirby

and Dr. Zambelli-Weiner.

---

6 ████████████████████████████
7 ███████████████████████████████████████████████████

In sum, all of the four documents that GSK seeks to de-designate as Confidential were appropriately designated by Dr. Zambelli-Weiner as Confidential Information as each clearly falls within the agreed scope of Confidential Material that includes non-public, proprietary business information.

**B.     GSK IS PURSUING ITS OWN PERSONAL INTEREST, NOT SOME PUBLIC INTEREST, IN SEEKING TO DISCLOSE THESE DOCUMENTS OUTSIDE OF THIS LITIGATION.**

GSK claims in its motion that critical "facts" about Dr. Zambelli-Weiner's study have been shielded from the public, that this has created an inaccurate public picture of her study, and that de-designation of these documents is necessary to prevent an incomplete and misleading interpretation of her study by government agencies here and abroad.   However, because the entire premise of GSK's argument is utterly false, its claim that the Court needs to de-designate these documents so that GSK can serve some public interest is a complete sham.  The "facts" that GSK claims have been shielded are not facts at all; rather, they are GSK's own concocted allegations perpetuated by GSK in this litigation that it now wishes to share outside of this litigation so that it may freely perpetuate its false narrative that the Study is the result of research fraud.

GSK claims that the following "facts" have been hidden: ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████  These false claims are simply not true and

have been repeatedly shown to be untrue by testimony and documents.

**(1)** ██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████ Since ██████████████████████████████████████

██████████████████████████████████████████████,

it would be wrong and misleading for GSK to point to ████████ which it seeks to de-designate

and claim to the research community or any regulatory body that since ████████████████

████████████████████████████████.

---

8 ███████████████████████████████████████

9 ████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████

████████████████████████████████████████████

**(2)** [redacted]

Dr. Zambelli-Weiner explained at various points throughout her deposition:

[Direct Examination by GSK's Counsel:]

[redacted]

[11] [redacted]









[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[12] [redacted]

[13] [redacted]

[14] [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

15 [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

---

[16] [redacted]

[redacted]

* * *

[Direct Examination by Pl's Counsel:]

[redacted]

17 [redacted]

18 [redacted]





[redacted]

Dr. Kirby also explained that [redacted]

[19] [redacted]









[redacted]

---

[20] [redacted]

[redacted]

[redacted]

Accordingly, GSK, who chooses to simply ignore this testimony and ignore the plain documents that [redacted] would be misleading the research community and regulatory agencies if they were to claim that [redacted] they would also be spreading a false narrative if they were to claim or suggest that Dr. Zambelli-Weiner and Dr. Kirby were engaging in research fraud or were trying to mislead the research community by [redacted].

**(3)** [redacted].

Again, GSK's effort to create a false narrative about the key analysis of the published Study is not at all supported by the documents it seeks to de-designate. [redacted]

---

21 [redacted]



[redacted]

As Dr. Kirby explained:

[redacted]





Therefore, it would be GSK who is misleading the research community if it pointed to █

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████

**(4)** ████████████████████████████████████████████████

████████████████████████████

GSK claims that de-designation of ██████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████    However, this fact has not been hidden.  Dr. Zambelli-Weiner disclosed this fact

in the conflict of interest statement as part of her Study.  The Conflict of Interest statement stated:

> As an organization TTi reports receiving funds from plaintiff law
> firms involved in ondansetron litigation and a manufacturer of
> ondansetron.

Accordingly, the fact that she received funds from a plaintiff's firm involved in Zofran

litigation is not a fact she has hid from the public research community.  Therefore, GSK's

suggestion that this document should be de-designated in order to establish a fact already made

---

22 ████████████████████████████████████████████████████████████████████
██████████

public is specious and should be denied.

### III.  <u>CONCLUSION</u>

The purpose of Rule 26 protective orders are to "expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded only to material so entitled…" <u>In Re Zyprexa Injunction</u>, 474 F. Supp. 2d 385, 397 (E.D.N.Y. 2007).  Because historically private information related to a court proceeding was not available to the public at common law, protective orders not only protect a private party's interests – particularly a third-party witness – but also further a "substantial government interest" because discovery permitted by the Federal Rules "has a significant potential for abuse" which the courts have a "substantial interest in preventing." <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 37 (1984).

Here, relying on the protections agreed to by the parties as set forth in the Protective Order, Dr. Zambelli-Weiner designated certain documents she produced in response to GSK's document requests that contain non-public, business information of her and her company.  Dr. Zambelli-Weiner respectfully submits that this Court upon careful consideration of GSK's motion should find that GSK has failed to raise any legitimate justification for de-designating the subject documents.  GSK's reliance on some public interest in disclosing these documents is a complete sham.  Again, the "facts" that GSK claims have been shielded from the public research community are not facts at all; rather, they are GSK's own concocted, false allegations perpetuated by GSK in this litigation to support its unfounded accusation of research fraud.  Rather than seeking to serve some public interest, it is obvious that GSK simply seeks this Court's approval to allow it to disclose to the public documents which were appropriately designated as Confidential under the

Court's Protective Order so that GSK can spread these false narratives and serve its own ***personal*** interest by perpetuating its unfounded claim of research fraud.[23]   Moreover, GSK's request to de-designate these documents has nothing to do with its ability to defend the claims Plaintiffs have brought against it in this litigation.   Finally, and respectfully, this Court, which is tasked with governing the course of discovery for purposes of this litigation before it, should not get involved in GSK's obvious scheme to perpetuate outside of this litigation a false claim of research fraud. For all these reasons, GSK's Motion should be denied.

<div style="margin-left: 40%">

Respectfully Submitted,

DAVIS, AGNOR, RAPAPORT & SKALNY, LLC

/s/ Eric W. Gunderson
Eric W. Gunderson [Pro Hac Vice]
10211 Wincopin Circle, Suite 600
Columbia, Maryland  21044
410-995-5800 / 410-309-6161 Fax
E-mail: egunderson@darslaw.com
*Counsel for Non-Party April Zambelli-Weiner*

</div>

---

[23] In addition, the case law that GSK cites in support of sham claim that it is pursuing this de-designation in some public interest are distinguishable from the case here.  In Anderson, the party seeking access to confidential documents regarding the safety of a public water supply was a third-party news agency that, unlike GSK here, was not acting in its own personal interest in seeking to use the documents outside of the litigation. See Anderson v.Cryovac, Inc., 802 F. 2d 1 (1st Cir. 1986).   In Miller, the court noted that the defendant, a public agency, which was seeking to maintain the confidentiality of certain discovery materials, had little privacy interests on matters concerning scrutiny of public officials. See Miller v. City of Boston, 549 F. Supp. 2d 140, 142 n. 9 (D. Mass. 2008).  In Beals, an unpublished memorandum opinion, the plaintiff was the party seeking to de-designate discovery documents obtained from defendant General Motors regarding the safety of its motor vehicles so that plaintiff could forward the documents to the federal NHTSA.  Given that plaintiff was already free to use the information in the course of the litigation and whatever the NHTSA did in response to the information would have no impact on him personally, the plaintiff, then, unlike GSK here, had no personal interest in seeking to de-designate the documents in order to produce them outside of the litigation. See Beals v. General Motors Corp., 1989 WL 384829 (D. Mass. 1989).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of February, 2020, this document was filed through the Court's CM/ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated on the NEF as non-registered participants on February 19, 2020.

/s/ Eric W. Gunderson
Eric W. Gunderson