# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE : ZOFRAN® (ONDANSETRON) PRODUCTS LIABILITY LITIGATION** | MDL No. 1:15-md-2657-FDS<br><br>This document relates to:<br><br>*Driessen v. GlaxoSmithKline,* 1:19-cv-11783; and<br>*Fernandez v. GlaxoSmithKline,* 1:19-cv-11107 |

## DEFENDANT GLAXOSMITHKLINE LLC'S MEMORANDUM IN SUPPORT OF ITS CONSOLIDATED MOTION FOR ORDER TO SHOW CAUSE

GlaxoSmithKline LLC ("GSK") moves for an order to show cause why the above-captioned cases should not be dismissed for failure to prosecute and/or failure to provide Court-ordered discovery. *See* Fed. R. Civ. P. 37(b) & 41(b). Through a sequence of Orders, this Court required Plaintiffs to submit a Product Identification Fact Sheet ("PID") and Plaintiff Fact Sheet ("PFS"). *See* MDL Order Nos. 10 &11. Though their deadlines have passed, Plaintiffs in the above-referenced cases have failed to submit their PIDs and PFSs. To avoid further prejudice to GSK and promote efficiency, the Court should enter an order to show cause why it should not dismiss these cases for failure to prosecute and/or provide Court-ordered discovery. And to the extent Plaintiffs attempt to cure these issues only after the filing of this Motion, they should pay $500 in reasonable costs.[1]

---

[1] *See* Fed. R. Civ. P. 37(b)(2)(C); *see also* Order Concerning Defendant's Motion to Compel Compliance with MDL Order No. 11 and Request for Attorney's Fees (Doc. No. 694) (imposing $500 as reasonable sanction for Plaintiffs who did not comply with discovery obligations until the filing of a motion).

1

## BACKGROUND

### A. *Driessen v. GlaxoSmithKline*

Plaintiffs in *Driessen* have failed to submit their PFS and PID, which were due on September 19, 2019. On March 27, 2020, GSK sent Plaintiffs' counsel a letter notifying counsel that the PFS and PID were overdue and requesting that Plaintiffs provide the missing documentation by April 10, 2020, noting that, if Plaintiffs did not file their required documents, GSK intended to seek dismissal or other appropriate relief from the Court. *See* Mar. 27, 2020 Correspondence from Jennifer Stevenson, Ex. 1.

On April 9, 2020, Plaintiffs' counsel notified GSK that they intended to file a motion to withdraw because they could "no longer reach" Plaintiffs. *See* Apr. 9, 2020 email from Rachel Freedman, Ex. 2. Plaintiffs' counsel filed the motion to withdraw on April 22, citing his inability to communicate with Plaintiffs despite multiple attempts. *See* No. 1:19-cv-11783 (Doc. 30). On April 23, the Court granted counsel's motion to withdraw, effective as of June 22 (60 days from the date of the order). *See id.* at (Doc. 32). To date, GSK has not received the PFS and PID from Plaintiffs.

### B. *Fernandez v. GlaxoSmithKline*

Ms. Fernandez's PFS and PID were due on June 13, 2019. On March 27, 2020, GSK sent her counsel a letter requesting the missing documents by April 10, 2020, noting that, if Plaintiffs did not file their required documents, GSK intended to seek dismissal or other appropriate relief. *See* Mar. 27, 2020 correspondence from Jennifer Stevenson, Ex. 3. After receiving no response, GSK sent a follow-up email on April 23, requesting a response by April 29. *See* Apr. 23, 2020 email from Jeremy Gunn, Ex. 4.

On April 27, 2020, Plaintiff's counsel notified GSK that his firm planned to file a motion to withdraw because he "lost contact" with Ms. Fernandez. *See* Apr. 27, 2020 email from Daniel Burke, Ex. 5. On May 4, 2020, Plaintiff's counsel filed the motion to withdraw in which he cited Plaintiff's failure to aid him in complying with the discovery requirements as the reason for withdraw. *See* No. 1:19-cv-11107 (Doc. 38). Granting counsel's motion, the Court deemed the withdraw effective as of June 4, 2020 (30 days from the date of the order). *Id.* at (Doc. 39). GSK has still not received Ms. Fernandez's PFS and PID.

