UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ZOFRAN (ONDANSETRON)  ) <br> PRODUCTS LIABILITY LITIGATION  ) <br> ) <br> ) <br> _____) | MDL No. 1:15-md-2657-FDS <br><br> This document relates to: <br> All Actions |

**PLAINTIFFS' MEMORANDUM REGARDING GSK'S SUPPLEMENTAL *DAUBERT* BRIEF, AND REQUEST FOR *DAUBERT* RULING OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE RESPONSE TO GSK'S SUPPLEMENTAL *DAUBERT* BRIEF**

On June 25, 2020 (Doc. No. 1943), GSK filed what it styled as a "supplemental" brief in support of its *Daubert* motion to exclude Plaintiffs' general causation experts. The *Daubert* briefing schedule closed nearly 15 months ago. GSK chose not to seek leave of court to file its "supplemental" brief. To say the least, Plaintiffs were surprised.

GSK's nine-page supplemental brief does not address new science, but rather, provides its lawyers' interpretation of two documents: (a) a protocol for an ongoing study in Denmark of 180 women (the "VOMIT" study) that is designed primarily to examine the efficacy (not the safety) of competing anti-nausea medications including Zofran; and (b) a recent letter to PRAC from two researchers and authors of studies being considered and discussed by the competing testifying experts in this case (Anderson and Huybrechts)— who themselves are not Rule 26 experts—and who merely offer their personal views to PRAC about the use of Zofran during pregnancy (without purporting to have considered all the scientific evidence).

GSK relies on these two documents to suggest that, in the "real world," scientists who consider the evidence do not believe that Zofran is capable of causing birth defects.

Plaintiffs disagree, and can, if the Court deems it helpful to its consideration of the *Daubert* issues, file a responsive brief.

1

However, Plaintiffs respectfully suggest, there is no justifiable cause for the Court to consider GSK's supplemental brief, and that instead, the Court can and should issue its *Daubert* ruling (or at least an "executive" summary of same), for several reasons:

1. GSK's supplemental brief does not materially add to the existing and robust *Daubert* record of briefing, exhibits and oral argument, which the Court has been considering since April 2019;

2. In the ensuing time, there have been new scientific publications and consideration by different regulatory agencies of the some of the science at issue, but, importantly, no new opinions, or material changes in opinions, by a single expert for either side, nor anything that otherwise impacts consideration of the experts' methodologies;

3. As Plaintiffs predicted, and the Court acknowledged, expert discovery and the *Daubert* process, if left unchecked, can continue well beyond an objectively reasonable period of time. We are at that point.  If left unchecked, GSK is likely to continue to offer supplemental briefs, seek more depositions whenever Plaintiffs' experts supplement their reports and find other ways to prolong a result, all of which Plaintiffs and the Court will need to spend time and expense to address.

4. This litigation is now mature, and ready for the clarity of a *Daubert* ruling, so the parties can proceed accordingly towards an appropriate resolution.  All cases resolve at some point.  A *Daubert* ruling now will certainly assist the parties in better focusing time and expense on how to most efficiently reach resolution in this case, as the very first rule of civil procedure calls for: to "secure the just, speedy, and [as] inexpensive [as practicable] determination of this case."

In the event the Court declines to issue its *Daubert* ruling at this time, and intends to consider GSK's supplemental brief, then Plaintiffs move pursuant to Local Rule 7.1(b)(3), for leave to file a responsive brief not in excess of 20 pages, specifically to:

1. Clarify and put into perspective the Denmark study protocol (under which forthcoming participants, if any, will first be informed about Zofran's risk of birth defects) and the PRAC letter;

2. Bring to this Court's attention the contrasting view of an independent scientist who, without any connection to this litigation, has considered the scientific evidence and concluded (in an opinion article recently published in a peer review journal) that Zofran is capable of causing birth defects[1]; and

3. Share with the Court in more detail what Plaintiffs have come to learn in just the past week: **In early June 2020, Novartis (the current NDA holder of Zofran) formally petitioned the FDA to change the label of Zofran (and advise physicians) to reflect that the human epidemiological evidence suggests that the drug can cause birth defects**.[2] Plaintiffs just obtained from Novartis (but not GSK) the label-change petition and is in the process of reviewing same in advance of the next status conference, at which time we will be prepared to address this development further.[3]

---

[1] C. Andrade, *Major Congenital Malformation Risk After First Trimester Gestational Exposure to Oral or Intravenous Ondansetron*, Clinical and Practical Psychopharmacology, J. Clin. Psychiatry 2020; 81(3): 20f13472.

[2] The controlling FDA regulation states that, for Novartis to seek this label change, it must have concluded that "there is reasonable evidence of a causal association with the drug." 21 C.F.R. § 201.57(c)(6).

[3] Given the "common interest agreement" in this litigation between Novartis and GSK, GSK likely was in a position to know that Novartis was planning to seek this label change, and has obtained similar label changes elsewhere outside the United States. To the extent GSK knew anything, it chose not to disclose same to the Court or Plaintiffs (as they were obligated to do). Plaintiffs do not know when GSK first became aware that Novartis was seeking to add a birth defects warning to the Zofran label, but intend to find out, whether through existing or, if necessary, new written and deposition discovery requests.

For these reasons, Plaintiffs respectfully request that this Honorable Court issue its *Daubert* ruling or, alternatively, grant leave to respond to GSK's supplemental brief, within three weeks of the date of entry of the allowance of such leave.

        Respectfully submitted,

        */s/ Kimberly D. Barone Baden*
Kimberly D. Barone Baden
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
843-216-9265
kbarone@motleyrice.com

Robert K. Jenner (BBO No. 569381)
JENNER LAW, P.C.
1829 Reisterstown Road, Suite 350
Baltimore, MD 21208
410-413-2155
rjenner@jennerlawfirm.com

Tobias L. Millrood
POGUST MILLROOD LLC
8 Tower Bridge, Suite 940
Conshohocken, PA 19428
610-941-4204
tmillrood@pogustmillrood.com

M. Elizabeth Graham
GRANT & EISENHOFER P.A.
123 S. Justison Street
Wilmington, DE 19801
302-622-7099
egraham@gelaw.com

James D. Gotz
HAUSFELD
One Marina Park Drive, Suite 1410
Boston, MA 02210
617-207-0600
jgotz@hausfeld.com

Dated: July 2, 2020        *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via first class mail to those identified as non-registered participants.

/s/ *Kimberly D. Barone Baden*
Kimberly D. Barone Baden