UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE : ZOFRAN® (ONDANSETRON) PRODUCTS LIABILITY LITIGATION** | MDL No. 1:15-md-2657-FDS<br><br>This document relates to:<br><br>*Wallace v. GlaxoSmithKline,*1:20-cv-10441; and *Stewart v. GlaxoSmithKline,*1:19-cv-11411 |

**DEFENDANT GLAXOSMITHKLINE LLC'S MEMORANDUM IN SUPPORT OF ITS CONSOLIDATED MOTION FOR ORDER TO SHOW CAUSE**

GlaxoSmithKline LLC ("GSK") moves for an order to show cause why the above-captioned cases should not be dismissed for failure to prosecute and/or failure to provide Court-ordered discovery. *See* Fed. R. Civ. P. 37(b) & 41(b). Through a sequence of Orders, this Court required Plaintiffs to submit (1) a Plaintiff Fact Sheet ("PFS"), complete with a signed declaration, executed authorizations to collect records, and documents responsive to the appended request for production; and (2) a Product Identification Fact Sheet ("PID"), complete with a signed verification. *See* MDL Order Nos. 10 &11.

Though their deadlines have passed, Plaintiffs in the *Wallace* case have failed to submit their PFS (and associated documents) and the signed verification for their PID. Plaintiffs in the *Stewart* case have failed to respond to many PFS questions; and they have failed entirely to provide the required declarations and records release authorizations. To avoid further prejudice to GSK and promote efficiency, the Court should enter an order to show cause why it should not dismiss these cases for failure to prosecute and/or provide Court-ordered discovery. And to the extent

Plaintiffs attempt to cure these issues only after the filing of this Motion, they should pay $500 in reasonable costs.[1]

## BACKGROUND

### A. *Wallace v. GlaxoSmithKline*

Plaintiffs in *Wallace* have failed to submit their PFS and the verification for their PID, which were due on May 4, 2020 and April 3, 2020, respectively. On May 1, 2020, Plaintiffs' counsel emailed counsel for GSK requesting a 60-day extension to file their PFS. *See* May 1, 2020 Emails between Katerina Dimitrakakos and Jennifer Hill, Ex. 1. GSK granted a 30-day extension. *Id.* On May 28, 2020, Plaintiffs' counsel again requested a two-week extension to file the PFS, which GSK again granted. *See* May 28 to June 1, 2020 Emails between Katerina Dimitrakakos and Jennifer Hill, Ex. 2.

On June 19, 2020, GSK counsel sent a letter to Plaintiffs' counsel noting they had not satisfied their obligations to submit a PFS or the signed verification page for their PID. *See* June 19, 2020 Letter from Jennifer Stevenson, Ex. 3. In this letter, GSK noted that, if Plaintiffs did not file their required documents by July 3, 2020, GSK intended to seek dismissal or other appropriate relief. *Id.* To date, GSK has not received the PFS or PID verification from Plaintiffs.

### B. *Stewart v. GlaxoSmithKline*

The PFS for *Stewart* Plaintiffs was due on August 26, 2019. On August 26, 2019, Plaintiffs' counsel emailed GSK to request a 10-day extension to file the PFS, which GSK granted. *See* August 26, 2019 Emails between Katerina Dimitrakakos and Jennifer Hill, Ex. 4.

---

[1] *See* Fed. R. Civ. P. 37(b)(2)(C); *see also* Order Concerning Defendant's Motion to Compel Compliance with MDL Order No. 11 and Request for Attorney's Fees (Doc. No. 694) (imposing $500 as reasonable sanction for Plaintiffs who did not comply with discovery obligations until the filing of a motion).

On September 19, 2019, GSK sent a letter to Plaintiffs' counsel outlining over 50 insufficiencies in their PFS responses, most of which were left blank,[2] and noting that Plaintiffs had also failed to provide a declaration and executed authorizations to collect records. *See* September 19, 2019 Letter from Jennifer Stevenson, Ex. 5. On May 26, 2020, GSK sent a follow up letter to Plaintiffs' counsel stating that they had not yet resolved the insufficiencies or provided the requested information. *See* May 26, 2020 Letter from Jennifer Stevenson, Ex. 6. This letter noted that if Plaintiffs did not satisfy their obligations by June 9, 2020, GSK intended to seek dismissal or other appropriate relief from the Court.

On June 11, 2020, counsel for GSK sent a follow up email to Plaintiffs' counsel inquiring whether Plaintiffs intended to file an Amended PFS. *See* May 26 to June 19, 2020 Emails between Chad Coots and Scott Nabers et al., Ex. 7. Plaintiffs' counsel requested a five-day extension, which GSK granted. *Id.* On June 18, 2020, GSK's counsel sent another follow up email inquiring about the status of the Amended PFS. *Id.* Plaintiffs' counsel again requested a 10-day extension, which GSK granted, noting it would be the final extension. *Id.* To date, GSK has not received an Amended PFS from Plaintiffs curing their many deficiencies. Nor have Plaintiffs provided signed PFS declarations or executed authorizations.

