UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE: ZOFRAN® (ONDANSETRON)
PRODUCTS LIABILITY LITIGATION

MDL NO. 1:15-md-2657-FDS
This document relates to:
All Actions

### GSK'S RESPONSE TO PLAINTIFFS' MEMORANDUM REGARDING GSK'S SUPPLEMENTAL *DAUBERT* BRIEF

GSK submits this response to address Plaintiffs' "request" for the Court to rule on GSK's *Daubert* motion without consideration of new scientific evidence or upcoming depositions of Plaintiffs' experts. Plaintiffs offer no legitimate reason for their proposal that the Court ignore new evidence relevant to the *Daubert* analysis, and doing so would run counter to the Court's stated preference to issue rulings based on as full a record as possible. The scientific record relevant to Plaintiffs' experts' opinions did not end at the conclusion of the *Daubert* briefing schedule, as evidenced by the supplemental reports that Plaintiffs have already served and those they plan to serve. There can be no surprise about that.[1]

The Court should grant GSK's *Daubert* motion for all of the reasons already argued. The interconnected issues presented in supplemental reports, including issues that will be explored at upcoming depositions of Plaintiffs' experts, confirm that conclusion. If Plaintiffs' experts truly intend to present causation opinions based on the "totality of the evidence," as Plaintiffs claim, the

---

[1] Plaintiffs claim that they were "surprised" by GSK's supplemental brief, filed on June 25, 2020. To be clear, before the June 23, 2020 status conference, GSK informed Plaintiffs that it intended to file a short brief to be provided to the Court along with GSK's most recent supplemental expert reports. GSK also discussed this submission at the June 23, 2020 status conference. Plaintiffs raised no objection at the time.

Court cannot find those expert opinions admissible without the benefit of the totality of the evidence on which they are based. This holds especially true when, like here, a substantial gap exists between what Plaintiffs claim their experts said and did to arrive at their opinions and what their experts actually said and did to form their opinions. In short, it is perfectly sensible for the Court to allow these developments to unfold before deciding GSK's *Daubert* motion. GSK will be prepared to discuss these issues more fully at the next status conference.

Dated: July 13, 2020

Respectfully submitted,

 */s/ Jennifer Stonecipher Hill*
Madeleine M. McDonough
Jennifer M. Stevenson
Jennifer Stonecipher Hill
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
mmcdonough@shb.com
jstevenson@shb.com
jshill@shb.com
*Admitted pro hac vice*

Attorneys for Defendant GlaxoSmithKline LLC

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent via first class mail to those identified as non-registered participants.

                                      /s/ *Jennifer Stonecipher Hill*
                                      Jennifer Stonecipher Hill