## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE: ZOFRAN (ONDANSETRON) PRODUCTS LIABILITY LITIGATION** | MDL no. 1:15-md-2657-FDS<br><br>This document relates to:<br><br>All Actions |

### DEFENDANT GLAXOSMITHKLINE LLC'S MOTION FOR LEAVE TO FILE ITS SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS RENEWED MOTION FOR SUMMARY JUDGMENT BASED ON FEDERAL PREEMPTION

GSK respectfully requests leave to file the attached supplemental brief in support of its renewed motion for summary judgment based on federal preemption to reflect the recent regulatory submission to FDA from Novartis, the current New Drug Application ("NDA") holder for Zofran, proposing changes to the Zofran pregnancy labeling. In support of this motion, GSK states as follows:

1.      Novartis is the current NDA holder for Zofran. In that capacity, Novartis has the duty to propose updates to the Zofran labeling "to include a warning about a clinically significant hazard as soon as there is reasonable evidence of a causal association with a drug." 21 C.F.R. § 201.57(c)(6)(i).

2.      In their Opposition to GSK's Renewed Motion for Summary Judgment, Plaintiffs acknowledged that GSK had provided Novartis with all of the data from Zofran animal studies, including the Japanese animal studies that form one of the four categories of evidence that Plaintiffs contend would have justified a labeling change. *See* Pls.' Opp'n to GSK's MSJ, at 20 (filed Oct. 18, 2019). Plaintiffs also acknowledged that the section of the Zofran pregnancy

labeling discussing animal data continues to state that the animal data do not contain evidence of teratogenicity.  *See id.*  However, Plaintiffs argued that "GSK never alerted Novartis that there were three Japanese studies that showed signs of teratogenicity" and "buried the studies in a document dump" when Novartis acquired Zofran from GSK.  *Id.*

3.     Plaintiffs also contend that their paid expert Dr. Danielsson's hypothetical mechanism of action for Zofran to cause birth defects would have justified a labeling change.  *See id.* at 5-6.

4.     Novartis's recent submission to FDA makes clear that (1) Novartis expressly considered the Japanese animal studies, (2) Novartis again considered Dr. Danielsson's hypothetical mechanism of action, and (3) Novartis concluded that neither the Japanese animal studies nor Dr. Danielsson's hypothesis support a labeling change.  Novartis's submission thus provides additional evidence that these categories of information are not material to FDA's labeling decisions.

WHEREFORE, GSK requests that this Court grant it leave to file the attached Supplemental Memorandum of 10 pages, plus exhibits, in support of its Renewed Motion for Summary Judgment Based on Federal Preemption.

Dated: July 24, 2020

                        Respectfully submitted,
                        GLAXOSMITHKLINE LLC,
                        By its attorneys,

                        */s/ Jennifer Stonecipher Hill*
                        Madeleine M. McDonough
                        Jennifer M. Stevenson
                        Jennifer Stonecipher Hill
                        SHOOK, HARDY & BACON L.L.P.
                        2555 Grand Blvd
                        Kansas City, MO 64108

Telephone: (816) 474-6550
Facsimile: (816) 421-5547
mmcdonough@shb.com
jstevenson@shb.com
jshill@shb.com
*Admitted pro hac vice*

Lisa S. Blatt
Amy Mason Saharia
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
lblatt@wc.com
asaharia@wc.com
*Admitted pro hac vice*

*Attorneys for Defendant GlaxoSmithKline LLC*

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), the undersigned counsel hereby certifies that counsel for the parties have met and conferred in a good faith effort to narrow the issues of dispute without success.

*/s/ Jennifer Stonecipher Hill*
Jennifer Stonecipher Hill

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent via first class mail to those identified as non-registered participants.

*/s/ Jennifer Stonecipher Hill*
Jennifer Stonecipher Hill