UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**LADONNA WALLACE,**                )
**individually and on behalf of**   )
**C.S.P., her minor child,**        )
                                    )
    **Plaintiffs,**           )
                                    )   **Civil Action No.**
    v.                        )   **20-10441-FDS**
                                    )
**GLAXOSMITHKLINE LLC,**            )
                                    )
    **Defendant.**            )
_____)

## ORDER TO SHOW CAUSE

**SAYLOR, C.J.**

On May 26, 2016, this Court issued MDL Order No. 10, which required each plaintiff to submit a Product Identification Fact Sheet, complete with a signed verification. (Dkt. No. 251 ¶ 1, Ex. 1). That same day, this Court issued MDL Order No. 11, which required each plaintiff to complete a Plaintiff Fact Sheet. (Dkt. No. 252 ¶¶ 4, 14). Both Orders provided that "questions on the fact sheets shall be treated as interrogatories under Rule 33 of the Federal Rules of Civil Procedure, and shall be subject to the rules applicable to such interrogatories . . . ." (Dkt. No. 251 ¶ 7; Dkt. No. 252 ¶ 17).

The complaint in this action was filed on March 4, 2020. Accordingly, plaintiffs' Product Identification Fact Sheet and signed verification was due on April 3, 2020, and their Plaintiff Fact Sheet was due on May 3, 2020. (*See* Dkt. No. 251 ¶ 4; Dkt. No. 252 ¶ 11).

On May 1, 2020, plaintiffs' counsel e-mailed counsel for defendant GlaxoSmithKline LLC ("GSK") to request a 60-day extension to submit the Plaintiff Fact Sheet.  (GSK Mem., Ex. 1).  GSK's counsel agreed to a 30-day extension.  (*Id.*).

On May 28, 2020, plaintiffs' counsel again e-mailed counsel for GSK to request a two-week extension for the submission of the Plaintiff Fact Sheet.  (GSK Mem., Ex. 2).  GSK's counsel agreed to the extension.  (*Id.*).

On June 19, 2020, counsel for GSK sent a letter notifying plaintiffs' counsel that the Plaintiff Fact Sheet remained overdue along with the signed verification for their Product Identification Fact Sheet.  GSK's counsel requested that plaintiffs provided the missing documents by July 3, 2020, or it would seek dismissal or other appropriate relief from the Court. (*See* GSK Mem., Ex. 3).

Plaintiffs have yet to provide either the requested Plaintiff Fact Sheet or the signed verification for the Product Identification Fact Sheet.  It thus appears that they have failed to comply with MDL Order Nos. 10 and 11.

Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), a court may dismiss an action in whole or in part for failure to comply with discovery orders.  As plaintiffs have not requested additional time to file the required documents, or offered any reason for their delay, they are hereby ORDERED to show cause in writing within 21 days (that is, on or before August 17, 2020) why this case should not be dismissed for failure to provide discovery.  If good cause is not shown by that date, this action will be dismissed pursuant to Rule 37(b)(2)(A)(v).

**So Ordered.**

Dated:  July 27, 2020

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court