**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CHRISTINE STEWART, individually and on behalf of K.S., her minor child,　　Plaintiffs,　　v.　　GLAXOSMITHKLINE LLC,　　Defendant. | Civil Action No. 19-11411-FDS |

## ORDER TO SHOW CAUSE

**SAYLOR, C.J.**

On May 26, 2016, this Court issued MDL Order No. 11, which required each plaintiff to complete a Plaintiff Fact Sheet with a signed declaration as well as authorizations and releases for medical records and health insurance records. (Dkt. No. 252 ¶¶ 4, 14). That Order explicitly required plaintiffs to "answer every question in the Plaintiff Fact Sheet, even if he or she can only answer the question in good faith with responses such as 'not applicable,' 'I don't know,' 'cannot recall' or 'unknown.'" (*Id.* ¶ 14). The Order also provided that "questions on the fact sheets shall be treated as interrogatories under Rule 33 of the Federal Rules of Civil Procedure, and shall be subject to the rules applicable to such interrogatories . . . ." (*Id.* ¶ 17).

The complaint in this action was filed on June 26, 2019. Accordingly, plaintiffs' Plaintiff Fact Sheet and accompanying signed declaration and authorizations to collect records were due on August 26, 2019. (*See* Dkt. No. 252 ¶ 11).

On August 26, 2019, plaintiffs' counsel e-mailed counsel for defendant GlaxoSmithKline LLC ("GSK") to request a 10-day extension to submit the Plaintiff Fact Sheet. (GSK Mem., Ex. 4). GSK's counsel agreed to the extension. (*Id.*).

On September 19, 2019, counsel for GSK sent a letter notifying plaintiffs' counsel that several dozen responses on the Plaintiff Fact Sheet had been left blank or lacked necessary information. (GSK Mem., Ex. 5). Additionally, GSK's counsel stated that plaintiffs had failed to provide the signed declaration and executed authorizations to collect records that were required along with the Plaintiff Fact Sheet. (*Id.*).

On May 26, 2020, counsel for GSK sent a letter notifying plaintiffs' counsel that they had yet to receive an amended Plaintiff Fact Sheet. (GSK Mem., Ex. 6). GSK's counsel requested that plaintiffs resolve the deficiencies with the Plaintiff Fact Sheet by June 9, 2020, or it would seek dismissal or other appropriate relief from the Court. (*Id.*).

On June 11, 2020, counsel for GSK e-mailed plaintiffs' counsel to ask if they intended to file an amended Plaintiff Fact Sheet. (GSK Mem., Ex. 7). Plaintiffs' counsel requested a five-day extension, which GSK's counsel granted. (*Id.*).

On June 18, 2020, counsel for GSK e-mailed plaintiffs' counsel to inquire about the status of their amended Plaintiff Fact Sheet. (*Id.*). Plaintiffs' counsel requested a ten-day extension, which GSK's counsel granted. (*Id.*).

Plaintiffs have yet to either provide an amended Plaintiff Fact Sheet with complete responses or to submit the necessary signed declaration or executed authorizations to collect records. It thus appears that they have failed to comply with MDL Order No. 11.

Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), a court may dismiss an action in whole or in part for failure to comply with discovery orders. As plaintiffs have not requested additional time

3

to file the required documents, or offered any reason for their delay, they are hereby ORDERED to show cause in writing within 21 days (that is, on or before August 17, 2020) why this case should not be dismissed for failure to provide discovery. If good cause is not shown by that date, this action will be dismissed pursuant to Rule 37(b)(2)(A)(v).

**So Ordered.**

|  |  |
|---|---|
| Dated: July 27, 2020 | /s/ F. Dennis Saylor IV<br>F. Dennis Saylor IV<br>Chief Judge, United States District Court |