UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: ZOFRAN (ONDANSETRON) ) | | MDL No. 1:15-md-2657-FDS |
| PRODUCTS LIABILITY LITIGATION ) | | |
| ) | | |
| ) | | This document relates to: |
| ) | | All Actions |

**PLAINTIFFS' RESPONSE TO GSK'S NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF ITS MOTION TO EXCLUDE THE ZAMBELLI-WEINER STUDY AND TO PRECLUDE PLAINTIFFS' EXPERTS FROM RELYING UPON IT**

With numerous regulatory and scientific authorities relying on the findings of the scientific body of literature (including the Zambelli-Weiner study) that together signal the undisclosed dangers of using Zofran in pregnancy, GSK remains highly—perhaps desperately—motivated to attack the science and continue its efforts to discredit the Zambelli-Weiner study. Unfortunately, in showing its obvious litigation bias, GSK only rushes to this Court when it discerns even the scent of criticism of the Zambelli-Weiner study, irrespective of basic requirements of reliability or admissibility. So here we are again, with GSK's latest filing, which despite its title presents no supplemental legal or scientific authority. Moreover, GSK has not (notwithstanding its declaration) revealed the end of the scientific debate about that study.

All that GSK now identifies, is the opinion of certain doctors who land on side of the divide GSK likes, seemingly accepting as true the scraps of discovery in this litigation that GSK de-designated before the publication of this opinion piece concluding that the Zambelli-Weiner study is too flawed to be relied upon. But be that as it may, these newly published opinions do not belong to testifying experts in this litigation. Their credentials, biases and methods have not been vetted by the Court. In fact, the jury is not likely ever to know their names or hear or see any evidence about these doctors' personal opinions, because they are inadmissible, irrelevant, and hearsay.

As a reminder and as noted in Plaintiffs' Sur-Reply (Doc. 1920 at 2), the law is clear that a motion *in limine* is <u>not</u> a vehicle for the Court to resolve material issues of facts hotly in dispute, including the interpretation of the Zambelli-Weiner study data and discovery of same (to the extent admitted into evidence). That is the role of the jury of course, and so it must be here. And in that role, the jury must consider evidence that is legally admissible under Rule 401. An opinion piece written by non-testifying scientists, which is all this article is, should have no weight before this Court or before a jury.

GSK self-proclaims the du jour announcement that public debate on the Study is "already over." GSK is not in a position to make such a declaration. And to the contrary, this debate is only in its infancy. For example, GSK has failed to bring to the Court's attention the published opinion of another professional—unrelated to this litigation—who on his own initiative considered and placed weight upon Zambelli-Weiner along with other studies, and deemed his views important enough to publish in the June 2020 edition of the Journal of Clinical Psychiatry. *See* Andrade, C. *Major Congenital Malformation Risk After Trimester Gestational Exposure to Oral or Intravenous Ondansetron*, J. Clin. Psychiatry (2020). His published opinion is that, "it seems reasonable to conclude that first trimester ondansetron exposure is probably (but not definitely) associated with an increased risk of heart defects and/or orofacial defects, and possibly associated with other MCMs, as well." *Id.* Frankly, for litigation purposes, this opinion is just as inadmissible as the opinions in the Damkier paper, but certainly demonstrates that the debate continues within the scientific community, as one would expect.

So while GSK may *choose* for itself to discount entirely the Zambelli-Weiner Study, it cannot stop the jury from considering it, because that is the function of the jury. The jury can and will make up its own mind after weighing the significance of the Zambelli-Weiner Study in light

of whatever facts are presented at trial. For purposes of the matter currently before the Court, this Court should place no weight on the irrelevant, hearsay opinion now presented in GSK's Notice. For the reasons stated previously and again here, this Court should deny GSK's Motion to Exclude the Zambelli-Weiner Study and to Preclude Plaintiffs' Experts from Relying Upon It.

Respectfully submitted,

*/s/ Kimberly D. Barone Baden*
Kimberly D. Barone Baden
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
843-216-9265
kbarone@motleyrice.com

Robert K. Jenner (BBO No. 569381)
JENNER LAW, P.C.
1829 Reisterstown Road, Suite 350
Baltimore, MD 21208
410-413-2155
rjenner@jennerlawfirm.com

Tobias L. Millrood
POGUST MILLROOD LLC
161 Washington Street, Suite 940
Conshohocken, PA 19428
610-941-4204
tmillrood@pogustmillrood.com

M. Elizabeth Graham
GRANT & EISENHOFER P.A.
123 S. Justison Street
Wilmington, DE 19801
302-622-7099
egraham@gelaw.com

James D. Gotz
HAUSFELD
One Marina Park Drive, Suite 1410
Boston, MA 02210
617-207-0600
jgotz@hausfeld.com

Dated: November 10, 2020                             *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiffs' Response to GSK's Notice of Supplemental Authority in Further Support of Its Motion to Exclude the Zambelli-Weiner Study and to Preclude Plaintiffs' Experts from Relying Upon It, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

/s/ *Kimberly D. Barone Baden*
Kimberly D. Barone Baden