UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **IN RE : ZOFRAN® (ONDANSETRON) PRODUCTS LIABILITY LITIGATION** | MDL No. 1:15-md-2657-FDS<br><br>This document relates to:<br><br>*Barnhill v. GlaxoSmithKline*, 1:17-cv-11852;<br>*Birt v. GlaxoSmithKline*, No. 1:15-cv-13740;<br>*Carlee v. GlaxoSmithKline*, No. 1:15-cv-14064;<br>*David v. GlaxoSmithKline*, No. 1:19-cv-10239;<br>*Fair v. GlaxoSmithKline*, No. 1:17-cv-10755;<br>*Munguia v. GlaxoSmithKline*, No. 1:17-cv-10126;<br>*VanMartre v. GlaxoSmithKline*, No 1:15-cv-14102;<br>*Wahid-Dail v. GlaxoSmithKline*, No. 1:19-cv-10165<br><br>FILED UNDER SEAL |

**DEFENDANT GLAXOSMITHKLINE LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ORDER TO SHOW CAUSE**

GlaxoSmithKline LLC ("GSK") moves for an order to show cause why the above-captioned cases should not be dismissed for failure to prosecute and/or failure to provide Court-ordered discovery. *See* Fed. R. Civ. P. 37(b) & 41(b). Through a sequence of Orders, this Court required Plaintiffs to submit a Plaintiff Fact Sheet ("PFS"), complete with a signed declaration and executed authorizations to collect records.

GSK has made numerous requests for authorizations and information needed for the collection of pharmacy, hospital, insurance, education, and other records in the eight above-captioned cases. In an effort to avoid motion practice, GSK agreed to multiple of extensions of time for Plaintiffs to provide the required discovery. Yet, despite many requests dating back more than a year, Plaintiffs have still not complied. To avoid further prejudice to GSK and promote

efficiency, the Court should enter an order to show cause why it should not dismiss these cases for failure to prosecute and/or failure to provide necessary authorizations. To the extent Plaintiffs attempt to cure these issues only after the filing of this Motion, Plaintiffs should pay $500 in reasonable costs.[1]

## BACKGROUND

Plaintiff Barnhill has failed to provide authorizations and information needed to collect critical medical, insurance, pharmacy, and education records, despite two extensions and numerous requests from GSK and its records collection vendor, dating back to 2018. *See*, Aug. 28, 2020 letter from Ms. Stevenson to Mr. Burke (noting prior, repeated attempts by GSK's records collection vendor to obtain the authorizations and information), Ex. 1. The missing authorizations and information included (1) ▮▮▮▮▮▮▮, where, according to the First Amended Plaintiff Fact Sheet, Minor Plaintiff is monitored for her birth defect; (2) ▮▮▮▮▮▮▮, Minor Plaintiff's insurer; and (3) the names, addresses, and contact information for Minor Plaintiff's schools to permit collection of education records. *See id*. GSK agreed to Plaintiff's requests for two 30-day extensions of time for Plaintiff to provide the missing authorizations and information. Sept. 10, 2020 email from Mr. Coots to Ms. Brown, Ex. 2; and Oct. 30, 2020 email from Ms. Stevenson to Ms. Brown, Ex. 3. After both 30-day extensions expired, without Plaintiff providing the missing authorizations or information, GSK's counsel followed up with another letter advising that counsel was reaching out "one last time" in the interest of avoiding motion practice. Jan. 14, 2021 letter from Ms. Stevenson to Mr. Burke, Ex. 4. That letter stated that if the authorizations and

---

[1] *See* Fed. R. Civ. P. 37(b)(2)(C); *see also* Order Concerning Defendant's Motion to Compel Compliance with MDL Order No. 11 and Request for Attorney's Fees (Doc. No. 694) (imposing $500 as reasonable sanction for Plaintiffs who did not comply with discovery obligations until the filing of a motion).

information were not provided by January 25, 2021, GSK intended to raise the matter with the Court. To date, Plaintiff has not provided the necessary authorizations or information.

