UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: ZOFRAN (ONDANSETRON) | ) | MDL No. 1:15-md-2657-FDS |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | |
| | ) | This document relates to: |
| | ) | All Actions |

PLAINTIFFS' UPDATE REGARDING
NOVARTIS'S PROPOSED LABELING REVISIONS

As the Court is aware, on March 25, 2021, the FDA submitted additional comments and recommended changes to Novartis's proposed labeling revisions concerning Zofran, which remained focused on the human epidemiologic evidence of association with birth defects.[1]  FDA provided no additional comments and suggested no new changes concerning the animal evidence.

Last week, on April 6, 2021, Novartis indicated its acceptance of FDA's proposed redlines, suggesting no additional comments or new changes concerning the animal evidence. *See* Ex. A, NPCZOFR00152099–2118, at –2099.

It appears to the PSC, therefore, that the Novartis label revision is nearing completion, and there is no reason to expect any further views from FDA concerning the animal evidence that is central to the preemption issue. The Court has on more than one occasion expressed an interest in waiting to see the outcome of Novartis's label revision before ruling on the pending preemption motion.  The PSC respectfully submits that there is now sufficient clarity in the Novartis label revision process to permit the Court to complete its preemption assessment and rule forthwith on the motion, so as to allow the parties to plan their next steps in this litigation, including trial preparation.

---

[1] Whatever the FDA's views are about the epidemiology evidence, those views are not determinative of the preemption issue (or for that matter, the pending *Daubert* motions).

As to the merits, the PSC's core argument in opposition to preemption remains true: the still-unchanged animal data section of Zofran's labeling reflects the FDA's *prior* review of animal data that GSK submitted to the FDA when it owned Zofran, but GSK cannot point to any evidence by which this Court reasonably could find that the FDA considered and rejected the withheld Japanese animal data as scientific support for Zofran's teratogenic effect.  Nor can GSK point to any evidence that the FDA would have prohibited a Category C pregnancy labeling for Zofran based on that Japanese animal data. Because GSK still cannot establish that it was in fact *impossible* for GSK to have added appropriate warning language to Zofran's labeling at the relevant historical time on the basis of that information it had withheld from the FDA, GSK's Renewed Motion for Summary Judgment Based on Federal Preemption must be denied.

Respectfully submitted,

*/s/ Kimberly D. Barone Baden*
Kimberly D. Barone Baden
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
843-216-9265
kbarone@motleyrice.com

Robert K. Jenner (BBO No. 569381)
JENNER LAW, P.C.
1829 Reisterstown Road, Suite 350
Baltimore, MD 21208
410-413-2155
rjenner@jennerlawfirm.com

Tobias L. Millrood
POGUST MILLROOD LLC
8 Tower Bridge, Suite 940
Conshohocken, PA  19428
610-941-4204
tmillrood@pogustmillrood.com

M. Elizabeth Graham
GRANT & EISENHOFER P.A.
123 S. Justison Street
Wilmington, DE  19801
302-622-7099
egraham@gelaw.com

James D. Gotz
HAUSFELD
One Marina Park Drive, Suite 1410
Boston, MA 02210
617-207-0600
jgotz@hausfeld.com

Dated:  April 15, 2021                    *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Plaintiffs' Update Regarding Novartis's Proposed Labeling Revisions, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

<u>/s/ *Kimberly D. Barone Baden*</u>
Kimberly D. Barone Baden