# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE: ZOFRAN® (ONDANSETRON) PRODUCTS LIABILITY LITIGATION** | MDL NO. 1:15-md-2657-FDS<br>This document relates to:<br>All Actions |

## NOTICE OF FDA'S APPROVAL OF UPDATED LABELING

FDA has now issued formal Supplement Approval letters in response Novartis' application to update the Zofran labeling. FDA's Supplement Approval letters and finalized labeling are attached as Exhibits A-D.[1] This final step underscores the thoroughness of FDA's review and closes the door to Plaintiffs' claims. After receiving information and argument from multiple sources, including Plaintiffs' counsel themselves, FDA confirmed its position, once again, that neither the human nor the animal data show a causal association or justify birth defect warnings of any type. In letters issued on April 29, 2021, which are publicly available on FDA's website,[2] FDA explained that the updates to the pregnancy section of the labeling (Section 8.1) were based on published epidemiological studies, "which have inconsistent findings and important methodological limitations that preclude conclusions about the safety of ondansetron use in

---

[1] Novartis holds four separate New Drug Applications for different Zofran formulations – 20007 (injectable), 20103 (tablet), 20605 (oral solution), and 20781 (orally disintegrating tablet). FDA's Supplement Approval letter for the injectable formulation (NDA 20007) is attached as **Exhibit A**. FDA's approved labeling for the injectable formulation is attached as **Exhibit B**. FDA's Supplement Approval letter for the oral formulations (NDA 20103, 20605, and 20781) is attached as **Exhibit C**. FDA's approved labeling for the oral formulations is attached as **Exhibit D**.

[2] Each Supplement Approval letter and label is accessible by searching for the drug name or NDA number through the following page: https://www.accessdata.fda.gov/scripts/cder/daf/index.cfm.

pregnancy." Additionally, FDA described updates to the lactation section (Section 8.1), which FDA proposed on its own, based on studies in animals.

While Plaintiffs have suggested that FDA did not consider the Animal Data subsection of the labeling because Novartis did not affirmatively propose changes to that specific subsection, FDA's letter and final label as to NDA 20007 directly contradict this implausible theory. FDA *independently* added the word "oral" to the Animal Data subsection of 8.1. FDA's change, while minor, shows that FDA does not simply rubber stamp proposals by the sponsor. Instead, consistent with 21 U.S.C. § 355(o)(4), FDA will notify the sponsor when it becomes aware of information that should be included in the product labeling.

FDA has (again) rejected Plaintiffs' proposed pregnancy warnings. The only reasonable outcome under these facts is a finding of preemption. FDA has spoken, and so should this Court.

Dated: April 30, 2021

                Respectfully submitted,

                */s/ Jennifer Stonecipher Hill*
                Madeleine M. McDonough
                Jennifer M. Stevenson
                Jennifer Stonecipher Hill
                SHOOK, HARDY & BACON L.L.P.
                2555 Grand Blvd.
                Kansas City, MO 64108
                Telephone: (816) 474-6550
                Facsimile: (816) 421-5547
                mmcdonough@shb.com
                jstevenson@shb.com
                jshill@shb.com
                *Admitted pro hac vice*

                Attorneys for Defendant GlaxoSmithKline LLC

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent via first class mail to those identified as non-registered participants.

                                                   /s/ *Jennifer Stonecipher Hill*
                                                   Jennifer Stonecipher Hill