UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| IN RE: ZOFRAN (ONDANSETRON) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>    All Actions | ) ) ) ) ) ) ) ) ) )  MDL No. 1:15-md-2657-FDS |

### MEMORANDUM AND ORDER ON MOTION FOR BILL OF COSTS

**SAYLOR, C.J.**

This is a multidistrict litigation ("MDL") proceeding arising out of product-liability claims that the use of the drug Zofran (ondansetron) by pregnant women caused birth defects in their children.

In 2015, various plaintiffs filed separate suits in federal court alleging that the use of Zofran during pregnancy caused birth defects. The Judicial Panel on Multidistrict Litigation created a multidistrict litigation proceeding and assigned the case to the District of Massachusetts. On February 5, 2019, the court denied an initial motion for summary judgment by defendant GlaxoSmithKline LLC ("GSK"), concluding that there was a disputed issue of material fact as to whether the state-law failure-to-warn claims were preempted by federal law. Shortly after, the Supreme Court held in *Merck Sharp & Dohme Corp. v. Albrecht*, 139 S. Ct. 1668 (2019) that preemption presented issues of law to be resolved by the judge, not a jury. Accordingly, the court vacated its earlier decision in part and then granted GSK's renewed motion for summary judgment, concluding that the state-law failure-to-warn claims were preempted by federal law.

On January 9, 2023, the United States Court of Appeals for the First Circuit affirmed the grant of summary judgment.

GSK has moved for entry of the bill of costs pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d).  Plaintiffs have cross-moved for disallowance of the bill of costs in its entirety.

For the reasons stated below, both GSK's motion for bill of costs and plaintiffs' motion for disallowance will be granted in part and denied in part.

**I.      Legal Standard**

Recovery of costs is governed by Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.  Rule 54(d) requires that costs, other than attorney's fees, be allowed to the prevailing party unless "a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1).  "There is a background presumption [under Rule 54(d)] favoring cost recovery for prevailing parties," *B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc*., 516 F.3d 18, 28 (1st Cir. 2008).

Under § 1920, the "judge or clerk of any court of the United States may tax as costs:  (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under [28 U.S.C. § 1923]; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828]."  28 U.S.C. § 1920.  District courts are "bound by the limitations" established by § 1920, and costs not listed under that section may not be awarded.  *See Crawford Fitting Co. v. J.T. Gibbons*, *Inc*., 482 U.S. 437, 444-45 (1987).

II.     **Analysis**

GSK has submitted a bill of costs seeking $577,803.95. That figure comprises (1) $16,000 for fees of the clerk, (2) $3,643 for fees for service of summons and subpoena, (3) $119,517.26 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case, (4) $800 for witness fees, (5) $429,103.69 for fees for the costs of making copies of certain records, and (6) $8,740 for docket fees pursuant to 28 U.S.C. § 1923. Plaintiffs object that the vast majority of claimed costs were not necessarily incurred to obtain judgment, and that the subset of permissible costs should be disallowed because of the unique procedural history of this case and the potential burden upon individual families. Plaintiffs also request that the court provide each of the 437 plaintiffs the opportunity to be heard and to respond individually to the costs attributed to their cases.

For the reasons set forth below, the costs requested by GSK will be allowed in part and denied in part.

A.     **Recoverable Costs**

The Court will first determine which categories of GSK's claimed costs are recoverable under 28 U.S.C. § 1920, and in what amount.

1. **Fees of the Clerk**

GSK requests $16,000 to cover the $400 filing fee paid in each of the 40 cases it removed to federal court. It contends that removal fees are recoverable as "[f]ees of the clerk and marshal" under 28 U.S.C. § 1920(1).

Plaintiffs request that the court disallow those costs because they were not "necessarily incurred to obtain judgment" but were "merely the cost of a standard defense litigation strategy."

The fees in question were not incurred in connection with the filing of the complaints, but with the removal of the proceedings to federal court. Under the circumstances, the Court does

3

not consider them to be recoverable costs, as they were not necessarily incurred in the defense of the cases.

### 2. Fees for Service of Summons and Subpoena

GSK next seeks $3,643 for the service of 27 subpoenas by private process servers. GSK contends that such fees are recoverable as "[f]ees of the clerk and marshal" under 28 U.S.C. § 1920(1), even if paid to private process servers.