## LAW AND ARGUMENT

The Court should enter an order to show cause why the above-mentioned cases should not be dismissed with prejudice. As this Court has recognized, it has the power to dismiss a litigant's cause of action when the litigant fails to comply with the Court's orders. *See* Fed. R. Civ. P. 37(b)(2)(A) & 41(b). This power allows district courts to ensure the efficient handling of cases and to protect the rights of opposing parties to be free of prejudice caused by a litigant's delay. *See In re Neurontin Prods. Liab. Litig.*, No. 04-10981-PBS, 2011 WL 1326407, at *6 (D. Mass. April 5, 2011) (citing *Robson v. Hallenbeck*, 81 F.3d 1, 2 (1st Cir. 1996)); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1235–37 (9th Cir. 2006) ("Failing to produce documents as ordered is considered sufficient prejudice…The law also presumes prejudice from unreasonable delay.").

The timely exercise of this authority is even more important in an MDL, where the Court is responsible for efficiently moving a large number of cases toward resolution. *See* 28 U.S.C. § 1407(a); *In re Phenylpropanolamine Prods. Liab. Litig*, 460 F.3d at 1235–37 (upholding MDL court's dismissal under Rules 37(b) and 41(b)); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) (same); *In re Asbestos Prods. Liab. Litig.*, 595 Fed. App'x 99, 102 (3d Cir. 2014) (same); *see also In re Neurontin Prods. Liab. Litig.*, 2011

WL 1326407, at *6 (dismissing cases in an MDL for failure to provide basic discovery responses). In order to do so, the MDL court has broad authority "to dismiss[]…cases for failure to comply with its orders." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d at 867. MDL courts often use their authority to dismiss cases when plaintiffs fail to provide the essential information called for in Product Identification Fact Sheets and Plaintiff Fact Sheets. *See, e.g.*, *id.*; *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, MDL No. 07-1873, 2011 WL 5570637, at *1–4 (E.D. La. Nov. 16, 2011) (dismissing cases for failure to provide complete Plaintiff Fact Sheets).

Despite this Court's Orders, GSK's follow-up letters, and this Court's warnings,[2] the above-mentioned Plaintiffs have still not submitted completed PIDs or PFSs. The Fact Sheets—which are equivalent to interrogatories and requests for production—provide key information about the factual and legal basis of Plaintiffs' claims. This information is solely within Plaintiffs' control. Without this information, GSK faces mounting prejudice, as it is unable to evaluate these Plaintiffs' claims, conduct investigations, or collect evidence not already in its possession. The Court should therefore grant GSK's Motion and enter an order to show cause why the above-captioned cases should not be dismissed with prejudice.

To the extent these Plaintiffs submit the required documents in response to this Motion, the Court should grant GSK the reasonable expenses of attempting to collect them, including the costs of preparing this Motion. *See* Fed. R. Civ. P. 37(b)(2)(C) ("[T]he court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including

---

[2] *See* May 16, 2017 Hr'g Tr. at 12:10–11 ("Plaintiffs are supposed to provide discovery, period."); *see also* Sept. 9, 2016 Hr'g Tr. at 33:1–4 ("[T]hey need to comply with their responsibilities, and I don't find it acceptable that, you know, there's nothing here at all for some of these requirements.").

attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

## **CONCLUSION**

To avoid additional prejudice and promote efficiency, the Court should grant GSK's Motion.

Dated: May 22, 2020

Respectfully submitted,

GLAXOSMITHKLINE LLC,
By its attorneys,

*/s/ Jennifer M. Stevenson*
Madeleine M. McDonough
Jennifer M. Stevenson
Jennifer Stonecipher Hill
SHOOK, HARDY & BACON L.L.P.
1155 F Street NW, Suite 200
Washington, D.C. 20004
Telephone:  (202) 783-8400
Facsimile:  (202) 783-4211
mmcdonough@shb.com
jstevenson@shb.com
jshill@shb.com
*Admitted pro hac vice*

Attorneys for Defendant GlaxoSmithKline LLC

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent via first class mail to those identified as non-registered participants.

*/s/ Jennifer M. Stevenson*
Jennifer M. Stevenson