## **LAW AND ARGUMENT**

The Court should enter an order to show cause why the above-mentioned cases should not be dismissed with prejudice. As this Court has recognized, it has the power to dismiss a litigant's cause of action when the litigant fails to comply with the Court's orders. *See* Fed. R. Civ. P.

---

[2] These included information about: (1) the injuries alleged; (2) the mother's history of Zofran use, (3) the mother's education and employment history; (4) the mothers' alcohol, tobacco and other drug use and substance abuse treatment providers; (5) the mother's discussions with the treating healthcare provider regarding Zofran's risks and benefits; (6) the written instructions or warnings about Zofran provided to mother; (7) the mother's and minor's social security disability claims; (8) the minor's genetic testing; (9) the minor's medications; (10) the father's employment history; (11) the father's treating healthcare providers; and (12) the father's tobacco use, to name a few.

37(b)(2)(A) & 41(b). This power allows district courts to ensure the efficient handling of cases and to protect the rights of opposing parties to be free of prejudice caused by a litigant's delay. *See In re Neurontin Prods. Liab. Litig.*, No. 04-10981-PBS, 2011 WL 1326407, at *6 (D. Mass. April 5, 2011) (citing *Robson v. Hallenbeck*, 81 F.3d 1, 2 (1st Cir. 1996)); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1235–37 (9th Cir. 2006) ("Failing to produce documents as ordered is considered sufficient prejudice…The law also presumes prejudice from unreasonable delay.").

The timely exercise of this authority is even more important in an MDL, where the Court is responsible for efficiently moving a large number of cases toward resolution. *See* 28 U.S.C. § 1407(a); *In re Phenylpropanolamine Prods. Liab. Litig*, 460 F.3d at 1235–37 (upholding MDL court's dismissal under Rules 37(b) and 41(b)); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) (same); *In re Asbestos Prods. Liab. Litig.*, 595 Fed. App'x 99, 102 (3d Cir. 2014) (same); *see also In re Neurontin Prods. Liab. Litig.*, 2011 WL 1326407, at *6 (dismissing cases in an MDL for failure to provide basic discovery responses). In order to do so, the MDL court has broad authority "to dismiss[]…cases for failure to comply with its orders." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d at 867. MDL courts often use their authority to dismiss cases when plaintiffs fail to provide the essential information called for in Product Identification Fact Sheets and Plaintiff Fact Sheets. *See, e.g.*, *id.*; *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, MDL No. 07-1873, 2011 WL 5570637, at *1–4 (E.D. La. Nov. 16, 2011) (dismissing cases for failure to provide complete Plaintiff Fact Sheets).

Despite this Court's Orders, GSK's follow-up letters, and this Court's warnings,[3] the *Wallace* Plaintiffs have failed to submit their PFS (and associated documents) and the signed verification for their PID. The *Stewart* Plaintiffs submitted a woefully incomplete PFS—with dozens of questions left blank—and failed to provide the required declarations and records release authorizations. The Fact Sheets—which are equivalent to interrogatories and requests for production—provide key information about the factual and legal basis of Plaintiffs' claims. This information is solely within Plaintiffs' control. Without this information, GSK is unable to evaluate these Plaintiffs' claims, conduct investigations, or collect evidence not already in its possession. The Court should therefore grant GSK's Motion and enter an order to show cause why the above-captioned cases should not be dismissed with prejudice.

To the extent these Plaintiffs submit the required documents in response to this Motion, the Court should grant GSK the reasonable expenses of attempting to collect them, including the costs of preparing this Motion. *See* Fed. R. Civ. P. 37(b)(2)(C) ("[T]he court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

## **CONCLUSION**

To avoid additional prejudice and promote efficiency, the Court should grant GSK's Motion.

---

[3] *See* May 16, 2017 Hr'g Tr. at 12:10–11 ("Plaintiffs are supposed to provide discovery, period."); *see also* Sept. 9, 2016 Hr'g Tr. at 33:1–4 ("[T]hey need to comply with their responsibilities, and I don't find it acceptable that, you know, there's nothing here at all for some of these requirements.").

Dated: July 7, 2020                    Respectfully submitted,

                                                    GLAXOSMITHKLINE LLC,
By its attorneys,

*/s/ Jennifer M. Stevenson*
Madeleine M. McDonough
Jennifer M. Stevenson
Jennifer Stonecipher Hill
SHOOK, HARDY & BACON L.L.P.
1155 F Street NW, Suite 200
Washington, D.C. 20004
Telephone:  (202) 783-8400
Facsimile:  (202) 783-4211
mmcdonough@shb.com
jstevenson@shb.com
jshill@shb.com
*Admitted pro hac vice*

Attorneys for Defendant GlaxoSmithKline LLC

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent via first class mail to those identified as non-registered participants.

                                        */s/ Jennifer M. Stevenson*
                                        Jennifer M. Stevenson