Plaintiff Birt has failed to provide a completed authorization to collect Plaintiff's insurance records from the ███████████████████████████. *See* July 17, 2020 letter from Ms. Stevenson to Ms. Graham (noting prior attempts by GSK's records collection vendor to obtain authorization), Ex. 5. While Plaintiff eventually provided an authorization, it was incomplete because Plaintiff failed to provide a copy of her driver's license, which the records custodian requires to release records because the authorization was not notarized. GSK repeatedly requested that Plaintiff provide the missing identification to complete the authorization. Aug. 4, 2020 email from Ms. Kasselman to Ms. Graham, Ex. 6; and Aug. 27, 2020 email from Ms. Archer to Ms. Aluko, Ex. 7. GSK then agreed to Plaintiff's requests for two 30-day extensions of time for Plaintiff to provide a copy of her driver's license. Sept. 2, 2020 email from Ms. Stevenson to Mr. Ayala, Ex. 8; and Sept. 25, 2020 email from Ms. Hill to Mr. Farcas, Ex. 9. After the second 30-day extension expired, without Plaintiff providing the missing identification, GSK's counsel followed up with another letter advising that counsel was reaching out "one last time" in the interest of avoiding motion practice. Jan. 14, 2021 letter from Ms. Stevenson to Ms. Graham, Ex. 10. That letter stated that if the required identification was not provided by January 25, 2021, GSK intended to raise the matter with the Court. To date, Plaintiff has not provided the necessary driver's license.[2]

Plaintiff Carlee has likewise failed to provide necessary authorizations and information required to collect pharmacy and education records, despite numerous requests. *See* Nov. 2, 2017

---

[2] Notably, this is not the first time GSK has had to resort to motion practice to obtain necessary Fact Sheet information and documents in this case. *See* Case No. 1:15-cv-13740, ECF No. 52 (GSK's Consolidated Motion to Compel Compliance with MDL Order No. 11).

correspondence from GSK's medical records vendor to Mr. Cambs, Ex. 11; Aug. 23, 2019 correspondence from GSK's medical records vendor to Mr. Cambs, Ex. 12; July 17, 2020 letter from Ms. Stevenson to Mr. Cambs (noting prior, repeated attempts by GSK's records collection vendor to obtain authorizations), Ex. 13; Dec. 21, 2020 letter from Ms. Stevenson to Mr. Cambs, Ex. 14. These included requests for: (1) a MDL court-approved authorization for ▇▇▇▇▇ ▇▇▇▇▇▇ for Minor Plaintiff; and (2) the names, addresses, and contact information for Minor Plaintiff's schools to permit collection of education records. *See id*. GSK sent two letters to Plaintiff's counsel requesting the authorizations and information. *See id*.; Ex. 13. GSK's December 21, 2020 letter advised that counsel was reaching out "one last time" in the interest of avoiding motion practice. Ex. 14. That letter stated that if the authorizations were not provided by December 31, 2020, GSK intended to raise the matter with the Court. Plaintiff did not respond to GSK's letter. *Id*.

Plaintiff David has failed to provide necessary authorizations required to collect insurance, medical, Social Security, and pharmacy records, despite multiple requests and two 30-day extensions. GSK's records collection vendor requested the authorizations between January 2020 and April 2020. *See* Aug. 21, 2020 letter from Ms. Stevenson to Ms. Graham, Ex. 15. Among the requested authorizations were (1) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, Plaintiff's insurer; (2) ▇▇▇▇▇▇▇▇▇, where, according to the First Amended PFS, Plaintiff received medical care, including during her pregnancy with the Minor Plaintiff; (3) Social Security Administration regarding Minor Plaintiff's disability claims; and (4) ▇▇▇▇▇▇▇▇▇▇ for Minor Plaintiff. Despite regular follow-up by the records vendor, the authorizations were not provided. *See id*. GSK subsequently agreed to Plaintiff's requests for two 30-day extensions of time for Plaintiff to provide the missing authorizations. Sept. 2, 2020 email from Ms. Stevenson