Plaintiffs request that in the event the court awards those costs, GSK be limited to $65 per subpoena (assuming one hour per subpoena), for a total of $1,755.

Section 1920(1) expressly permits recovery of the fees of the marshal. Parties may use private process servers, but may recover only the equivalent of the marshal's fee. *Keurig, Inc. v. JBR, Inc.*, 2014 WL 2155083, at *2 (D. Mass. May 21, 2014). The marshal's fee is currently set at $65 per hour. *See* 28 C.F.R. § 0.114.

Under the circumstances, the Court will permit recovery of $1,755, representing a fee of $65 for each of the 27 subpoenas.

### 3. Fees for Transcripts

GSK next seeks $119,517.26 for transcript fees of the following depositions: (1) ten depositions that it cited in its renewed motion for summary judgment, (2) forty additional depositions noticed by the Plaintiff's Steering Committee ("PSC"), and (3) six depositions of GSK's experts that were challenged by the PSC under Fed. R. Evid. 702. That amount does not include costs associated with video recording or the creation of expedited transcripts.

Plaintiffs request that the court disallow those costs because they were not "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Specifically, they contend that none of the depositions were used at trial, that the cost of deposing GSK's own employees is not

recoverable, and that the depositions were not relied upon by the court in its summary-judgment decision.

The costs of deposition transcripts are generally not recoverable if they were not introduced in evidence or used at trial. *See Palomar Techs., Inc. v. MRSI Sys., LLC*, 2020 WL 4938414, at *4-5 (D. Mass. Aug. 12, 2020). In some circumstances, however, a court may in its discretion permit the cost of a deposition transcript relied on by the prevailing party in a dispositive motion. *Brigham and Women's Hosp., Inc. v. Perrigo Co.*, 395 F. Supp. 3d 168, 173 (D. Mass. 2019). But even where transcripts are otherwise taxable, "[c]ourts in this district generally have held that parties cannot recover the costs of their own deposition transcripts." *Trustees of Bos. Univ. v. Everlight Elecs. Co.*, 392 F. Supp. 3d 120, 136 (D. Mass. 2019); *Ward v. Schaefer*, No. 16-cv-12543-FDS, 2022 WL 2048682, at *4 (D. Mass. June 7, 2022) ("Nor will the Court award costs for the transcript of defendant's own deposition.").

Three of the ten depositions that GSK cited in its renewed motion for summary judgment were depositions of then-current GSK employees (Karol LaCroix, Patrick Wier, and Linda Rebar). The Court will deny recovery of those costs. *See Everlight Elecs. Co.*, 392 F. Supp. 3d at 136; *Caruso v. Delta Air Lines, Inc.*, 2022 WL 2758450, at *2 (D. Mass. July 14, 2022) ("The Court will therefore deny Delta the costs associated with the deposition transcripts of its employees").

The remaining seven depositions were relied upon in support of GSK's successful motion for summary judgment. Under the circumstances presented here, those costs are properly taxable. Two of those depositions (Roya Behbahani and Derek Newall) were former, not current, GSK employees, and the transcript costs are $2,144.55 and $2,252.75, respectively. For the remaining five depositions, the transcript costs are as follows: Raid Abdulla ($1,717.01),

5

Bengt Danielsson ($2,448.71), Brian Harvey ($2,295.71), Carol Louik ($2,432.36), and Thomas Sadler ($2,016.41).[1]

As to the forty depositions that were noticed by the PSC, all are of GSK employees. As noted above, those costs cannot be recovered.

The remaining six transcripts as to which GSK seeks to recover costs are for depositions of experts challenged by plaintiffs in its *Daubert* motions. The use of a deposition transcript to prepare for a non-dispositive legal memorandum is not, in the ordinary course, a "sufficiently special circumstance" to warrant recovery. *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 540 F. Supp. 3d 85, 89 (D. Mass. 2021); *see also Walters v. President & Fellows of Harvard Coll.*, 692 F. Supp. 1440, 1443 (D. Mass. 1988) (taxation denied for transcripts merely "necessary to the thorough preparation" of a case); *Gochis v. Allstate Ins.*, 162 F.R.D. 248, 252 (D. Mass. 1995) ("[C]itation in a brief does not automatically entitle the prevailing party to costs."); *Phetosomphone v. Allison Reed Grp., Inc.*, 984 F.2d 4, 9 (1st Cir. 1993) (affirming disallowance of depositions transcripts obtained "in the preparation and litigation of this case"). In any event, GSK has not provided a convincing explanation as to why those transcripts "were necessarily obtained for use in the case," or why those costs should be recovered as a "special circumstance." Those costs will accordingly be disallowed.