to Mr. Ayala, Ex. 8; and Sept. 25, 2020 email from Ms. Hill to Mr. Farcas, Ex. 9. When both extensions expired, without Plaintiff providing the missing authorizations, GSK's counsel followed up with another letter advising that counsel was reaching out "one last time" to try to avoid motion practice. Jan. 14, 2021 letter from Ms. Stevenson to Ms. Graham, Ex. 16. That letter stated that if the authorizations were not provided by January 25, 2021, GSK intended to raise the matter with the Court. To date, Plaintiff has not provided the necessary authorizations.

Plaintiff Fair has failed to provide the authorizations and information needed to collect insurance and education records, despite repeated requests dating back to 2017 and two extensions from GSK. *See, e.g.*, Nov. 2, 2017 email from RecordTrak to Plaintiff's counsel, Ex. 17; Aug. 28, 2020 letter from Ms. Stevenson to Mr. Burke (noting prior, repeated attempts by GSK's records collection vendor to obtain the authorizations and information), Ex. 18. The missing authorizations and information included (1) ███████, Minor Plaintiff's insurer; (2) a MDL court-approved education records authorization; and (3) the names, addresses, and contact information for Minor Plaintiff's schools to permit collection of education records. *See id*. Plaintiff's counsel requested and received two 30-day extensions of time, but still did not provide the authorizations. Sept. 10, 2020 email from Mr. Coots to Ms. Brown, Ex. 2; and Oct. 30, 2020 email from Ms. Stevenson to Ms. Brown, Ex. 3. GSK's counsel then followed up with another letter advising that counsel was reaching out "one last time" in the interest of avoiding motion practice. Jan. 14, 2021 letter from Ms. Stevenson to Mr. Burke, Ex. 19. That letter stated that if the authorizations and information were not provided by January 25, 2021, GSK intended to raise the matter with the Court. To date, Plaintiff has not provided the necessary authorizations or information.

Plaintiff Munguia has failed to provide an authorization to collect Plaintiff's insurance records from the ███████████████████████, despite repeated requests dating

5

back to 2017 and two extensions from GSK. *See, e.g.,* Nov. 2, 2017 email from RecordTrak to Plaintiff's counsel Ex. 20; Aug. 7, 2020 letter from Ms. Stevenson to Ms. Graham (noting prior attempts by GSK's records collection vendor to obtain authorization), Ex. 21. GSK agreed to Plaintiff's requests for two 30-day extensions of time for Plaintiff to provide the missing authorization. Sept. 2, 2020 email from Ms. Stevenson to Mr. Ayala, Ex. 8; and Sept. 25, 2020 email from Ms. Hill to Mr. Farcas, Ex. 9. After the second 30-day extension expired, without Plaintiff providing the authorization, GSK's counsel followed up with another letter advising that counsel was reaching out "one last time" in the interest of avoiding motion practice. Jan. 14, 2021 letter from Ms. Stevenson to Ms. Graham, Ex. 22. That letter stated that if the required authorization was not provided by January 25, 2021, GSK intended to raise the matter with the Court. To date, Plaintiff has not provided the necessary authorization.

Plaintiff VanMartre has failed to provide authorizations to collect critical pharmacy, insurance, and medical records, despite numerous requests from GSK and its records collection vendor, dating back to 2016. *See, e.g.*, Nov. 29, 2016 email from Ms. Kasselman to Mr. Cambs, Ex. 23; Dec. 9, 2016 email from Ms. Kasselman to Mr. Cambs, Ex. 24; Jan 10, 2017 email from Ms. Kasselman to Mr. Cambs, Ex. 25; May 9, 2017 email from Ms. Kasselman to Ms. Walden, Ex. 26; July 17, 2020 letter from Ms. Stevenson to Mr. Cambs (noting prior, repeated attempts by GSK's records collection vendor to obtain authorizations), Ex. 27; Dec. 21, 2020 letter from Ms. Stevenson to Mr. Cambs, Ex. 28. These include authorizations for: (1) ▮, the pharmacy identified by Ms. VanMartre in her PFS as the location her ondansetron prescription was filled; (2) ▮, a pharmacy utilized by Ms. VanMartre and Minor Plaintiff; (3) ▮, the insurer for Ms. VanMartre and Minor Plaintiff; and (4) an updated authorization for the hospital where, according to the PFS, Minor Plaintiff was scheduled to undergo surgery. In its December