In summary, the Court will allow transcript fees in the amount of $13,590.49.

---

[1] GSK claims $4,336.96 in costs for the deposition transcript of Bengt Danielsson, but appears to have arrived at that amount by using Golkow's expedited, next-day delivery rate of $9.25 per page. *See* Doc. 2174-4 at 5. As GSK acknowledges with respect to other transcripts it claims, it is not entitled to any costs for expedited production. *See id.* at 2; *see also Palomar Techs., Inc. v. MRSI Sys.*, LLC, 2020 WL 4938414, at *4 (D. Mass. Aug. 12, 2020) ("Furthermore, additional expenses, such as those for "realtime" transcription, expedited production or shipping, and other electronic recording or rentals, are not permitted."). GSK therefore may recover $2,448.71 (applying Golkow's standard rate of $5.10 per page, plus the costs of exhibits and shipping).

6

### 4. Fees for Witnesses

GSK next seeks $800 in witness fees, representing the statutory attendance fee of $40 for 20 depositions of deponents who were employees of GSK at the time of deposition.

Witness fees are taxable at a rate of $40 per day of attendance. Fees for employees of a corporate party "are allowable so long as the employees are not real parties in interest." Procedures for Filing the Bill of Costs ("Local Procedures") at 3-4; *see also* 28 U.S.C. § 1821(b). Those costs will accordingly be allowed.

### 5. Fees for Exemplification and Copies

GSK next seeks $429,103.69 for acquisition and custodian costs associated with obtaining medical and related records of the various individual plaintiffs. Those costs were charged by the record custodians and passed on to GSK through two vendors, RecordTrak and MRC. GSK represents that the total includes only the charges imposed by the records providers themselves, and does not include scanning, uploading, or processing fees incurred by the vendors, or photocopying costs incurred by its counsel once the records were received. It contends that those costs are recoverable as "fees for exemplification and the costs of making copies of any material where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Plaintiffs object that those costs should be disallowed entirely because GSK has failed to explain their purpose or necessity to the judgment obtained.

Section 1920 provides that the costs of obtaining copies of documents are recoverable "where the copies are necessarily obtained for use in the case." The critical question is whether the copies were "necessary" under the circumstances presented here.

To begin, there is a distinction between what is convenient and what is "necessary"; only the latter is recoverable. Lawyers, of course, routinely copy documents for their own convenience. In many circumstances, particularly in complex litigation involving teams of

7

lawyers and paralegals, much of that copying is undoubtedly more necessary than convenient. Nonetheless, most courts have not permitted recovery of the costs of such copying absent a specific showing that it was necessary for the result obtained in the case. *See, e.g.*, *Palomar Techs., Inc. v. MRSI Sys.*, No. 18-cv-10236-FDS, 2020 WL 4938414, at *6-7 (D. Mass. Aug. 12, 2020) (permitting recovery of some costs, but disallowing other "extraordinarily high" costs for copying where no explanation of their purpose was given); *SiOnyx*, 540 F. Supp. 3d at 91-92 ("The Court cannot award such an extraordinary cost without some further explanation of why 43 copies of the trial exhibits were necessary.").

The records must also be necessary for "use" in the litigation. As plaintiffs point out, the medical records here were not exhibits at any trial, nor were they used in connection with the motion practice on federal preemption that ultimately terminated the litigation. Arguably, at least, the costs are therefore not recoverable, as the records were not "used" in the strictest sense of the term.

The fees at issue here, however, stand on a different footing from ordinary photocopying costs. This proceeding involved hundreds of personal-injury lawsuits, each of which alleged that children were being born with serious birth defects. The fees in question were imposed by health-care providers and other third parties as a condition of obtaining the relevant medical records. It would have been folly, if not actual legal malpractice, for GSK counsel to have neglected to obtain and review those medical records. Nor would it have been possible, as a practical matter, to pick and choose among them in advance. It was therefore reasonable under the circumstances for GSK to seek copies of those records.