21, 2020 correspondence, GSK's counsel again requested the outstanding authorizations and advised that counsel was reaching out "one last time" to attempt to avoid motion practice. Ex. 28 The letter stated that if the authorizations were not provided by December 31, 2020, GSK intended to raise the matter with the Court. Plaintiff did not respond to GSK's letter.

Plaintiff Wahid-Dail has failed to provide the authorization necessary to collect Plaintiff's insurance records, despite numerous requests from GSK and its records collection vendor and two 30-day extensions. Aug. 21, 2020 letter from Ms. Stevenson to Ms. Graham (noting prior, repeated attempts by GSK's records collection vendor to obtain the authorization), Ex. 29. GSK agreed to Plaintiff's requests for two 30-day extensions of time for Plaintiff to provide the missing authorization. Sept. 2, 2020 email from Ms. Stevenson to Mr. Ayala, Ex. 8; and Sept. 25, 2020 email from Ms. Hill to Mr. Farcas, Ex. 9. Still Plaintiff did not produce the authorization. GSK's counsel then followed up with another letter advising that counsel was reaching out "one last time" in the interest of avoiding motion practice. Jan. 14, 2021 letter from Ms. Stevenson to Ms. Graham, Ex. 30. Additionally, that letter stated that Plaintiff had failed to provide the authorization needed to collect Plaintiff's tax records, which GSK's counsel had requested in three prior communications. The January 14 letter stated that if the insurance and tax authorizations were not provided by January 25, 2021, GSK intended to raise the matter with the Court. To date, Plaintiff has not provided the necessary authorizations.

## **LAW AND ARGUMENT**

The Court should enter an order to show cause why the above-mentioned cases should not be dismissed with prejudice. As this Court has recognized, it has the power to dismiss a litigant's cause of action when the litigant fails to comply with the Court's orders. *See* Fed. R. Civ. P. 37(b)(2)(A) & 41(b). This power allows district courts to ensure the efficient handling of cases

and to protect the rights of opposing parties to be free of prejudice caused by a litigant's delay. *See In re Neurontin Prods. Liab. Litig.*, No. 04-10981-PBS, 2011 WL 1326407, at *6 (D. Mass. Apr. 5, 2011) (citing *Robson v. Hallenbeck*, 81 F.3d 1, 2 (1st Cir. 1996)); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1235–37 (9th Cir. 2006) ("Failing to produce documents as ordered is considered sufficient prejudice…The law also presumes prejudice from unreasonable delay.").

The timely exercise of this authority is even more important in an MDL, where the Court is responsible for efficiently moving a large number of cases toward resolution. *See* 28 U.S.C. § 1407(a); *In re Phenylpropanolamine Prods. Liab. Litig*, 460 F.3d at 1235–37 (upholding MDL court's dismissal under Rules 37(b) and 41(b)).[3] In order to do so, the MDL court has broad authority "to dismiss[]…cases for failure to comply with its orders." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d at 867. MDL courts often use their authority to dismiss cases when plaintiffs fail to provide the essential information called for in Plaintiff Fact Sheets. *See, e.g.*, *id.*; *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, MDL No. 07-1873, 2011 WL 5570637, at *1–4 (E.D. La. Nov. 16, 2011) (dismissing cases for failure to provide complete Plaintiff Fact Sheets); *McDowell-Sutton v. GlaxoSmithKline*, No. 1:18-cv-11082-FDS, Dkt. 79 at 3 (issuing show cause order based on missing hand-signed declaration to Plaintiff Fact Sheet and missing hand-signed authorizations).