Under the circumstances presented here, the Court concludes that the costs are properly taxable. Defense counsel was effectively required to obtain their medical records, and had little,

if any, discretion in selecting among them or narrowing the scope of the requests. No aspect of those costs was driven solely by the convenience of counsel, as opposed to the practical necessities of defending hundreds of personal-injury cases.

That conclusion is supported by the case law. *See, e.g.*, *Prouty v. Thippanna*, 552 F. Supp. 3d 45, 49 (D. Mass. 2021) (allowing taxation of costs for a complete copy of the plaintiff's medical records, even if some records were not used as evidence; "While the medical records are voluminous, plaintiff's health [at various times] were all at issue in this case, and so maintaining all 26,176 pages of Plaintiff's medical records were reasonably necessary to the action."); *In re Lipitor*, No. 2:14-mn-0252-RMG, 2018 WL 6990747 (D.S.C. Oct. 17, 2018) (allowing taxation of costs for obtaining medical records in all cases in MDL proceedings; "[c]osts of copying medical records from medical providers are routinely awarded as 'necessarily obtained'").

Accordingly, the copying fees of $429,103.69 sought by GSK are properly recoverable.

### 6. Docket Fees

Finally, GSK seeks $8,740 for docket fees. That sum comprises the $20 fee in each of the 437 cases subject to the court's amended judgment and plaintiffs' appeal. GSK contends that those fees are taxable pursuant to 28 U.S.C. §§ 1920(5) and 1923(a). Plaintiffs contend that § 1923 permits the recovery of $20 total (not per case), and otherwise request that the court exercise its discretion to disallow such costs.

The docket fees in fact are recoverable as to each case, not as to the MDL proceeding as a whole. The Court will therefore award docket fees in the amount of $8,740.

### B. Whether the Court Should Exercise Its Discretion to Disallow Costs

Plaintiffs request that the Court exercise its discretion to disallow any costs found recoverable under the statute and rule. They contend that the unique procedural history of this case—specifically, the fact that GSK's motion for summary judgment was initially denied, but

9

later granted based upon a change in federal preemption law—warrants the disallowance of costs. They also assert that GSK is in a better position to absorb the costs of litigation than the families of children with birth defects. Finally, they contend that the public importance of the issue litigated in this case and the fact that the suit was dismissed on preemption and not factual grounds supports the disallowance of costs.

To the extent the Court has such discretion, it declines to exercise it. Costs are being taxed pursuant to the requirements of 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1). The Court is not imposing costs on plaintiffs or their counsel for violation of Fed. R. Civ. P. 11, for unreasonable multiplication of litigation under 28 U.S.C. § 1927, or otherwise as a sanction. Furthermore, and pursuant to the published guidance of the District Court on taxation of costs, the Court can give no consideration to whether the lawsuit addressed important social issues, whether it was brought in good faith, or whether the relative financial status of the parties warrants denial.[2]

Plaintiffs have further requested individualized hearings as to each individual plaintiff before costs are imposed. The Court sees no good reason to undertake such a cumbersome exercise.[3] Instead, the costs of obtaining medical records as to specific plaintiffs, and other costs that can be specifically tied to a particular case, shall be allocated to the appropriate individual case; all other costs shall be divided equally among those cases. The Court does not take into account whether plaintiffs' counsel and their clients have any contractual agreement for indemnification or otherwise shifting or sharing such costs.

---

[2] See "Taxation of Costs – Procedures for Filing the Bill of Costs," available at www.mad.uscourts.gov/resources/pdf/taxation.pdf.

[3] The Court notes that if the total amount of $440,398.69 were to be allocated equally among 437 plaintiffs, each plaintiff would be responsible for $1,007.77 of the total.

10

**IV.**     **Conclusion**

For the foregoing reasons, the motion of GlaxoSmithKline LLC for taxation of costs, and plaintiffs' motion to disallow such costs, are GRANTED in part and DENIED in part. Costs are hereby taxed in favor of defendant in the total amount of $453,989.18, to be allocated as indicated in this memorandum and order.

**So Ordered.**

|  |  |
|---|---|
| Dated: February 28, 2024 | /s/ F. Dennis Saylor IV<br>F. Dennis Saylor IV<br>Chief Judge, United States District Court |