---

[3] *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) (same); *In re Asbestos Prods. Liab. Litig.*, 595 Fed. App'x 99, 102 (3d Cir. 2014) (same); *Dzik v. Bayer Corp.*, 846 F.3d 211, 215-216 (7th Cir. 2017) (noting that a district court properly dismissed a claim in the MDL context where one side was "not providing discovery," observing that "attorney inattentiveness to litigation is not excusable"); *In re Neurontin Prods. Liab. Litig.*, 2011 WL 1326407, at *6 (dismissing MDL cases for failure to provide basic discovery responses).

Despite this Court's Orders, GSK's follow-up letters, repeated extensions, and this Court's warnings,[4] Plaintiffs in the eight above-captioned cases have failed to provide authorizations and information necessary to collect records for medical providers, pharmacies, insurers, educational facilities, and other entities identified in their Plaintiff Fact Sheets. Pursuant to MDL Order No. 11, Plaintiffs are required to execute authorization and releases for the collection of these types of records. *See* MDL Order No. 11 at 1 ("[E]ach plaintiff . . . shall execute authorizations and releases and similar documents"), at 2. The Fact Sheets, including the authorizations, which are equivalent to Rule 34 requests for production, provide key information about the factual and legal basis of Plaintiffs' claims. *See id* at 5 ("Any document production request shall be treated as a document production request made under Rule 34 of the Federal Rules of Civil Procedure, and shall be subject to the rules applicable to such requests, including the duty to supplement."). Indeed, in requiring Plaintiffs to provide executed authorizations, the Court "concluded that the use of such discovery devices will assist in the just, speedy, and inexpensive determination of these proceedings." *Id*. at 1.

Moreover, Plaintiffs' refusal to provide the authorizations and information has prejudiced GSK. GSK has devoted resources to obtaining authorizations for the collection of critical records required by this Court's Order, including by sending repeated letters and now initiating motion practice. Plaintiffs' noncompliance also raises the specter that GSK will be unable to collect record due to retention policies. Because the vast majority of the cases in this MDL involve injuries to minors, whose claims are sometimes tolled, cases are often filed years after Zofran was allegedly ingested. Compliance with MDL Order No 11—including the submission of authorizations for

---

[4] *See* May 16, 2017 Hr'g Tr. at 12:10–11 ("Plaintiffs are supposed to provide discovery, period."); *see also* Sept. 9, 2016 Hr'g Tr. at 33:1–4 ("[T]hey need to comply with their responsibilities, and I don't find it acceptable that, you know, there's nothing here at all for some of these requirements.").

medical, insurance, education and other records—is essential to ensuring that GSK is able to collect records before they are destroyed under records management systems.

The Court should therefore grant GSK's Motion and enter an order to show cause why the above-captioned cases should not be dismissed with prejudice. To the extent Plaintiffs submit the required authorizations and information in response to this Motion, the Court should grant GSK the reasonable expenses of attempting to collect them, including the costs of preparing this Motion. *See* Fed. R. Civ. P. 37(b)(2)(C) ("[T]he court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

## **CONCLUSION**

To avoid additional prejudice and promote efficiency, the Court should grant GSK's Motion.

Dated: February 8, 2021

                                                      Respectfully submitted,

                                                      */s/ Jennifer M. Stevenson*
                                                      Madeleine M. McDonough
                                                      Jennifer M. Stevenson
                                                      Jennifer Stonecipher Hill
                                                      SHOOK, HARDY & BACON L.L.P.
                                                      2555 Grand Blvd
                                                      Kansas City, MO 64108
                                                      Telephone: (816) 474-6550
                                                      Facsimile: (816) 421-5547
                                                      mmcdonough@shb.com
                                                      jstevenson@shb.com
                                                      jshill@shb.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent via first class mail to those identified as non-registered participants.

      /s/ *Jennifer M. Stevenson*
      Jennifer M. Stevenson